DS135043

**ORIGINAL**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 NOV 24  PM 1: 11

DEPUTY CLERK_____ mb

**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

## IN THE DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS

## IN AND FOR THE COUNTY OF DALLAS

| | |
|---|---|
| HUA HOU<br><br>LUQIN SUN<br><br>        Plaintiff,<br><br>vs.<br><br>BERRY APPLEMAN & LEIDEN LLP<br><br>CLAUDIA VILLASEÑOR-SANCHEZ<br><br>        Defendant | Case No.:<br><br>**3 -21CV2958-D**<br><br>**COMPLAINT FOR LEGAL MALPRACTICE** |

Plaintiff, HUA HOU AND LUQIN SUN alleges:

### INTRODUCTION

1.      Plaintiff HUA HOU, (hereinafter "Hou") is an individual and an immigration alien, who resides in Alameda, California.

2.      Plaintiff LUQIN SUN, (hereinafter "Sun") is an individual and an immigration alien, who resides in Alameda, California. Sun and Hou are a married couple.

3. On information and belief Defendant, Berry Appleman & Leiden LLP (hereinafter "BAL") is, and at all times herein mentioned was, a limited liability company duly organized and existing under the laws with several different offices in the United States.

4. Defendant, CLAUDIA VILLASEÑOR-SANCHEZ (hereinafter "Sanchez") is an individual and an attorney licensed to practice law in California, located in a branch office in Dallas, Texas.

5. At all times herein mentioned, Defendant Sanchez was a senior associate of the BAL, and in doing the things herein alleged was acting within the scope of such employment and agency.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and parties, as this case involves diversity jurisdiction. Defendant Sanchez works and lives in Dallas, Texas, while the plaintiff Hou and Sun are residents in Alameda, California. The claim is believed over than $75,000.

7. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 2

**STATEMENT OF FACTS**

8. BAL filed an H-1B Petition for Hou on or about November 19, 2018 pursuant to the offer of employment received from Stem, Inc. ("Stem"). Stem received a Request for Evidence ("RFE") from the U.S. Citizenship and Immigration Services (hereinafter "USCIS") relative to Hou on or about March 7, 2019, and BAL began processing the RFE accordingly, together with Stem.

9. Although BAL was retained by the petitioner, Stem, to file the H-1B petition for the beneficiary, Hou, an attorney-client relationship is created and implied from the parties' conduct which indicated the intent to enter into such a relationship. Border Demolition & Env't, Inc. v. Pineda, 535 S.W.3d 140, 152 (Tex. App. 2017); see also Saulsberry v. Ross, 485 S.W.3d 35, 42 (Tex.App.—Houston [14th Dist.] 2015, pet. denied) (attorney's reliance on absence of written contract was misplaced as attorney-client relationship may be implied by the parties' objective words and actions). "[A]n attorney-client relationship may arise by implication if the lawyer knows a person reasonably expects him to provide legal services but does nothing to correct that misapprehension." Border Demolition, 535 S.W.3d at 152, quoting Valls v. Johanson & Fairless, L.L.P., 314 S.W.3d 624, 634 (Tex.App.—Houston [14th Dist.] 2010, no pet.).

10. Here, an implied attorney-client relationship was formed between BAL and Hou. Hou emailed BAL to inquire about his H-1B petition. He reasonably expected BAL to provide legal services, and BAL did not correct that misapprehension.

11. BAL represented Sun before the USCIS requesting a change of status from F1 to a(n) H4 dependent of a nonimmigrant worker under the Immigration and Nationality Act ("INA"). Administrative Appeals Office Practice Manual requires an attorney or accredited representative to use Form G-28 to establish the eligibility

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 3

to represent a client (applicant, petitioner, requestor, beneficiary or derivative, or respondent) in an immigration matter before USCIS. When BAL submitted Sun's H-4 application, and Sun signed a form G-28 to consent to BAL's representation, BAL became the attorney of record with respect to Sun's nonimmigrant visa petition, and there is no doubt that an attorney-client relationship was formed between BAL and Sun at that time.

12. Stem rescinded its job offer to Hou via email, however, on or about April 2, 2019. In the April 2, 2019 email, Stem promised Hou that it "will ask BAL to submit the RFE documents they already have in hand shortly before the May 27th deadline. We hope this provides you with the additional time you need to find alternative employment." BAL was made aware of the April 2, 2019 email from Stem and the undertaking which had been promised and was made on behalf of Hou.

