IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUA HOU et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  3:21-CV-2958-D |
| | § | |
| BERRY APPLEMAN & LEIDEN LLP et al., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff's complaint, filed November 24, 2021, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of plaintiffs Hua Hou ("Hou") and Luqin Sun ("Sun") and defendants Berry Appleman & Leiden, LLP ("BAL") and Claudia Villaseñor-Sanchez ("Villaseñor") for the following reasons:

☒ Failure to allege individual's citizenship as opposed to state of residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction). The complaint alleges where plaintiffs Hou and Sun reside, not the state of their citizenship.  And the complaint fails to plead the citizenship of defendant Villaseñor.

☐ Failure to allege corporation's state of incorporation. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party.").

☐ Failure to allege corporation's principal place of business. *Id.*

☒     Failure to allege citizenship of all members of limited liability company.[*] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); s*ee also MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." (quotation marks and citation omitted)).  Plaintiffs must plead the citizenship of each of BAL's members.

☐     Failure to allege citizenship of all members of a professional limited liability company. *See Hawk v. Bank of Am., N.A.*, 2015 WL 11347683, at *2 (N.D. Ga. Apr. 15, 2015) ("A PLLC (professional limited liability company), like an LLC (limited liability company), holds the citizenship of its members."); *Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 WL 1408585, at *10 (E.D. Tenn. Mar. 31, 2010) ("The Court agrees that PLLC[s] which are similar in structure to LLC[s] should be treated like partnerships for determining diversity jurisdiction.  In other words, a PLLC's citizenship is that of its individual members.").

☐     Failure to allege citizenship of all limited partners of a limited partnership.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

☐     Failure to identify and plead citizenship of each trustee of a trust.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980) (the citizenship of a trust is based on each trustee who is a real party in interest).

☐     Failure to plead the state in which a national bank's main office is located.  *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

☐     Failure to plead the citizenship of each of an unincorporated insurance association's underwriters.  *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

---

[*]The complaint alleges that defendant BAL is both a limited liability partnership and a limited liability company.  *See* Compl. ¶ 3.  Regardless of whether BAL is an LLC or LLP, plaintiffs must identify and plead the citizenship of each of BAL's members.  *See, e.g., ALMS, Ltd., L.L.P. v. Guzman*, 1998 WL 684245, at *1 (N.D. Tex. Sept. 25, 1998) (Fish, J.) ("Diversity jurisdiction in a suit by or against a limited liability partnership depends upon the citizenship of all the members of the partnership.").

☐     Failure to distinctly and affirmatively allege the citizenship of each party. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

☐     Failure to allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

Until plaintiffs properly allege the citizenship of each party identified above, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than 21 days from the date of this order, plaintiffs must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be subject to dismissal without prejudice for want of subject matter jurisdiction.

**SO ORDERED**.

December 6, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE