**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

**IN THE DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS**

**IN AND FOR THE COUNTY OF DALLAS**

| | |
|---|---|
| HUA HOU | Case No.: 3-21CV2958-D |
| LUQIN SUN | |
| Plaintiff, | **OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| BERRY APPLEMAN & LEIDEN LLP | |
| CLAUDIA VILLASEÑOR-SANCHEZ | |
| Defendant | |

Plaintiff, HUA HOU AND LUQIN SUN, hereby submits its opposition to Defendants' Motion to Dismiss the Complaint with Prejudice.

## FACTUAL INTRODUCTION

Defendants BERRY APPLEMAN & LEIDEN LLP AND CLAUDIS VILLASENORSANCHEZ (collectively, "BAL Defendants") filed an H-1B Petition on behalf of Plaintiff Hou on or about November 19, 2018 pursuant to the offer of employment received from Stem, Inc. ("Stem"). (*Id.* at ¶8) Here, an implied attorney-client relationship was formed between BAL and Hou. (*Id.* at ¶9, ¶10).

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                    PAGE 1

BAL defendants represented Plaintiff Sun before the USCIS requesting a change of status from F1 to a(n) H4 dependent of a nonimmigrant worker under the Immigration and Nationality Act ("INA"). When BAL submitted Sun's H-4 application, and Sun signed a form G-28 to consent to BAL's representation, BAL became the attorney of record with respect to Sun's nonimmigrant visa petition, and there is no doubt that an attorney-client relationship was formed between BAL and Sun at that time. (*Id.* at ¶11).

However, BAL defendants failed to disclose to their clients, Plaintiff, Hou and Sun, the Change of Status Decision dated May 2nd, 2019, by USCIS. BAL defendants could have just simply emailed the USCIS Decision Notice to the plaintiffs, Hou and Sun. Unfortunately, BAL defendants failed to diligently discharge its responsibilities until six months later did BAL finally forwarded the Decision Notice of Change of Status of Sun to plaintiff Hou and Sun.

BAL defendants breach the duty toward Hou and Sun, by failing to keep a client advised of important developments with respect to the representation is an essential basis for a malpractice claim and breach of duty.

BAL Defendants owed Plaintiffs Hou and Sun a fiduciary duty to act at all times in good faith and in Plaintiffs best interests, and had a duty, among other things, to perform the services for plaintiffs with reasonable care and skill, to act in plaintiff's highest and best interests at all times. These fiduciary and confidential relationship was never repudiated by Defendants at any time herein mentioned. (*Id.* at ¶ 23)

The Plaintiff requests that the court order the BAL defendants to pay the sum of $493,000.00 in compensatory damages in connection with this matter.

## **ARGUMENT**

### I. **Defendants' Motion is Misleading and Should be Dismissed**

Plaintiffs Hou and Sun discovered their injury on November 26th, 2019 through the Decision from USCIS, which was forwarded from BAL defendants' email. A Warning Notice was included in the Decision which stated clearly that the Plaintiffs Sun and Hou may accrue more than 180 days of unlawful presence, since their Forms I-94 had already expired before the date of the Decision issued. The Plaintiffs Hou and Sun filed their

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                      PAGE 2

complaint on November 24, 2021, which was within the 2-year statute of limitations for a claim of legal malpractice, or any claim arising out of alleged professional negligence, which is proper and timely.

In defendants' Motion, four different dates (April 2nd, May 2nd, March 2nd, and November 16th) were brought out to suggest that defendants' claim are out of the two-year statute of limitations. However, the dates are either forged or irrelevant to the fact that the plaintiffs have been in an unlawful presence in the U.S. for more than 6 months without their acknowledge. The BAL defendants also mentioned the word "injury" several times, but with different interpretations. None of those explanations fit to the plaintiffs' legal request in this case. The injury that plaintiffs are seeking justice for, in this case, is that plaintiffs have been in an unlawful presence for more than 180 days without their realization, which violates the immigration law. This injury could lead to "inadmissible to the United States for a period for wither three years or ten years, " (Decision from USCIS), and it could also seriously damage their future immigration applications.

