**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HUA HOU,** *et. al.,* | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 21-cv-02958** |
| | § | |
| **BERRY APPLEMAN & LEIDEN LLP,** | § | |
| *et. al.* | § | |
| | § | |
| **Defendant.** | § | |

**JOINT SCHEDULING PROPOSAL**

Pursuant to the Court's Order (Dkt. No. 13), Plaintiffs Hua Hou and Luqin Sun ("Plaintiffs") and Berry Appleman & Leiden LLP and Claudia Villasenor-Sanchez (collectively, "BAL Defendants"), file this Joint Scheduling Proposal:

**ORDERED CONTENT**

1. **Proposed deadlines to (a) join other parties; (b) amend pleadings; (c) file motions.**

   Please see the Proposed Case Schedule below.

2. **Any matters that require a conference with the Court.**

   None.

3. **The likelihood that other parties will be joined.**

   None at this time, but Plaintiffs' reserve the right to add other parties.

   None at this time, but Defendants' BAL reserves the right to add other parties.

4. **An estimate of the time needed for discovery, with reasons and corresponding dates for completion; (b) a specification of the discovery contemplated; and (c) limitations, if any, that should be placed on discovery.**

   Please see the Proposed Case Schedule below.

   The parties generally anticipate exchanging written discovery on the claims and defenses asserted by the respective parties and taking depositions. The parties do not propose any

limitations on discovery. The parties anticipate around 10-12 depositions, of which some must be held remotely due to the location of the parties to this action.

5. **The present status of settlement negotiations.**

   The parties have conducted pre-suit negotiations that were not fruitful.

6. **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

   Plaintiffs will comply with any mediation orders of this Court.

   BAL Defendants will comply with any mediation orders of this Court.

7. **Whether the parties will consent to referring this case to a magistrate judge for jury or nonjury trial, pursuant to 28 U.S.C. § 636(c).**

   One or both parties do not consent to a magistrate judge.

8. **Any other matters that are relevant to the status and disposition of this case.**

   None.

## PROPOSED CASE SCHEDULE

| Event Description | Corresponding Date |
|---|---|
| Trial should take place, depending on the Court's availability in early 2024.  The parties suggest January 8, 2024. | January 8, 2024 |
| The deadline to file dispositive and *Daubert*-style motions should be 90 days before the trial setting. | October 8, 2023 |
| The close of expert discovery should be 120 days before the trial setting. | September 8, 2023 |
| The deadline for disclosing expert disclosures for parties who do not bear the burden of proof of an issue, with the information contained in Federal Rule of Civil Procedure 26(a)(2)(B), should be 180 days before the trial setting. | July 8, 2023 |
| The deadline for disclosing expert disclosures for parties who bear the burden of proof of an issue, with the information contained in Federal Rule of Civil Procedure 26(a)(2)(B), should be 210 days before the trial setting. | June 8, 2023 |

| The close of fact discovery should be 240 days before the trial setting. | May 8, 2023 |
|---|---|
| The deadline to amend pleadings should be 90 days from the date of this Report; and | August 23, 2022 |
| The deadline to add parties should be 60 days from the date of this Report. | July 23, 2022 |

## RULE 26(F)(3)(A)-(F)

1.    **The Parties' views and proposals on the matters listed in Rule 26(f)(3)(A)-(F):**

(A)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The Parties agree to make their Initial Disclosures under Rule 26(a)(1) no later than 14 days from the date of the joint status meeting conducted on May 23, 2022 or by June 6, 2022.

(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

Discovery will need to be conducted as to the circumstances behind Plaintiffs' petitions for change in status, including as to the communications between BAL Defendants, Plaintiffs, and Plaintiff Hua Hou's prospective and current employers. Suggested dates for discovery are included in the chart above. The Parties believe that discovery will not be required to be conducted in phases other than following normal procedures for issuing written discovery followed by oral discovery.

(C)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

None.

(D)    Any issues about claims of privilege or of protection as trial-preparation materials, including – if the Parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502:

None at this time. The parties reserve their rights to seek a protective order as needed.

(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

None.

(F)    Any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c):

None.

**Dated:  May 24, 2022**

Respectfully submitted,

| | |
|---|---|
| */s/        Hua Hou by/permission* <br> Hua Hou, *Pro Se* <br> 20-1304 Hushan Dijing Wan <br> Yuhang, Hangzhou, China <br><br> **PLAINTIFF** | */s/        Luqin Sun by permission* <br> Luqin Sun, *Pro Se* <br> 20-1304 Hushan Dijing Wan <br> Yuhang, Hangzhou, China <br><br> **PLAINTIFF** |
| /s/ *Elvia E. Hague* <br><br> Elvia E. Hague <br> Federal I.D. No. 3242929 <br> Texas Bar No. 24083451 <br> Elvia.Hague@wilsonelser.com <br> 909 Fannin Street, Suite 3300 <br> Houston, TX  77010 <br> Telephone: (713) 353-2039 <br> Facsimile: (713) 785-7780 <br><br> **Attorney-In-Charge for Defendants Berry Appleman & Leiden LLP and Claudia Villasenor-Sanchez** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via email in accordance with the Federal Rules of Civil Procedure, on this the 24th day of May, 2022.


Hua Hou
20-1304 Husan Dijing Wan
Yuhang, Hangzhou, China
Hhou2011@outlook.com


*/s/ Elvia E. Hague*
**Elvia E. Hague**