IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUA HOU et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  3:21-CV-2958-D |
| | § | |
| BERRY APPLEMAN & LEIDEN LLP et al., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On May 3, 2022 defendants filed an initial responsive pleading in this case but did not provide the clerk with a certificate of interested persons.  N.D. Tex. Civ. R. 7.4 provides that "[t]he initial responsive pleading or motion filed in lieu of a responsive pleading that a defendant files in a civil action must be accompanied by a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).  If the defendant concurs in the accuracy of another party's previously-filed certificate, the defendant may adopt that certificate."  Rules 3.1(c) and 3.2(e) each provide that a complaint must be accompanied by

> a separately signed certificate of interested persons—in a form approved by the clerk—that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case.  If a large group of persons or firms can be specified by a generic description, individual listing is not necessary.

Accordingly, no later than 14 days after this order is filed, defendant[s] must comply with Rule

7.4  so that the court can ensure that recusal is not required in this case.

**SO ORDERED**.

June 2, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE