**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

**IN THE DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS**

**IN AND FOR THE COUNTY OF DALLAS**

| | |
|---|---|
| HUA HOU | Case No.: 3-21CV2958-D |
| LUQIN SUN | |
| Plaintiff, | **SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| BERRY APPLEMAN & LEIDEN LLP | |
| CLAUDIA VILLASEÑOR-SANCHEZ | |
| Defendant | |

Plaintiff, HUA HOU AND LUQIN SUN, hereby submits its support of opposition to Defendants' Motion to Dismiss the Complaint with Prejudice.

**FACTUAL INTRODUCTION**

Defendants BERRY APPLEMAN & LEIDEN LLP AND CLAUDIS VILLASENORSANCHEZ (collectively, "BAL Defendants") represented Plaintiff Hou to file an H-1B Petition and Plaintiff Sun to file an application to change status from F1 to H4 on or about November 19, 20l8. So an attorney-client relationship was formed between BAL and plaintiff Hou and Sun.

SUPPORT OF OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                          PAGE 1

However, due to their negligence and lack of care for their clients, BAL defendants failed to send the most important documents -- Decision Notice from USCIS on time, which seriously threatened the plaintiffs' immigration status. As it addressed by the Decision, it may cause the plaintiffs' accruing the unlawful presence and block their reentry into U.S for a period of either 3 years or 10 years.

BAL defendants never admit their mistakes or their negligence to their clients, instead they made up all kinds of excuses to hopefully get rid of their responsibility. It is very clear from their statement, BAL defendants understood that they made the mistakes. In order to avoid the punishment from the law, they used really weird data and even fabricated some dates (which they later referred to as a typo) to demonstrate that the lawsuit is out of two years limitation. Moreover, BAL defendants even fabricated a time of corresponding email again to cover the fact that plaintiff Hou responded Stem's email and asked BAL about their status on May 30th 2019.

As a lawyer representing the Plaintiffs, BAL defendants failed to disclose their clients the results of the petition, which is the most important development for the case. Informing the clients about the development of the case timely is the basic responsibility as a legal representative, but BAL defendants did not reveal the results until 6 months later, which directly led to the plaintiff's overstay their visa status for more than 180 days. It can cause serious immigration legal violation. It is obvious that BAL defendants breached the duty toward Hou and Sun, which is a typical malpractice claim.

BAL Defendants failed to refute the argument that BAL defendants owed Plaintiffs Hou and Sun a fiduciary duty, since BAL defendants did not provide any warning or instruction for plaintiff's highest and best interests. Even the Decision from USCIS warned the plaintiffs that they may "inadmissible to the United States for a period for wither three years or ten years, " (Decision from USCIS), and could also seriously damage their future immigration applications, while BAL

SUPPORT OF OPPOSITION TO MOTION TO DISMISS

defendants did not even bother communicating or spending time on sending the plaintiffs the legal documents that they are supposed to, let alone the advice or care for plaintiffs' best interests.

.

# **ARGUMENT**

**I.** **BAL Defendants won't admit their mistakes and take the responsibility of the consequences**

In this case, it is clear that BAL defendants failed to act as the legal representative to inform and send the most important documents- Decision to the clients. However, the BAL defendants won't accept the facts and face the consequences. The same thing happened in their Motion to dismiss, in which they used a really weird date March 2nd, later on they explained in the document " Support of motion to dismiss" that it was a typographical error. They used this date "March 2nd" several times to illustrate that our case should be dismissed, showing that it is very important in supporting their argument. Making a typo on such an important date, demonstrates how negligent and irresponsible they were. After making such a huge mistake, instead of reflecting on their career indignity, they started to blame the reader. "This inadvertent reference, however, is transparently revealed as a typo from its surrounding context and certainly not a "fabrication" of the facts." As a legal attorney, you are supposed to know your clients and your cases and avoid making such careless typos. If it were a typo, it isn't expected to occur again on the second page. However, BAL defendant mentioned in their Support of Motion to Dismiss that "Regrettably, on page 9 of its Motion to Dismiss, the Defendants inadvertently typed March 2, 2019, but again, this was clearly a scrivener's error and not any "fabrication" of novel facts." From the words above, we can see BAL defendants did

SUPPORT OF OPPOSITION TO MOTION TO DISMISS
CASE NO.   3-21CV2958-D                                                    PAGE 3

not feel embarrassed or sorry for their mistakes, but sincerely "believe" readers understand them. Even after they made the same mistake twice, they still don't want to face the consequences, which really shows their lack of the career dignity care for clients.