13. BAL never notified the Plaintiffs that Hou's H1-B Petition was withdrew and Plaintiff Sun's H4 Petition was denied. On May 2, 2019, BAL received notification from USCIS that the Withdrawal Petition had been accepted. According to USCIS on that date, "this [Withdrawal] notice is the official acknowledgement of your request to withdraw the petition and the record will reflect that your petition has been withdrawn. The withdrawal of this case is the final action for which there are no appeal rights." After receiving the withdrawal of the Petition, the USCIS denied Sun's requested change of status on May 2,2019 (hereinafter "the Decision"), because her request for change of status was subject to the principal alien's status. BAL never notified the plaintiffs of the Decision, nor did BAL forward the Decision and deny notice to the plaintiffs, even Hou asked three times about their cases through emails, on May 27th, 29th, 30th, respectively.

14. With Sun finished her PhD program, her student status (F1) expired on Jan 31th, 2019. Hou's petition is to change status from F2 (student's dependent) to H1-B. After receiving the withdrawal of the Petition,

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 4

the USCIS denied Hou and Sun's requested change of status on May 2nd, 2019. However, both Sun and Hou cannot go back to their previous status, F1 and F2, since Sun has already lost her identity (F1).

15. Based upon BAL's acts, errors, or omissions, Hou and Sun began accruing "unlawful presence" as of May 2, 2019 without their knowledge of these facts, facts, which were in the exclusive knowledge and possession of BAL. BAL did not see fit to notify the plaintiffs of these facts until Nov. 27th, which is more than 180 days after May 2, 2019. As The Immigration and Nationality Act INA 212(a)(9)(B) and (C) states, an alien who accrues more than 180 days of unlawful presence in the United States, and then departs, is inadmissible to the United States for a period of either three years or ten years.

16. Hou received another job offer from Amazon LLC (hereinafter "Amazon") on October 18th, 2019. Amazon filed H1-B petition and changing of status application on the behalf of Hou on or about November 19th, and received H1-B Approval Notice. However, Hou's changing of status was not granted inside of U.S.A, since he has already out of status more than 6 month. Hou was required to go back to China and apply a new Visa in order to reentry into U.S.A.. The lawyer also warned plaintiffs that it has a high risk that they could not obtain H1B visa successfully from Beijing Consular Office, and a waiver was needed to help the plaintiff to obtain Visa.

17. Indeed, after expiration of the 180 days, and after learning of the true facts which were withheld by BAL, both plaintiffs learned that they had fully accrued unlawful presence in the United States. The plaintiffs, therefore, had no choice at that time but to return to China, and to do so on a rush basis.

18. The plaintiffs left U.S.A on Jan.3rd, 2020 with their two children. Hou and Sun were interviewed in Beijing Consular Office to obtain their visa on January 13th, 2020 . They were not granted visas due

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 5

to more than 6 months unlawful presence in U.S.. They also tried to apply for waiver, but the consular did not have enough time to deal with it. They were never called in to have an interview again because of the COVID 19.

19. The plaintiffs had no income for the first 6 months in China, and lived with their elder parents in Lanzhou, China, until Hou started to work remotely from China on June 2020. Even though Hou works for Seattle team in U.S., he only received half the salary of his original package of payment in U.S. because of the location difference.

### FIRST CAUSE OF ACTION

(Legal Malpractice against Defendants BAL, Sanchez )

20. An implied attorney-client relationship was formed between BAL and Hou. In addition, an attorney-client relationship was formed between BAL and Sun.

21. BAL and Sanchez breach the duty toward Hou and Sun, by failing to keep a client advised of important developments with respect to the representation is an essential basis for a malpractice claim and breach of duty. If Hou and Sun were informed the decision timely by BAL, they could go back to China when Hou received the job offer from Amazon on October 18th, (the unlawful presence start clocking in from May 2nd. It will reach 180 days threshold on Nov. 2nd, 2019) if not earlier. This would avoid 180 days unlawful presence, which led to a failure of being granted visas from Beijing Consular Office.

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 6

## SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty against Defendants BAL and Sanchez)

22.  Plaintiff refers to and incorporates herein the General Allegations and the allegations of the First Cause of Action in paragraphs 1 through 21 alleged herein above, and make them a part hereof as though set forth at length.