As stated in defendants' motion on P7, "The date on which a cause of action for legal malpractice accrues is the dates on which the 'client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of a cause of action'". On November 26th, 2019, plaintiffs Hou and Sun realized that they have been out of status for more than 6 months, which is the date that should be counted as the starting date of a cause of action. The plaintiffs Hou and Sun timely and properly filed their complaint against the BAL defendants within two years statute of limitation, therefore, the defendants' motion to dismiss should be dismissed.

**A. Defendants misled the court by changing the definition of "injury"**

In the defendants' motion, it mentioned "injury" several times with different meanings. The first one is on Page 8 Line 6, it said "As such, plaintiffs suffered an injury on April 2, 2019, when the BAL Defendants ceased performing work on the Petition." Stem's rescinding the plaintiff's job offer, which is unexpected at that time, did not affect plaintiffs' visa status immediately since the legal authority to make the adjudication over plaintiffs' visa status is the USCIS. The BAL defendants actually did not file the "response to Request for Evidence (RFE)" until April 23 2019, which means BAL defendants were still working on Plaintiffs Hou and Sun's cases during that

period of time. The attorney-client relationship was still on, different from BAL defendants stated in The Motion "The BAL Defendants terminated a relationship with Plaintiffs on April 2, 2019" (L3 at Motion P8). In a much later date, May 2nd 2019, USCIS issued the acknowledgement of the withdrawal request of H1b petition for Plaintiff Hou and the Decisions of Change of Status application for Plaintiff Sun. The attorney-client relationship was not officially terminated until the BAL defendants, as their legal representative, successfully disclose the final notices of their cases from USCIS and the plaintiffs are fully aware of their current immigration situations.

The second time the defendants mentioned the "injury" in the motion again on the page 8 Line 9, it said "Alternatively, plaintiffs suffered an injury, at the latest, on May 2, 2019, when they purportedly began accruing unlawful presence." We did not know the Decision issued by the USCIS on May 2, 2019 existing at that time, until November 26th 2019, when BAL defendants forwarded the document to us. How can the plaintiffs suffer anything which they have no knowledge of it at all? Furthermore, Plaintiffs did not suffer from the injury because of the starting of their unlawful presence, but the accumulation of more than 180 days of the unlawful presence, caused by the BAL defendants' negligence on information disclose.

**B.  Defendants Misled the Court by manipulating the Dates of the fact**

In defendants' motion, it mentioned April 2, 2019, which was the date that STEM rescinded the job offer as the started date to count for the 2-year limitation. Even BAL defendants could not persuade themselves, so they brought out another date, May 2, 2019, which was the date the decision issued by USCIS. Then defendants used the third date, March 2, 2019 on Page 9 Line 5 and Line 15, which is totally wrong. At that time, STEM had not even rescinded the job offer and BAL Defendants has admitted that on March 8, 2019, they were still working on the response to RFE for Hou's H1b petition. However, in the motion, it stated that

"Here, Plaintiffs should have known of their injury and that it was wrongfully caused by March 2, 2019. At that time, Plaintiffs had knowledge that:

Stem rescinded its job offer;

Stem would no longer be sponsoring Hua's H-1B Petition;

Sun's application was entirely dependent upon the success of Hou's H-1B visa application;

Stem and the BAL Defendants ceased performing any immigration work on behalf of the

Plaintiffs;

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                                PAGE 4

and their F1 and F2 authorized period of stay had already expired. Thus, Plaintiffs were apprised with sufficient facts that they should have discovered the Petition was withdrawn and Sun's application was denied before they allegedly began accruing unlawful presence on March 2, 2019."