We would like to ask BAL defendants to double check their work, and realize how much damage they can cause by submitting inaccurate information. It is an act that is disrespectful to the court and the clients.

Plaintiff sent two emails and deliberately asked the BAL defendants " I was wondering if my RFE package has been prepared to send  back to USCIS by May 27th." on May 24th and another email on May 27th  asked " I just want to confirm my RFE package has been sent to USCIS" . BAL defendants did not give the plaintiffs any responses, even though they had already received the Decision on May 2nd. Instead of bothering sending any information to the plaintiff, they actually asked the STEM HR to send the plaintiff a letter to tell them "We have closed your case with BAL", which happened on May 30, 2019, 12:39 PM. It did not date on the filling, an evidence email will be included in the file. However, BAL defendant fabricated the time again as May 30, 2019, 02:39PM which is inaccurate because BAL defendant saw plaintiff's follow up email and asked about the REF package again on "May 30, 2019, 02:07PM", which was two hours after STEM's email was received. In the follow up email, plaintiff made it very clear that " I was wondering if BAL sent out my RFE package they have collected so far to USCIS . If USCIS got the RFE package, they will be spending more time to process it. That is what I want. I need to get more time to stay in valid visa status in order to find the next employer." The reason that BAL defendants fabricated the data again is to support its argument that "Yet, despite this alleged confusion, Mr. Hou could not be bothered to respond to this email, or follow up with any additional questions".

II. BAL Defendants Breached the Duty and Caused the Plaintiffs Injury

As mentioned in the previous documents (opposition to the motion to dismiss), an attorney-clients relationship has already established, however, the BAL defendant failed to fulfill their duty to serve their clients.

BAL defendants argued that they had no choice but to withdraw the H1B petition several times. However, Plaintiffs have stated many times in the previous documents that they did not ask BAL defendants to continue with the H1B petition, even STEM offered this to the plaintiff, but to "inform their clients the important development". Properly disclosing the result of petition to the clients, is the legal requirement for the attorney.

III. BAL Defendants are the proximate cause of the plaintiffs' injury

BAL defendants kept on arguing that plaintiffs did not accrue any unlawful presence, because plaintiffs are both in F nonimmigrant status. Even Plaintiff mentioned several times that their students visas have been expired on Jan 31 2019, BAL defendants still purposedly believed that their once students visa could save them, even after they failed to be granted a visa stamp in Beijing consular office. A simple action of forwarding an email can prevent the injury for the plaintiffs.

IV. The BAL Defendants Breached the Fiduciary Duty

BAL defendant did not refute the statement that " fiduciary relationship exists between attorney and client", which shows they also agree with it. BAL defendants kept on mentioning in their arguments that "The substance of the allegations purporting to support an allegation of legal malpractice (Count I) and breach of fiduciary duty (Count II) are not only similar, but the same.

Count II must be dismissed".  From their argument, BAL defendants kind of admitted they have committed malpractice, and asked to not mention their faults twice. As a fiduciary, an attorney is obligated to render a full and fair disclosure of facts material to the client's representation. The attorney was also supposed to give their clients some legal advice on how to proceed next if the results are not favorable. Even the Decision from USCIS warned the plaintiff as the following:

"Please be aware that, under section 212( a )(9)( B ) of the Immigration and Nationality Act ( INA ), an alien who accrues more than 180 days of unlawful presence in the United States , and then departs , is inadmissible to the United States for a period of either three years or ten years .

You may remain in your current nonimmigrant status until the expiration date indicated on your Form 1-94, Arrival - Departure Record. However, if the date listed on your Form I -94 has already passed, this Notice of Decision may leave you without lawful immigration status and you may be present in the United States in violation of the law ."

While BAL defendants, as Plaintiffs' attorney did not give any legal advice and warning but hide the most time-sensitive documents and did not respond to any message to the plaintiff. If we category the "properly and timely provide the documents and not responding to the clients" into malpractice, then failing to warn and instruct the plaintiffs to take alternative actions to protect their interests to maintain their visa status timely is clearly the breach of fiduciary duty

WHEREFORE, Plaintiff Hua Hou and Plaintiff Luqin Sun respectfully requests this court dismiss BAL defendants Motion to Dismiss.

**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

SUPPORT OF OPPOSITION TO MOTION TO DISMISS
CASE NO.    3-21CV2958-D                                    PAGE 7