23. Defendants, BAL and Sanchez, owed Plaintiffs Hou and Sun a fiduciary duty to act at all times in good faith and in Plaintiffs best interests, and had a duty, among other things, to perform the services for plaintiffs with reasonable care and skill, to act in plaintiff's highest and best interests at all times. These fiduciary and confidential relationship was never repudiated by Defendants at any time herein mentioned.

24. BAL and Sanchez owed a duty to exercise reasonable care in the representation of both plaintiffs. Sun, for her part, reasonably expected BAL to provide her with legal services with respect to her nonimmigrant visa, which included notifying her of relevant actions taken by the immigration authorities.

25. BAL and Sanchez failed to use ordinary care in its representation of Sun in the H4 petition and breached its duty to inform its client of the Decision which was a significant outcome and development with respect to the representation, and Defendants also failed to instruct her to take alternative actions to protect her interests to maintain her visa status.

26. Thus, unquestionably, Defendants BAL and Sanchez breached the duty that it owed to plaintiffs Hou and Sun by failing to inform both of them of a significant outcome, i.e., the Decision, which greatly affected the immigration status of them both given that they are husband and wife.

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 7

## PRAYER FOR RELIEF

The plaintiff Hou has to work at night to sync with U.S. team, which caused him to suffer from sleep disorder and many different illnesses. The plaintiffs' children were born in the United States, but they are now experiencing great difficulties in trying to adjust to their new way of life in China and trying to adapt to the educational system in China.

WHEREFORE, the Plaintiff requests that the court award them the sum of $493,000.00 in compensatory damages in connection with this matter

The itemization of the monetary demand upon BAL is as follows:

1. 7 months no income in China = $150,000

2. One and half year working in China = $200,000 ($235,000 salary paid by Amazon Seattle versus payment of $100,000 to work remotely in China during the middle of the night)

3. $23,000 reduction to rent plaintiffs' home cheaper than what it was worth to do so

4. $10,000 reduction in selling two cars

5. $2,000 lawyer's fee for preparing waiver

6. $8,000 lawyer's fee for negotiation

7. $100,000 for emotional pain and suffering

Total: $493,000

Dated: November 8, 2021               Hua Hou

                                      Luqin Sun

                                      *Hua Hou*

                                      *Luqin S*

                                      _____

                                      Hua Hou & Luqin Sun

COMPLAINT FOR LEGAL MALPRACTICE
PAGE 8

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hua Hou
Luqin Sun

## DEFENDANTS

Claudia Villasenor-Sanchez, BAL-Dallas

**(b)** County of Residence of First Listed Plaintiff _Alameda, CA_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _Dallas_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
None

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &    ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine    ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity
Brief description of cause:
Legal Malpractice, Breach of Fiduciary Duty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 493,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _Hua Hou_ _____ DOCKET NUMBER _____

DATE
Nov 8th, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PRESS FIRMLY TO SEAL



PRESS FIRM

ME 1-Day
ALAMEDA, CA
94501
NOV 22, 21
AMOUNT
**$27.10**
R2304M114528-16

1007   75242

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
### ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP


PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2


**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS®**


EI 167 671 062 US

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)          PHONE ( 510 ) 501 4741

TAI TANG
1827 LAFAYETTE ST.
ALAMEDA CA 94501

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)          PHONE ( 214 ) 753 2200

CLERK OF COURT
1100 COMMERCE STREET.
RM 1452 DALLAS TEXAS
ZIP + 4® (U.S. ADDRESSES ONLY)
7 5 2 4 2 - 1 3 1 0

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

⟵ **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.          Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

PO ZIP Code                Scheduled Delivery Date (MM/DD/YY)          Postage
75242                      11/23/21                                    $ 27.10

Date Accepted (MM/DD/YY)   ☐ 6:00 PM                Insurance Fee        COD Fee
11/22/21                                            $                    $

Time Accepted  ☐ AM        Scheduled Delivery Time  Return Receipt Fee   Live Animal Transportation Fee
11:10          ☐ PM                                 $                    $

Special Handling/Fragile   Sunday/Holiday Premium Fee   Total Postage & Fees
$                          $                            $ 27.10

Weight         ☐ Flat Rate   Acceptance Employee Initials
lbs.  ozs.                    RI/CA

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)  Time   ☐ AM   Employee Signature
                                    ☐ PM

Delivery Attempt (MM/DD/YY)  Time   ☐ AM   Employee Signature
                                    ☐ PM

LABEL 11-B, MAY 2021          PSN 7690-02-000-9996

 
**UNITED STATES POSTAL SERVICE ®**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.