In order to evade the responsibility that BAL defendants should bear, in the motion BAL defendants even fabricated an irrelevant date, March 2, 2019, as a threshold for occurrence of the issue. None of the facts mentioned on March 2 2019 was happened at all. Therefore, this motion should be dismissed. Furthermore, the fabrication of the major facts in the court is a violation of the legal practice of the attorney.

### C. Defendants wrongly explained the Complaints

USCIS has never denied Amazon's petition, and it has never been mentioned in the complaint. In the complaint, it stated "Amazon filed H1-B petition and changing of status application on the behalf of Hou on or about November 19th 2019, and received H1-B Approval Notice." Without a clear picture of Plaintiff Hou's visa status, it gave the attorney hired by Amazon, who was filing a new H1b petition on the behalf of plaintiff Hou, no choice, but to file a NTO petition, which requests the plaintiff to activate the visa stamp at the consulate abroad. Even at that time, the plaintiffs still have no idea of their visa status, not sure if they have been unlawful presentation or not. Then BAL defendants finally forwarded the Decision from USCIS to the Plaintiffs on November 26th, 2019 after asked by the plaintiffs several times. The plaintiffs were left in a huge shock at that moment! As we all know, immigration issues are critical with time. If Plaintiffs were advised timely, they could travel abroad to activate their visa before accumulating the 180 days of unlawful presence.

BAL defendants never notified the plaintiffs that "the response to REF" is to "withdraw the H1b petition" by the STEM, which made the plaintiffs very confused about their visa status, since STEM promised plaintiffs in the April 2, 2019's email that it "will ask BAL to submit the RFE documents they already have in hand shortly before the May 27th deadline. We hope this provides you with the additional time you need to find alternative employment." BAL defendant was made aware of the April 2, 2019 email from STEM and the undertaking which had been promised and was made on behalf of plaintiff Hou. BAL defendants responded the RFE with a H1b withdraw request on April 23, 2019, but they didn't disclose it to Plaintiffs, even though plaintiffs repeatedly asked for the case updates on May 24th, 29th and 30th, 2019.

OPPOSITION TO MOTION TO DISMISS
CASE NO.    3-21CV2958-D                                                    PAGE 5

Even if BAL defendants had to withdraw the petition to comply with the regulation, they could at least to inform the plaintiffs to clean up the confusion caused by the Stem's email. In the plaintiffs' mind, BAL defendants would keep the promise of STEM, and send the document in hand as the response to RFE by May 27 2019. If BAL defendants informed the Plaintiffs that they withdrew the H1b petition at April 23 2019, they would avoided the serious immigration regulation violation for the plaintiffs.

## II.      BAL Defendants Breached the Duty and Caused the Plaintiffs Injury

To prove a legal malpractice claim in Texas, the client must establish that there is a duty owed to him by the defendant, a breach of that duty, that the breach proximately caused the plaintiff injury, and that damages occurred. Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex. 1989).

### A.   BAL defendants owned a duty to the plaintiffs

The motion argued that BAL defendants were retained by the petitioner, Stem, to file the H-1B petition for the beneficiary, Hua Hou, and that BAL's client is Stem, not plaintiffs Hou and Sun. However, this is not the case.

While an attorney-client relationship is usually created through an express contract, the relationship can be implied from the parties' conduct indicating the intent to enter into such a relationship. Border Demolition & Env't, Inc. v. Pineda, 535 S.W.3d 140, 152 (Tex. App. 2017); *see also Saulsberry v. Ross*, 485 S.W.3d 35, 42 (Tex.App.—Houston [14th Dist.] 2015, pet. denied) (attorney's reliance on absence of written contract was misplaced as attorney-client relationship may be implied by the parties' objective words and actions). "[A]n attorney-client relationship may arise by implication if the lawyer knows a person reasonably expects him to provide legal services but does nothing to correct that misapprehension." Border Demolition, 535 S.W.3d at 152, quoting *Valls v. Johanson & Fairless, L.L.P.*, 314 S.W.3d 624, 634 (Tex.App.—Houston [14th Dist.] 2010, no pet.).

Here, an implied attorney-client relationship was formed between BAL defendants and plaintiff Hou. Plaintiff Hou emailed BAL to inquire about his H-1B petition. He reasonably expected BAL defendants to provide legal services, but BAL defendants did not correct that misapprehension

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                                PAGE 6

In addition, an attorney-client relationship was formed between BAL defendants and Plaintiff Sun, whom BAL defendants represented expressly.

Stem offered to have BAL defendants file an H-4 Petition for Plaintiff Sun as plaintiff Hou's dependent. Administrative Appeals Office Practice Manual requires an attorney or accredited representative to use Form G-28 to establish the eligibility to represent a client (applicant, petitioner, requestor, beneficiary or derivative, or respondent) in an immigration matter before USCIS. When BAL defendants submitted Plaintiff Sun's H-4 application, and Sun signed a form G-28 to consent to BAL's representation, BAL defendants became the attorney of record with respect to Plaintiff Sun's nonimmigrant visa petition, and there is no doubt that an attorney-client relationship was formed between BAL defendants and Plaintiff Sun at that time.

BAL defendants in the motion admitted they owned the duty to the plaintiffs (Motion, L3at P12), "Once the relationship terminated, the BAL defendants no longer owned any duty to the Plaintiffs, including any duty to advise Plaintiffs regarding their immigration status." In this statement, we can see BAL defendants admitted that they once owned the duty to the plaintiffs before April 2nd, 2019. However, the Decision is part of the developments with respect to the representation. Properly delivering the result of petition to the clients, Plaintiff Sun and Hou, is the legal requirement for the attorney.

### B.  BAL defendants breached the duty towards plaintiffs Hou and Sun

In the motion, it was stated that BAL defendants did not breach any duty toward Plaintiffs Hou and Sun. But a failure to keep a client advised of important developments with respect to the representation is a quintessential basis for a malpractice claim and breach of duty. In the notice from USCIS to BAL defendants and Plaintiff Sun, together with the denial decision of the Change of Status of plaintiff Sun, there are a few duties were mentioned in the document. First, the letter was clearly addressed to Plaintiff Sun, therefore Plaintiff Sun was supposed to be aware of this notice timely. Besides the contents of denial decision, the notice emphasis that plaintiff Sun has the right to submit a motion to reopen or reconsider the application by completing a Form I-290B and the appeal motion must be filed within the 33 days from the date of the notice which is May 2nd 2019.

At the end of the notice, the USCIS also warned that plaintiff Sun "has to be very careful to maintain plaintiffs' lawful status. Once plaintiff's I-94 passed the expiration date, this notice may leave plaintiff without lawful immigration status immediately."

Due to the fact that BAL did not properly disclose the Decision, the appeal date and the legal warning to plaintiff Sun, plaintiff Sun lost the opportunity to submit an appeal motion timely and not aware of the severe subsequences brought by this notice.

An attorney may violate this duty by, for example, "delaying or failing to handle matters when entrusted to do so, or in failing to use ordinary care in litigation." Border Demolition, 535 S.W.3d at 152, quoting *Gen. Motors Acceptance Corp./Crenshaw, Dupree & Milam, L.L.P. v. Crenshaw, Dupree & Milam, L.L.P./Gen. Motors Acceptance Corp.,* 986 S.W.2d 632, 636 (Tex.App.—El Paso 1998, pet. denied); *see also Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.,* 284 S.W.3d 416, 426 (Tex.App.—Austin 2009, no pet.) (lawyer may commit legal malpractice by "delaying or failing to handle a matter entrusted to the lawyer's care, or by not using a lawyer's ordinary care in preparing, managing, and prosecuting a case").

Attorney duties are not limited to representing a client in a lawsuit, however, and under certain circumstances an attorney also has a duty to inform a client, or even a putative client, that he or she will not be representing it in litigation, and to instruct the putative client to take alternative action to protect its interests. Border Demolition, 535 S.W.3d at 152, citing Kotzur v. Kelly, 791 S.W.2d 254, 258 (Tex.App.—Corpus Christi 1990) and Parker v. Carnahan, 772 S.W.2d 151, 157 (Tex.App.—Texarkana 1989).

**C. BAL Defendants' Omissions were a Substantial Factor in Bringing about the Injury to the Plaintiffs**

As stated in the motion, "A plaintiff in a legal malpractice claim must prove that the alleged malpractice was the proximate cause of the injury".

The two components of proximate cause are cause-in-fact and foreseeability. *Berly v. D&L Sec. Servs. & Investigations, Inc.,* 876 S.W.2d 179, 182 (Tex.App.-Dallas 1994, writ denied). Cause-in-fact means that the defendant's acts or omissions were a substantial factor in bringing about the injury that would not otherwise have

OPPOSITION TO MOTION TO DISMISS
CASE NO. 3-21CV2958-D                                                                                    PAGE 8

occurred. *Two Thirty Nine Joint Venture v. Joe,* 60 S.W.3d 896, 909 (Tex.App.-Dallas 2001, no pet.) Foreseeability of harm means that the actor could anticipate that his actions could injure another. *Id.* Foreseeability does not require that the actor anticipate the particular injury that eventually occurs. *Brown v. Edwards Transfer Co., Inc.,* 764 S.W.2d 220, 223 (Tex.1988).

Some courts have held that, as a general rule, expert testimony is necessary to prove the element of causation in a legal malpractice case. *Turtur & Assocs., Inc. v. Alexander,* 86 S.W.3d 646, 652 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Onwuteaka v. Gill,* 908 S.W.2d 276, 281 (Tex.App.-Houston [1st Dist.] 1995, no writ). In cases where a lay person would ordinarily be competent to make a determination on causation, however, expert testimony is unnecessary. *See Turtur,* 86 S.W.3d at 652 (expert testimony not required if causal connection is obvious); *Arce v. Burrow,* 958 S.W.2d 239, 252 (Tex.App.-Houston [14th Dist.] 1997), *rev'd on other grounds,* 997 S.W.2d 229 (Tex.1999) (corr. op. on motion for reh'g.) (quoting *Delp v. Douglas,* 948 S.W.2d 483, 495 (Tex.App.-Fort Worth 1997), *rev'd on other grounds,* 987 S.W.2d 879 (Tex.1999)) (adopting rule previously applied in medical malpractice cases that expert testimony is not required in cases where a lay person is competent to determine causation); see also Streber v. Hunter, 221 F.3d 701, 726–28 (5th Cir. 2000) (proper rule is one that would only require expert testimony on proximate cause in cases where determination of that issue is not one that lay people would ordinarily be competent to make).

This is one of those cases in which expert testimony would not be required to establish proximate cause and that proximate cause can be established with lay testimony in this case.

First, cause-in-fact means that the defendant's acts or omissions were a substantial factor in bringing about the injury that would not otherwise have occurred. Clearly, BAL's failure to timely advise its clients of the Decision was a substantial factor in bringing about their injuries.  As the warning from the Decision stated, the date of the Decision issued from USCIS may be the start date of the accumulation of unlawful presence of the plaintiffs.

Plaintiffs Hou and Sun, as laypersons, were not legal professionals and did not have advanced knowledge of immigration laws but rather were reliant upon BAL's advice and counsel to explain the status and import of the petition and the complex immigration rules. BAL defendants were fully aware of situation that Plaintiffs believed STEM's promise that BAL defendants would "submit the RFE documents they already have in

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                                PAGE 9

hand shortly before the May 27th deadline." If BAL defendants could not follow the promise, why not just tell the Plaintiffs? Plaintiffs actively asked for the updating information about if BAL defendants responded the REF to USCIS. Plaintiffs have checked their visa status on the USCIS website regularly but could not get the updated information. The attorney, BAL defendants, are the only path for plaintiffs being aware of their current visa status, since USCIS believe plaintiff were fully represented by BAL defendants. The final decision notice was sent to the official address of BAL defendants, not the home address of Plaintiff.

Therefore, Plaintiffs Hou and Sun expected to be fully informed by BAL defendants of any significant developments with respect to the representation and both detrimentally relied upon BAL's silence, inaction, and non-advice with respect to the Decision. When they were finally informed of the Decision, over six months later, the whole family attempted to discover the full implications of the Decision but ended up leaving the U.S. expeditiously due to great uncertainty.

BAL defendants argued in the motion that the "In accordance with 8 U.S.C. §1182(a)(9)(B)(i)(II), Plaintiffs would only have incurred an additional penalty of a 10-year bar if they did not leave the United States within 1 year. Therefore, assuming Plaintiffs were correct–and they were not–that unlawful presence began in May 2019, Plaintiffs had until May 2020 to leave the U.S. without incurring additional penalties." This argument is absurd. Overstaying the visa status is a serious violation of immigration law. As decent citizens, Plaintiffs Hou and Sun won't be willing to overstay their visa even for a second, let alone a few more months. Plaintiffs made mistakes without their knowledge of it, once they learned the truth, they tried to make it right as soon as possible. They would not keep violating the law, which might become a huge obstacle in their future immigration application.

If BAL had timely notified its clients of the Decision shortly after its issuance, the clients could have had more time to investigate their nonimmigrant status through BAL or other counsel. Given the short notice and perceived tight deadline, they had to think and act quickly and scramble out of the U.S. to avoid an even longer failure to maintain nonimmigrant status, and they could have thoughtfully planned through their next steps following prompt and timely notification of the Decision. Therefore, BAL's failure to timely advise its clients of the Decision was a substantial factor in bringing about their injuries.

Second, the injury to the clients was foreseeable. Foreseeability of harm means that the actor could anticipate that his actions could injure another. Foreseeability does not require that the actor anticipate the particular

OPPOSITION TO MOTION TO DISMISS
CASE NO.    3-21CV2958-D                                                      PAGE 10

injury that eventually occurs. It is preposterous for BAL to argue that injury to the clients was not foreseeable. There is no question that the Decision significantly impacted their immigration status and that the failure to advise them of the Decision after a lengthy delay would cause injury to them. The warning message in the end of the decision notice clearly stated the potential risk brought by this notice, therefor the subsequence is foreseeable. The denial of this issue is akin to a defense lawyer failing to advise his client of a default entered against the client (a significant change of status), despite the lawyer's knowledge of the default six months earlier, and then arguing in the next breath that the lawyer's delay in notifying the client of this change in status does not or cannot result in foreseeable injury to the client. Of course it can, does, and did here.

In the motion, BAL defendants point to other possible causes of the clients' injuries and damages.

But cause in fact means that the act or omission was a substantial factor in bringing about the injury and without it, the harm would not have occurred. Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex.1992); City of Gladewater v. Pike, 727 S.W.2d 514, 517 (Tex.1987); Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 549 (Tex.1985).

The plaintiff need not exclude all possibilities; it is sufficient to prove that the greater probability is that the defendant's conduct, alone or in contribution with others, was the cause of the harm. El Chico Corp. v. Poole, 732 S.W.2d 306, 313 (Tex. 1987). There may be more than one proximate cause. Id. at 313–14.

Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. Travis, 830 S.W.2d at 98; Nixon, 690 S.W.2d at 549–550. Foreseeability does not require the actor to anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence. Travis, 830 S.W.2d at 98. All that is required is that the injury be of such a general character as might reasonably have been anticipated, and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen. Nixon, 690 S.W.2d at 551.

Additionally, when an intervening act is foreseeable, it does not negate the continuing proximate causation and consequent liability of the initial actor. Id., citing Nixon, 690 S.W.2d at 550. The determination of proximate cause and intervening cause rests with the jury. See El Chico Corp., 732 S.W.2d at 314. Issues of

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                                  PAGE 11

concurrent causation should generally be made on a case-by-case basis, not as a rule of law denying recovery in all cases.

Furthermore, the Texas Deceptive Trade Practices Act ("DTPA") "protect[s] consumers against false, misleading, and deceptive business practices, unconscionable actions, [and failures to disclose] ... in the course of any trade." Streber v. Hunter, 221 F.3d 701, 727 (5th Cir. 2000), citing Tex. Bus. & Com.Code §§ 17.44, 17.46(a). To prove a violation of the DTPA, plaintiffs must prove that: (1) they are a consumer, (2) victimized by false, misleading, or deceptive acts, failures to disclose, or an unconscionable course of action, (3) which was a "producing cause" of damages. See Doe v. Boys Clubs of Greater Dallas, 907 S.W.2d 472, 478 (Tex.1995).

A producing cause is "an efficient, exciting, or contributing cause, which in a natural sequence, produced injuries or damages complained of, if any." Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex.1995). Producing cause lacks the "foreseeability" element that is contemplated in the proximate cause standard. See Wheaton Van Lines, Inc. v. Mason, 925 S.W.2d 722, 728 (Tex.App.—Fort Worth 1996, writ denied).

Violations of the DTPA produce liability for "actual damages", and "knowing" violations allow for "additional damages" which could raise the total damage award to as much as three times the amount of actual damages. See Tex. Bus. & Com.Code § 17.50(b)(1).

### III. The BAL Defendants Breached the Fiduciary Duty

Moreover, a fiduciary relationship exists between attorney and client. McClung v. Johnson, 620 S.W.2d 644, 647 (Tex. Civ. App. 1981), writ refused NRE (Sept. 23, 1981). As a fiduciary, an attorney is obligated to render a full and fair disclosure of facts material to the client's representation. Id. The client must feel free to rely on his attorney's advice. Facts which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved. Robinson v. Weaver, 550 S.W.2d 18, 23 (Tex.1977) (Pope, J., dissenting). Further, breach of the duty to disclose is tantamount to concealment. McClung, 620 S.W.2d at 647.

For example, in Rice v. Forestier, 415 S.W.2d 711, 713 (Tex. Civ. App. 1967), writ refused NRE (Oct. 4, 1967), Rice owed a duty to inform Forestier that Rice was not going to file an answer for Forestier. In view of the fact that Rice was handling other matters for Forestier at this time, Forestier was justified in leaving the citations with Rice or his secretary. Rice admitted he saw at least one of the citations and petitions and was thereby

OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                              PAGE 12

charged with knowledge of the contents of same. Rice certainly had the right to decline to represent Forestier in the matter if he chose to do so. In such event, however, he would have been obligated to inform Forestier of this decision. The jury was justified in concluding that Rice was negligent in failing to advise Forestier of his refusal to handle the case in order that Forestier could timely secure other counsel.

BAL defendants owed a duty to exercise reasonable care in the representation of both of plaintiffs. Plaintiff Sun, for her part, reasonably expected BAL to provide her with legal services with respect to her nonimmigrant visa, which included notifying her of relevant actions taken by the immigration authorities.

BAL defendants failed to use ordinary care in its representation of Sun in the Change of status application and breached its duty to inform its client of the Decision which was a significant outcome and development with respect to the representation, and BAL defendants also failed to instruct her to take alternative actions to protect her interests to maintain her visa status timely.

Thus, unquestionably, BAL defendants breached the duty that it owed to its clients by failing to inform both of them of a significant outcome, i.e., the Decision, which greatly affected the immigration status of them both given that they are husband and wife.

WHEREFORE, Plaintiff Hua Hou and Plaintiff Luqin Sun respectfully requests this court dismiss BAL defendants Motion to Dismiss.

**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

OPPOSITION TO MOTION TO DISMISS
CASE NO.    3-21CV2958-D                                                                PAGE 13