**HUA HOU**

**LUQIN SUN**

20-1304 Hushan Dijing Wan

Yuhang, Hangzhou, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

**IN THE DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS**

**IN AND FOR THE COUNTY OF DALLAS**

| | |
|---|---|
| HUA HOU <br><br> LUQIN SUN <br><br>        Plaintiff, <br><br> vs. <br><br> BERRY APPLEMAN & LEIDEN LLP <br><br> CLAUDIA VILLASEÑOR-SANCHEZ <br><br>        Defendant | Case No.: 3-21CV2958-D <br><br><br> **SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE** |

Plaintiff, HUA HOU AND LUQIN SUN alleges:

## **INTRODUCTION**

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE
PAGE 1

1. Plaintiff HUA HOU, (hereinafter "Hou") is an individual and an immigration alien, who resides in Alameda, California.

2. Plaintiff LUQIN SUN, (hereinafter "Sun") is an individual and an immigration alien, who resides in Alameda, California. Sun and Hou are a married couple.

3. On information and belief Defendant, Berry Appleman & Leiden LLP (hereinafter "BAL") is, and at all times herein mentioned was, a limited liability company duly organized and existing under the laws with several different offices in the United States.

4. Defendant, CLAUDIA VILLASEÑOR-SANCHEZ (hereinafter "Sanchez") is an individual and an attorney licensed to practice law in California, located in a branch office in Dallas, Texas.

5. At all times herein mentioned, Defendant Sanchez was a senior associate of the BAL, and in doing the things herein alleged was acting within the scope of such employment and agency.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter and parties, as this case involves diversity jurisdiction. Defendant Sanchez works and lives in Dallas, Texas, while the plaintiff Hou and Sun are residents in Alameda, California. The claim is believed over $75,000.

7. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

## **STATEMENT OF FACTS**

8. BAL filed an H-1B Petition for Hou on or about November 19, 2018 pursuant to the offer of employment received from Stem, Inc. ("Stem"). (a true and correct copy of which is attached hereto as Exhibit A). Stem received a Request for Evidence ("RFE") from the U.S. Citizenship and Immigration Services (hereinafter "USCIS") relative to Hou on or about March 8, 2019, and BAL began processing the RFE accordingly, together with Stem. (a true and correct copy of which is attached hereto as Exhibit B).

9. Although BAL was retained by the petitioner, Stem, to file the H-1B petition for the beneficiary, Hou, an attorney-client relationship is created and implied from the parties' conduct which indicated the intent to enter into such a relationship. Border Demolition & Env't, Inc. v. Pineda, 535 S.W.3d 140, 152 (Tex. App. 2017); see also Saulsberry v. Ross, 485 S.W.3d 35, 42 (Tex.App.—Houston [14th Dist.] 2015, pet. denied) (attorney's reliance on absence of written contract was misplaced as attorney-client relationship may be implied by the parties' objective words and actions). "[A]n attorney-client relationship may arise by implication if the lawyer knows a person reasonably expects him to provide legal services but does nothing to

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE
PAGE 3

correct that misapprehension." Border Demolition, 535 S.W.3d at 152, quoting Valls v. Johanson & Fairless, L.L.P., 314 S.W.3d 624, 634 (Tex.App.—Houston [14th Dist.] 2010, no pet.).

10. Here, an implied attorney-client relationship was formed between BAL and Hou. Hou emailed BAL to inquire about his H-1B petition. He reasonably expected BAL to provide legal services, and BAL did not correct that misapprehension.

11. BAL defendants represented plaintiff Sun before the USCIS requesting a change of status from F1 to a(n) H4 dependent of a nonimmigrant worker under the Immigration and Nationality Act ("INA"). (a true and correct copy of which is attached hereto as Exhibit A). Administrative Appeals Office Practice Manual requires an attorney or accredited representative to use Form G-28 to establish the eligibility to represent a client (applicant, petitioner, requestor, beneficiary or derivative, or respondent) in an immigration matter before USCIS. When BAL submitted Sun's H-4 application, and Sun signed a form G-28 to consent to BAL's representation, BAL became the attorney of record with respect to Sun's nonimmigrant visa petition, and there is no doubt that an attorney-client relationship was formed between BAL and Sun at that time.

12. Stem rescinded its job offer to Hou via email, however, on or about April 2, 2019. In the April 2, 2019 email, Stem promised Hou that it "will ask BAL to submit the RFE documents they already have in hand shortly before the May 27th deadline. We hope this provides you with the additional time you need to find alternative employment." (a true and correct copy of which is attached hereto as Exhibit B). BAL was made aware of the April 2,

2019 email from Stem and the undertaking which had been promised and was made on behalf of Hou.

13. BAL never notified the Plaintiffs that Hou's H1-B Petition was withdrawn and Plaintiff Sun's H4 Petition was denied. On May 2, 2019, BAL received notification from USCIS that the Withdrawal Petition had been accepted. According to USCIS on that date, "this [Withdrawal] notice is the official acknowledgment of your request to withdraw the petition and the record will reflect that your petition has been withdrawn. The withdrawal of this case is the final action for which there are no appeal rights." After receiving the withdrawal of the Petition, the USCIS denied Sun's requested change of status on May 2, 2019 (hereinafter "the Decision"), because her request for change of status was subject to the principal alien's status. (a true and correct copy of which is attached hereto as Exhibit C). BAL never notified the plaintiffs of the Decision, nor did BAL forward the Decision and deny notice to the plaintiffs, even though Hou asked three times about their cases through emails, on May 24th, 29th, and 30th, respectively. (the true and correct copies of which are attached hereto as Exhibit B).

14. After plaintiff Sun finished her Ph.D. and the OPT program, her student status (F1) ended on January 31th, 2019 (a true and correct copy of which is attached hereto as Exhibit F). Plaintiff Hou's petition is to change status from F2 (student's dependent) to H1-B. After receiving the withdrawal of the Petition, the USCIS denied Hou and Sun's requested change of status on May 2nd, 2019. However, Sun and Hou cannot return to their previous status, F1 and F2 visas, since Sun has already lost her identity (F1).

15. Based upon BAL's acts, errors, or omissions, Hou and Sun began accruing "unlawful presence" as of May 2, 2019, without their knowledge of these facts, which were in the exclusive knowledge and possession of BAL. BAL did not see fit to notify the plaintiffs of

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE

these facts until Nov. 27th, (a true and correct copy of which is attached hereto as Exhibit B), which is more than 180 days after May 2, 2019. As The Immigration and Nationality Act INA 212(a)(9)(B) and (C) states, an alien who accrues more than 180 days of unlawful presence in the United States and then departs, is inadmissible to the United States for a period of either three years or ten years.

16. Hou received another job offer from Amazon LLC (hereinafter "Amazon") on October 18th, 2019. (a true and correct copy of which is attached hereto as Exhibit D). Amazon filed an H1-B petition and changing status application on Hou's behalf on or about November 27th, 2019. (a true and correct copy of which is attached hereto as Exhibit D). After being aware of the facts that plaintiffs Hou and Sun have overstayed their visa status for more than six months from BAL defendants, the attorney, who was filing a new H1b petition on the behalf of plaintiff Hou, had no choice, but to file an NTO petition, which requests the plaintiff to activate the visa stamp at the Beijing consular office. (a true and correct copy of which is attached hereto as Exhibit D). However, the lawyer also warned the plaintiffs that it has a high risk that they could not obtain an H1B visa successfully from Beijing Consular Office, and a waiver was needed to help the plaintiff to obtain the Visa.

17. Indeed, after the expiration of the 180 days, and after learning of the true facts which were withheld by BAL, both plaintiffs learned that they had fully accrued unlawful presence in the United States. The plaintiffs, therefore, had no choice at that time but to return to China, and to do so on a rush basis.

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE

18. The plaintiffs left the U.S.A on January 3rd, 2020 with their two children. Hou and Sun were interviewed in Beijing Consular Office to obtain their visa on January 13th, 2020. They were not granted visas due to more than 6 months of unlawful presence in the U.S.. They also tried to apply for a waiver, but the consular did not have enough time to deal with it. They were never called in to have an interview again because of COVID 19.

19. The plaintiffs had no income for the first 6 months in China, and lived with their elder parents in Lanzhou, China, until Hou started to work remotely from China in June 2020. Even though Hou works for the Seattle team in the U.S., he only received half the salary of his original package of payment in the U.S. because of the location difference. (a true and correct copy of which is attached hereto as Exhibit D).

## **FIRST CAUSE OF ACTION**

(Professional Negligence against Defendants BAL, Sanchez )

20. An implied attorney-client relationship was formed between BAL and Hou. In addition, an attorney-client relationship was formed between BAL and Sun.

21. BAL and Sanchez breached the duty toward Hou and Sun, by failing to inform both of the plaintiffs of a significant outcome, i.e., the Decision, with respect to the representation is an essential basis for a malpractice claim and breach of duty, which directly triggered the plaintiffs overstay their visa status for more than 6 months. The Decision, which

was finally forwarded to the plaintiffs on November 27th, 2019, was clearly addressed to Plaintiff Sun, therefore BAL defendants were supposed to deliver the letter immediately to the plaintiffs once they received it. If plaintiffs Hou and Sun were informed of the decision timely by BAL, they could go back to China when Hou received the job offer from Amazon on October 18th, (the unlawful presence starts clocking in from May 2nd. It will reach 180 days threshold on November 2nd, 2019) if not earlier. This would avoid 180 days of unlawful presence, which led to a failure of being granted visas from the Beijing Consular Office.

22. The negligent acts and omissions of BAL defendants were below the standard of care for comparable attorneys who practice in this community. BAL Defendants' professional negligence was a substantial factor in Hou's failing to be granted the visa at Beijing Consular Office, which in turn led to his unemployment for 7 months (Plaintiff Hou was scheduled to work in the Amazon Seattle office on December 2nd, 2019, while he finally started to work in Beijing office at June 12th, 2020), (a true and correct copy of which is attached hereto as Exhibit D), leaving his family unsupported. Furthermore, the pain of violation of immigration law tortured the family, which brought them great uncertainty and emotional stress.

23. As a direct and proximate result of BAL Defendants' professional negligence, Plaintiffs have suffered compensatory damages in an amount that has yet to be proven at court but estimated to be approximately $563,000.

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE
PAGE 8

## SECOND CAUSE OF ACTION

(Breach of Common Law Negligence against Defendants BAL and Sanchez)

24. Plaintiff refers to and incorporates herein the General Allegations and the allegations of the First Cause of Action in paragraphs 1 through 21 alleged herein above, and make them a part hereof as though set forth at length.

25. Defendants, BAL and Sanchez, withdrew Plaintiffs Hou's H1B petition on a date that was unknown to plaintiffs, instead of following STEM's letter to "submit the REF materials at hand before May 27th, 2019". Even if BAL defendants had to withdraw the petition to comply with the regulations, they still had the obligation to inform the plaintiffs and clear the confusion caused by STEM's promise, especially since the plaintiffs are laymen. The plaintiffs have checked their visa status on the USCIS website many times, which showed "On April 23rd, 2019, we received your response to our Request for Evidence for your form 1-129. …. USCIS has begun to work on your case again." all the time. (a true and correct copy of which is attached hereto as Exhibit E). The letter from STEM and the un-updated information from USCIS website gave plaintiffs the false belief that BAL defendants have kept the promise of STEM, and sent whatever at hand to USCIS, while USCIS is very slow to deal with the case. BAL defendants, as plaintiffs' attorneys, never even tried to clear the situation and put the plaintiffs in the dark, even though the plaintiffs have asked three times in the emails after BAL defendants has already received the denial Decision.

26. Plaintiff Sun's opportunity of maintaining her status was ruthlessly deprived by the BAL defendants, due to their negligence. Plaintiff Sun could timely submit an appeal

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE

motion, reinstate into student's F1 status, or file a new I539 application to change to another valid status, if BAL defendants used reasonable care in the representation of plaintiff Sun to instruct her to take alternative actions to protect her interests to maintain her visa status. Even the notice from USCIS, emphasizes that plaintiff Sun has the right to submit a motion to reopen or reconsider the application by completing Form I-290B and the appeal motion must be filed within 33 days from the date of the notice which is May 2nd 2019. At the end of the notice, the USCIS also warned that plaintiff Sun "has to be very careful to maintain plaintiffs' lawful status. Once plaintiff's I-94 passed the expiration date, this notice may leave plaintiff without lawful immigration status immediately." (a true and correct copy of which is attached hereto as Exhibit C).

27. When plaintiff Sun saw the Notice from USCIS in November, she tried to contact 6 community colleges to reinstate her student status. Unfortunately, plaintiff Sun was informed by the school officers that the window has been closed since her student status has expired for more than 6 months.

28. When BAL defendants finally revealed the Decision to the plaintiffs and mentioned in her letter on November 27th "I understand that the situation is extremely stressful for you", however, the only help Defendant Sanchez could offer is " No worries! I am sure your immigration counsel will find a solution. Unfortunately, the USCIS website is not always up to date." (a true and correct copy of which is attached hereto as Exhibit B). Without any apologies or guiltiness, without any intention to help, BAL defendants have never acted in good faith nor in the plaintiffs' best interests.

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE

29. As indicated in the foregoing paragraphs, as a result of the BAL defendants' undertaking to provide legal services to the plaintiffs, the BAL defendants had a duty of care to the plaintiff to exercise the skill and knowledge ordinarily possessed by attorneys under similar circumstances, to exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which they were employed. By engaging in the conduct set forth in the foregoing paragraphs, the defendants negligently breached their duty of care to the plaintiff.

30. As a result of the BAL defendants' silence, inaction, indifference and non-advice with respect to the Decision, the plaintiffs' whole family had to leave the U.S expeditiously to avoid an even longer failure to maintain nonimmigrant status. The plaintiffs' family suffered a great economic loss and emotional trauma because of the worrisome situation.

31. As a direct and proximate result of BAL Defendants' common law negligence, Plaintiffs have suffered compensatory damages in an amount yet to be proven at court but estimated to be approximately $563,000.

### **PRAYER FOR RELIEF**

The plaintiff Hou has to work all night to sync with Amazon U.S. team, which caused him to suffer from sleep disorder and many different illnesses. The plaintiffs' children were born in the United States, but they are now experiencing great difficulties in trying to adjust to their new way of life in China and adapting to the educational system in China.

WHEREFORE, the Plaintiff requests that the court award them the sum of $563,000.00 in compensatory damages in connection with this matter

The itemization of the monetary demand upon BAL is as follows:

SECOND AMENDED COMPLAINT FOR LEGAL MALPRACTICE

1. 7 months no income in China = $150,000

2. Two years working in China = $270,000 ($235,000 salary paid by Amazon Seattle versus payment of $100,000 to work remotely in China during the middle of the night)

3. $23,000 reduction to rent plaintiffs' home cheaper than what it was worth

4. $10,000 reduction in selling two cars

5. $2,000 lawyer's fee for preparing waiver

6. $8,000 lawyer's fee for negotiation before filing the complaint

7. $100,000 for emotional pain and suffering

Total: $563,000

Dated: July 20, 2022           Hua Hou

                                 Luqin Sun

_____

                                   Hua Hou & Luqin Sun

# Exhibit A

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number<br>WAC1904950969 | | Case Type<br>I129 - PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| Received Date<br>11/19/2018 | Priority Date | Petitioner<br>STEM INC |
| Notice Date<br>01/03/2019 | Page<br>1 of 2 | Beneficiary<br>HOU, HUA |

| | |
|---|---|
| STEM INC<br>c/o CLAUDIA VILLASENOR SANCHEZ<br>BERRY APPLEMAN & LEIDEN LLP<br>2400 N GLENVILLE DR BLDG A STE 100<br>RICHARDSON TX 75082 | **Notice Type:** Receipt Notice<br>Amount received: $2460.00 U.S.<br>Class requested: H1B |

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

**What the Official Notice Said**

**We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above.** It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

**If any of the above information is incorrect or you have any questions about the status of your case, please call the USCIS Contact Center (UCC) at 1-800-375-5283 (TDD number is 1-800-767-1833) or visit the USCIS website at www.uscis.gov.** If you call us, please have your Alien Registration Number (A-Number) and/or the receipt number shown above. The receipt number is a tracking number for your case and will help with inquiries.

**Processing time** - Processing times vary by case type. Go to www.uscis.gov to see the current processing times listed by case type and office.

- View your case status on our website's Case Status Online page.
- You can also sign up to receive free email updates as we process your case.
- Most of the time your case is pending, the process status will not change. This is because we are working on cases that were filed before your case.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.
- If you do not receive an initial decision or update from us within our current processing time, contact the UCC at 1-800-375-5283 or visit our website at www.uscis.gov.

**If your address changes** - Non-U.S. citizens must report a change of address within ten (10) days of moving within the United States or its territories. To file a change of address visit the USCIS website at www.uscis.gov/addresschange or call UCC at 1-800-375-5283 (TDD number is 1-800-767-1833).

Number of workers: 1

| Name | DOB | COB | Class | Consulate/POE | OCC |
|---|---|---|---|---|---|
| HOU, HUA | 01/23/1974 | CHINA, PEOPLE'S REPUBLIC OF | F2 | | 030 |

**Return of Original Documents** - Use Form G-884 to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**For I-129CW Filings/E-Verify Requirement:** The "Northern Mariana Islands U.S. Workforce Act of 2018" was recently signed into law and contains provisions regarding CW-1 employer use of E-Verify. E-Verify is an internet-based system that compares information from Form I-9, Employment Eligibility Verification, to government records to confirm that an employee is authorized to work in the U.S. Although E-Verify enrollment is not mandatory at this time for employers filing for FY 2019 CW-1 visas, USCIS strongly encourages CNMI employers to enroll in the program as soon as possible. See www.E-Verify.gov for additional information.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

**USCIS Contact Center: 1-800-375-5283**



## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| WAC1904950969 | | I129 - PETITION FOR A NONIMMIGRANT WORKER |
| **Received Date** | **Priority Date** | **Petitioner** |
| 11/19/2018 | | STEM INC |
| **Notice Date** | **Page** | **Beneficiary** |
| 01/03/2019 | 2 of 2 | HOU, HUA |

**NOTICE:** Under the Immigration and Nationality Act (INA), the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

**USCIS Contact Center: 1-800-375-5283**



---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  07/11/14 Y

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number<br>WAC1904950982 | | Case Type<br>I539 - APPLICATION TO EXTEND/CHANGE NONIMMIGRANT STATUS |
|---|---|---|
| Received Date<br>11/19/2018 | Priority Date | Applicant<br>SUN, LUQIN |
| Notice Date<br>11/19/2018 | Page<br>1 of 1 | Beneficiary<br>SUN, LUQIN |

LUQIN SUN
c/o CLAUDIA VILLASENOR SANCHEZ
2400 N GLENVILLE DR BLDG A STE 100
RICHARDSON TX 75082

**Notice Type:** Receipt Notice
Amount received: $370.00 U.S.
Class requested: H4

**Receipt Notice** - This notice confirms that USCIS received your application or petition ("this case") as shown above. **If any of the above information is incorrect, please immediately call 800-375-5283 to let us know.** This will help avoid future problems.

This notice does not grant any immigration status or benefit, nor is it evidence that this case is still pending. It only shows that the application or petition was receipted on the date shown.

**Processing Time** - Processing times vary by case type. You can check our website at www.uscis.gov for our current "processing times" for this case type at the particular office to which this case is or becomes assigned. On our website's "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps on this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we will be working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice, and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

**If your address changes** - If your mailing address changes while your case is pending, call 800-375-5283 or visit www.uscis.gov/addresschange to give us your new mailing address. Otherwise, you might not receive notice of our action on this case.

**Return of Original Documents** - Use Form G-884 to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** Under the Immigration and Nationality Act (INA), the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Applicants:

| Name | | DOB | COB | | Class |
|---|---|---|---|---|---|
| SUN, LUQIN | | 08/14/1974 | CHINA, PEOPLE'S REPUBLIC OF | | H4 |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

**USCIS Contact Center: 1-800-375-5283**



# Exhibit B


| | |
|---|---|
| ○ &lt;jdulovics@balglobal.com&gt; | <span style="background-color:yellow">Fri, Mar 8, 2019 at 11:53 AM</span> |

To: Hua Hou &lt;hhou2011@gmail.com&gt;, Erin Harris &lt;eharris@balglobal.com&gt;, "patti.lusk@stem.com" &lt;patti.lusk@stem.com&gt;
Cc: Claudia Villaseñor Sanchez &lt;cvillasenor@balglobal.com&gt;

Hi Hua,

<span style="background-color:yellow">My name is Jo Ann and I will be assisting with the RFE response.  Our response is due **May 27**th, but we will respond as soon as we have all of the information.</span>  This particular RFE is requesting more information regarding the specialty nature of your work, this includes explanation that the degree held by you is the normal minimum requirement, that this degree is common throughout the industry for similar positions, and that the position is specialized and complex in nature.  To start, we would like to request an expert letter be drafted by a professor in this field to attest to the fact that the work is highly specialized. These expert letters are a great addition to an RFE response, as they are from an objective source who understand the minimum, normal requirements of the industry.

In order to request a letter like this be written, we will need a more in depth job description.  I have attached a sample to this email for your review.  At your earliest convenience, please fill in the necessary information, and send it back to me.  At that time I will be able to request a quote and an approximation of time for the letter to be written.

Additionally, the RFE requests we expand on why/how your specific degree is relevant and necessary to your position. We will need to explain to USCIS, in detail, that it is not uncommon for someone in your position to hold this degree and that it is something that is utilized in the daily work you will do.  In order to explain this, I have also attached a sample of the information we will need.  Please fill in the course chart and explanation at your earliest convenience, and return to me.

Lastly, it is beneficial to submit evidence regarding the specific duties of the position and the nature of the business operations.  To do this please see any (or all) of the following documents:

-    Copies of documentary examples of work products created by employees in similar positions, such as:

      o Reports;

      o Presentations;

      o Evaluations;

      o Designs; or

      o Blueprints

-    Additional information about the organization, highlighting the nature, scope, and activity of the business, along with evidence to establish that you will be employed with the duties we set forth such as:

      o Business plans, reports, and presentations that describe the business;

      o Contractual agreements or work orders from clients that will utilize your services; and/or

      o Promotional materials, advertisements, articles, and/or press releases

Please let me know if you have any questions!

Thank you,

    ○     Immigration Assistant

 

## Rescinding Stem's Offer of Employment

**Erik Egan** <erik.egan@stem.com>                                      Tue, Apr 2, 2019 at 4:46 PM
To: Hua Hou <hhou2011@gmail.com>
Cc: Patti Lusk <patti.lusk@stem.com>

Hello Hua –

This email is to formally confirm the information we discussed by phone earlier today. Unfortunately, Stem finds it necessary to rescind the offer of employment extended to you on October 13, 2018 due to adverse business conditions. All Stem activity regarding processing of your H1-B visa application to the USCIS must also cease, as will any work by Stem's lawyers (BAL) that would incur additional cost to Stem.

Per your request, however, Stem will ask BAL to submit the RFE documents they already have in hand shortly before the May 27th deadline. We hope this provides you with the additional time you need to find alternative employment.

I am deeply sorry that I have to inform you of this development. I and the team have been looking forward over the past six months to bringing you on board, but that will just not be possible now.

Best regards,

Erik

**Erik Egan** | Director, Network Operations

**stem** | **m** 510.499.2041

100 Rollins Road, Millbrae, California 94030

This e-mail and/or any attachments contain Stem, Inc. confidential and proprietary information and material for the sole use of the intended recipient(s). Any review, use or distribution that has not been expressly authorized by Stem, Inc. is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies. Thank you.

 
## RE: Stem | Hou, Hua | RFE

**Hua Hou** <hhou2011@gmail.com>                                    Fri, May 24, 2019 at 1:59 PM
To: Erin Harris <eharris@balglobal.com>, Jo Dulovics <jdulovics@balglobal.com>

Hi Erin and Jo,
I was wondering if my RFE package has been prepared to send back USCIS by May 27th.
Here I also attached one more my transcript from Gatech. Please add this one into the package too.

Have a great weekend.

Thanks!
-Hua
[Quoted text hidden]

**4 attachments**

B · A · L  **image002.png**
2K

B · A · L  **image001.jpg**
1K

**Transcript-CN-DB.pdf**
4058K

**Transcript-CN-DB.pdf**
4058K


## RE: Stem | Hou, Hua | RFE

**Hua Hou** <hhou2011@gmail.com>                                    Wed, May 29, 2019 at 10:25 AM
To: Erin Harris <eharris@balglobal.com>, Jo Dulovics <jdulovics@balglobal.com>

Hi Erin and Jo,
I just want to confirm my RFE package has been sent to USCIS.
Please let me know if you have sent it.

Thanks!
-Hua
[Quoted text hidden]


# Stem: Rescinding Stem's Offer of Employment

**Hua Hou** <hhou2011@gmail.com>                                                    Thu, May 30, 2019 at 2:07 PM
To: Patti Lusk <patti.lusk@stem.com>
Cc: Claudia Villaseñor Sanchez <cvillasenor@balglobal.com>, Jo Dulovics <jdulovics@balglobal.com>, Erin Harris <eharris@balglobal.com>

Hi Patti,

Thanks for your email.
As Eric has told me, " Stem will ask BAL to submit the RFE documents they already have in hand shortly before the May 27th deadline. We hope this provides you with the additional time you need to find alternative employment.". I was wondering if BAL sent out my RFE package they have collected so far to USCIS. If USCIS got the RFE package, they will be spending more time to process it. That's what I want. I need to get more time to stay in valid visa status in order to find the next employer.

Thanks!
-Hua
[Quoted text hidden]

**Hua Hou** <hhou2011@gmail.com>
to Erin, Jo

Nov 26, 2019, 9:09 AM

Hi Erin,

As you and Stem have notified me, my case has been closed with your firm.
But I was wondering what the final decision from USCIS is.
I have got a new job offer from Amazon. The law firm of Amazon needs me to provide the latest update for my immigration status.

I just check the USCIS. Both H1b case WAC 1904950069 and H4 case WAC1904950982 are still pending.

Do you have received any final decision from USCIS, since we submitted the Response for Evidence on April 2019?

Thank you very much. I really need your help!

-Hua

## RE: Stem | Hou, Hua | RFE

**Claudia Villaseñor Sanchez** <cvillasenor@balglobal.com>
To: "hhou2011@gmail.com" <hhou2011@gmail.com>
Cc: Erin Harris <eharris@balglobal.com>

Tue, Nov 26, 2019 at 2:10 PM

Hi Hua,

Thanks for reaching out. It's good to hear from you! Per Stem instructions, we responded to the RFE with a withdrawal. Since Stem's offer for employment wasn't still valid, that was appropriate in compliance with the regulations. Please let me know if you have additional questions.

Best,

—

**Claudia Villaseñor** Associate Attorney, Attorney at Law*

# B · A · L

Berry Appleman & Leiden LLP

## RE: Stem | Hou, Hua | RFE

**Claudia Villaseñor Sanchez** <cvillasenor@balglobal.com>
To: Hua Hou <hhou2011@gmail.com>
Cc: Erin Harris <eharris@balglobal.com>

Wed, Nov 27, 2019 at 6:57 AM

Hi Hua,

No worries! I understand that this situation is extremely stressful for you.  I am sure your immigration counsel will find a solution. Unfortunately, USCIS website is not always up to date. The withdrawal letter was issued May 2nd. We will be providing the letter on a separate email for your records. We wish you the best of lucks and a most blessed holiday season.

Best,

—

**Claudia Villaseñor** Associate Attorney, Attorney at Law*

B · A · L

Berry Appleman & Leiden LLP


## RE: Stem | Hou, Hua | RFE

**Erin Harris** <eharris@balglobal.com>                         Wed, Nov 27, 2019 at 7:57 AM
To: Hua Hou <hhou2011@gmail.com>, Claudia Villaseñor Sanchez <cvillasenor@balglobal.com>

Hi Hua,

Attached is the decision from the withdraw. No, we did not respond to the RFE other than withdrawing the petition. Case status online does not always update properly.

Regards,

**Erin Harris**  Senior Paralegal

# B · A · L

Berry Appleman & Leiden LLP

2400 N. Glenville Drive

Building A, Suite 100

Richardson, TX, 75082, United States

**T** +1 972 729 6080   **F** +1 972 729 6100

Web  Facebook  Twitter  LinkedIn  Google+

Please visit http://www.balglobal.com for information on BAL. This e-mail may contain confidential information. If you are not the intended recipient, please notify me and permanently delete the e-mail.

**From:** Hua Hou [mailto:hhou2011@gmail.com]
**Sent:** Wednesday, November 27, 2019 9:31 AM
**To:** Claudia Villaseñor Sanchez
**Cc:** Erin Harris
**Subject:** Re: Stem | Hou, Hua | RFE

# Exhibit C

May 2, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



**U.S. Citizenship
and Immigration
Services**



STEM INC
c/o CLAUDIA VILLASENOR SANCHEZ
BERRY APPLEMAN & LEIDEN LLP
2400 N GLENVILLE DR BLDG A STE 100
RICHARDSON, TX 75082

WAC1904950969

Form I-129, Petition for a Nonimmigrant Worker



## WITHDRAWAL

On November 19, 2018, you filed a Petition for a Nonimmigrant Worker (Form I-129) with U.S. Citizenship and Immigration Services (USCIS). In order to withdraw a petition, you must request a withdrawal before USCIS issues a decision. Title 8, Code of Federal Regulations (8 CFR) § 103.2(b)(6) states:

> Withdrawal. An applicant or petitioner may withdraw a benefit request at any time until a decision is issued by USCIS or, in the case of an approved petition, until the person is admitted or granted adjustment or change of status, based on the petition. However, a withdrawal may not be retracted.

Subsequent to the filing of the petition, you submitted a written notice requesting the withdrawal of the above-mentioned petition. Pursuant to that request, this notice is the official acknowledgment of your request to withdraw the petition and the record will reflect that your petition has been withdrawn.

The withdrawal of this case is the final action for which there are no appeal rights. However, per 8 CFR § 103.2(b)(15), the withdrawal does not preclude the filing of a new benefit request with a new fee. Please note that the facts and circumstances of the withdrawal may still be considered in the adjudication of future benefit requests, as outlined in 8 CFR § 103.2(b)(15).

Sincerely,

Kathy A. Baran
Director, California Service Center

May 2, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



**U.S. Citizenship and Immigration Services**

LUQIN SUN
c/o CLAUDIA VILLASENOR SANCHEZ
2400 N GLENVILLE DR BLDG A STE 100
RICHARDSON, TX 75082



WAC1904950982

Form I-539, Application to Extend/Change
Nonimmigrant Status

## DECISION



Applicant(s): LUQIN SUN

On November 19, 2018, you filed a Form I-539, Application to Extend/Change Nonimmigrant Status with U.S. Citizenship and Immigration Services (USCIS).

After careful review and consideration of the entire record, your Form I-539 is denied for the reason(s) discussed below.

You filed this Form I-539 with U.S. Citizenship and Immigration Services (USCIS) requesting a change of status to a(n) H4 dependent of a nonimmigrant worker under the Immigration and Nationality Act (INA).

You were admitted to the United States or granted status as a dependent of a nonimmigrant worker. As a dependent of a nonimmigrant worker, your status is subject to the principal alien's status. Since the Form I-129, Petition for a Nonimmigrant Worker, and concurrent change of status for the principal alien was withdrawn, you do not qualify for the requested change of status.

Therefore, your application is denied. This decision is without prejudice to consideration of subsequent applications to extend/change nonimmigrant status filed with USCIS.

This decision may not be appealed. However, if you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may submit a motion to reopen or a motion to reconsider by completing a Form I-290B, Notice of Appeal or Motion. A motion to reopen must state the new facts to be considered and must be supported by affidavits or other new documentary evidence. A motion to reconsider must show that the decision was legally incorrect according to statute, regulation, and/or precedent decision.

The motion must be filed within 33 days from the date of this notice. You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100

Phoenix, AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 and/or 103.5; call our National Customer Service Center at 1-800-375-5283; or visit your local USCIS office.

### WARNING CONCERNING UNLAWFUL PRESENCE

Please be aware that, under section 212(a)(9)(B) of the Immigration and Nationality Act (INA), an alien who accrues more than 180 days of unlawful presence in the United States, and then departs, is inadmissible to the United States for a period of either three years or ten years.

You may remain in your current nonimmigrant status until the expiration date indicated on your Form I-94, Arrival-Departure Record. However, if the date listed on your Form I-94 has already passed, this Notice of Decision may leave you without lawful immigration status and you may be present in the United States in violation of the law.

Sincerely,

Kathy A. Baran
Director, California Service Center



# Exhibit D

**Michael Moore**
**Associate Attorney**

**Direct: +1 857 305 4457**
**mmoore@fragomen.com**

# FRAGOMEN

ATTORNEYS AT LAW

Fragomen, Del Rey, Bernsen & Loewy, LLP
100 High Street, 3rd Floor
Boston, MA 02110
Main: +1 617 574 0400
Fax: +1 617 226 4561
www.fragomen.com

November 27, 2019

**VIA FEDERAL EXPRESS**

ATTN: PREMIUM PROCESSING
Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
24000 Avila Road
2nd Floor, Room 2312
Laguna Niguel, CA  92677

RE: **H-1B**     **Visa Petition of Amazon.Com Services, Inc., and Request for Nonimmigrant Status on behalf of Mr. Hua HOU**

Dear Sir or Madam:

In support of the referenced petition/application, we are enclosing the following:

**Mr. Hua HOU**
1. Form G-28, Notice of Appearance as Attorney;
2. Form I-907, Request for Premium Processing;
3. Form I-129, Petition for Nonimmigrant Worker with H Supplement, in duplicate;
4. Form I-129, H-1B Data Collection & Filing Fee Exemption, in duplicate;
5. Form ETA-9035 & 9035E, Certified Labor Condition Application, in duplicate;
6. Supporting Letter of Amazon, in duplicate;
7. Copies of supporting documentation, in duplicate, including:
   - Academic and professional credentials, with transcripts and equivalency evaluation;
   - Form I-94, Arrival/Departure Record, with H-1B visa;
   - Biographic page of passport;
   - Past H-1B Approval Notice; and
8. Pre-paid Federal Express Envelope for return of approval notice; and
9. Filing fees in the amount of $1410, $1500, $500, and $460.

Should you require any additional information or documentation, please contact this office directly.

Very truly yours,

Michael Moore

MM/mb, enc.

Bangalore* • Beijing* • Boston • Brisbane* • Brussels • Canberra* • Chicago • Coral Gables • Dallas • Dubai* • Frankfurt • Hong Kong* • Irvine
Johannesburg* • Kochi* • London • Los Angeles • Matawan • Melbourne* • New York • Paris** • Perth* • Philadelphia • Phoenix • San Diego
San Francisco • San Jose, Costa Rica* • Santa Clara • Shanghai* • Singapore* • Sydney* • Toronto* • Troy • Washington, DC • Wellington*

*Affiliated through Fragomen Global Immigration Services LLC  •  **Correspondent Office

| Receipt Number WAC2005250534 | | Case Type I129 - PETITION FOR A NONIMMIGRANT WORKER | |
|---|---|---|---|
| Received Date 11/29/2019 | Priority Date | Petitioner AMAZON COM SERVICES INC | |
| Notice Date 12/09/2019 | Page 1 of 2 | Beneficiary A201 084 597 HOU, HUA | |

AMAZON COM SERVICES INC
c/o MICHAEL MOORE
FRAGOMEN DEL REY BERNSEN & LOEWY L
7000 BROOKTREE ROA D 1FL MS4735741
WEXFORD PA 15090

**Notice Type:** Approval Notice
Class: H1B
Valid from 12/02/2019 to 12/01/2022
Consulate: BEIJING

The above petition has been approved, and notification has been sent to the listed consulate. You may also send the tear-off bottom part of this notice to the worker(s) to show the approval. Please contact the consulate with any questions about visa issuance. **THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

Petition approval does not authorize employment or training. When the workers are granted status upon admission to the United States, they can then work for the petitioner, but only as detailed in the petition and for the period authorized. When seeking admission to the United States, the following classifications may be eligible for a grace period of up to 10 days before, and up to 10 days after the petition validity period: CW-1, E-1, E-2, E-3, H-1B, H-2B, H-3, L-1A, L-1B, O-1, O-2, P-1, P-2, P-3, TN-1, and TN-2. H-2A nonimmigrants may be eligible for a grace period of up to one week before and 30 days after the petition validity period. If provided at admission, this grace period will be annotated on the beneficiary's I-94 by Customs and Border Protection (CBP). The grace period is a period of authorized stay but does not provide the beneficiary authorization to work beyond the petition validity period. Please contact the IRS with any questions about tax withholding.

If circumstances change, the petitioner can file Form I-824 to have us notify another consulate of this approval. If any of the workers are already in the U.S. the petitioner can file a new Form I-129 to seek to change or extend their status based on this petition. Changes in employment or training may also require a new petition. Include a copy of this notice with any other required documentation.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Number of workers: 1

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Please tear off portion below and forward it to the alien worker.

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

Receipt#: WAC2005250534
Notice Date: December 09, 2019
Petitioner Validity Dates: Valid from 12/02/2019 to 12/01/2022

Case Type: I129
Petitioner: AMAZON COM SERVICES INC,
Number of Workers: 1

| Name | DOB | COB | Class | Consulate/POE | OCC |
|---|---|---|---|---|---|
| HOU, HUA | 01/23/1974 | CHINA, PEOPLE'S RE.. | H1B | BEIJING | 030 |

## I-797B | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| WAC2005250534 | | I129 - PETITION FOR A NONIMMIGRANT WORKER |
| Received Date | Priority Date | Petitioner |
| 11/29/2019 | | AMAZON COM SERVICES INC |
| Notice Date | Page | Beneficiary   A201 084 597 |
| 12/09/2019 | 2 of 2 | HOU, HUA |

| Name | | DOB | COB | Class | Consulate/POE | OCC |
|---|---|---|---|---|---|---|
| HOU, HUA | | 01/23/1974 | CHINA, PEOPLE'S RE.. | H1B | BEIJING | 030 |

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

NOTICE: Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

California Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111
**Customer Service Telephone: (800) 375-5283**

Please tear off portion below and forward it to the alien worker.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

VOID VOID
VOID VOID
VOID VOID
VOID VOID
VOID VOID
VOID VOID
VOID VOID
VOID VOID
VOID VOID

FORM I-797B [REV. 08/01/16]



P.O. BOX 81226, SEATTLE, WA, 98108-1226

10/18/2019

hua hou
1545 Morton St
Alameda, 94501
United States

Dear hua:

On behalf of Amazon.com Services, Inc. (the "Company"), I am very pleased to offer you the position of Software Development Engineer. This letter clarifies and confirms the terms of your employment with the Company.

## Start Date and Salary

Unless we mutually agree otherwise in writing, you will commence employment on December 2, 2019 ("Start Date"). Your salary will be $150,000.00 annualized, payable in accordance with the Company's standard payroll practice and subject to applicable withholding taxes. Because your position is exempt from overtime pay, your salary will compensate you for all hours worked. You will receive your full salary in any workweek that you perform work subject to limited deductions permitted by law as applicable to your status as a salaried exempt employee. You will be eligible for a performance assessment and compensation adjustment in calendar year 2021. Ordinarily this process occurs each April.

## Signing Payment

In appreciation of your decision to join us, you will be eligible for a sign-on payment of $70,000.00. This sign-on payment will be issued in prorated pay period installments as you complete your first year of employment with the Company. Each installment will be earned at the time of payment. If your employment with the Company is terminated for any reason prior to the first anniversary of your Start Date, you will receive one final prorated installment based on the days worked in your final pay period. No additional installments will be paid.

If you are employed with the Company after the one-year anniversary of your Start Date, you will be eligible for a second sign-on payment of $53,000.00. This sign-on payment will be issued in prorated pay period installments as you complete your second year of employment with the Company. Each installment will be earned at the time of payment. If your employment with the Company is terminated for any reason prior to the second anniversary of your Start Date, you will receive one final prorated installment based on the days worked in your final pay period. No additional installments will be paid.

Sign-on payments are payable in accordance with the Company's standard payroll practice and subject to applicable withholding taxes. Leaves of absence may affect how and when a payment is earned and paid, as detailed in the Company's policies and Benefits Guide During Leave at the time leave is taken.

**Restricted Stock Unit Award**

Subject to approval by the Board of Directors of Amazon.com, Inc., you will be granted a restricted stock unit award with respect to 98 shares of Amazon.com, Inc. common stock. This award will vest and convert into shares of common stock over four years, as follows, subject to your continued employment with the Company:

- 5% on the 15th day of the month in which you reach your first anniversary of employment,

- An additional 15% on the 15th day of the month in which you reach your second anniversary of employment, and

- An additional 20% every six months thereafter, until fully vested.

Your award will be documented by delivery to you of a Restricted Stock Unit Award Agreement specifying the terms and conditions of the award. You will be eligible for a restricted stock unit grant, based on your performance, in calendar year 2021. Ordinarily this process occurs each April.

**Relocation**

For information about your relocation benefits, please review the attached document. Relocation benefits paid to you or expenses incurred on your behalf will be treated as an advance and will be earned on a prorated daily basis as you complete two full years of employment with the Company. If your employment with the Company is terminated for any reason prior to the second anniversary of your Start Date, you will be required to repay any unearned portion of the amounts paid to you or incurred on your behalf to the Company.

**Benefits**

During the term of your employment, you will be entitled to 401(k), health and welfare, vacation, and other benefits as may be offered by the Company from time to time, subject to eligibility and other terms and conditions stated in the governing documents. Generally you are eligible to enroll in our 401(k) and major medical plans as of the date you start employment, with access to our enrollment system about three business days after your Start Date. Please refer to the enclosed documents for more information.

**Background Check**

This offer is contingent on the successful completion of a background check.

**Employment at Will**

If you accept our offer of employment, you will be an employee-at-will, meaning that either you or the Company may terminate our relationship at any time for any reason, with or without cause.

Any statements to the contrary that may have been made to you, or that may be made to you, by the Company, its agents, or representatives are superseded by this offer letter.

**Confidentiality, Noncompetition and Invention Assignment Agreement**

As a condition of and before you begin employment, you must sign the Confidentiality, Noncompetition and Invention Assignment Agreement (the "Agreement"). The Company's willingness to grant you the restricted stock unit award referred to above is based in significant part on your commitment to fulfill the obligations specified in the Agreement. You should know that the Agreement will significantly restrict your future flexibility in important ways. For example, you will be unable to seek or accept certain employment opportunities for a period of 18 months after you leave the Company. Please review the Agreement carefully and, if appropriate, have your attorney review it as well.

**Employment Eligibility**

To comply with immigration laws, you must provide the Company with evidence of your identity and eligibility for employment in the United States no later than three (3) business days after your date of hire. If you are in visa status, you also must provide new or renewed evidence of your eligibility for employment immediately prior to or upon expiration of your visa authorization.

**Additional Provisions**

If you accept this offer, the terms described in this letter will be the initial terms of your employment, and this letter supersedes any previous discussions or offers. Any additions to or modifications to this offer must be in writing and signed by you and an officer of the Company.

**This offer and all terms of employment stated in this letter will expire October 27, 2019.**

hua, we are very excited about the possibility of you joining us. I hope that you will accept this offer and look forward to a productive and mutually beneficial working relationship. Please let me know if I can answer any questions for you about any of the matters outlined in this letter.

Sincerely,


Satyamurthy Yadavalli
Sr. Manager, Software Dev

## ACCEPTANCE

I accept employment with Amazon.com Services, Inc. under the terms set forth in this letter.

_____  _____

Signature                                                                                           Date

hua hou

2019-10-18-19-30-357e0c15-7898-4515-a3b8-38c117863664



**June 08, 2020**

Dear Hua Hou,

Welcome to Amazon.cn, an affiliate of Amazon.com!

Please read the following offer letter carefully before clicking 'Acknowledge' button in the system.

Please also remember that on your start day you will be required to bring the following documents to the HR department:

1. Certificate of termination of your employment with your last former employer (original).
2. National ID Card or passport with work authorization (original and copies).
3. Education Certificates (originals and copies).
4. 1'' photograph (both digital and paper based) with white background taken within 6 months (same standard with ID Photo).
5. A local bank account in order to receive payroll.

An onboarding guide that includes the detailed list of the above documents will be sent to you 1-2 weeks ahead of your onboard day. If any conflict, the onboarding guide shall prevail. In addition, you will also be required to sign an employment contract, which will be provided on your start day of employment.

Please feel free to contact Recruiter Dong Tianfei at 01085567113 if you have any questions. Thank you, we look forward to hearing from you soon.

Sincerely,

Janet Li

Janet Li
Recruiting Manager
Amazon China



**June 08, 2020**

Dear Hua Hou,

On behalf of **Amazon Connect Technology Services (Beijing) Co., Ltd.** (the "Company"), we are very pleased to offer you the position as outlined in this letter.

This offer is subject to satisfactory references check, authenticity and accuracy of the information or documents you provided, confirmation (prior to joining) of your eligibility to legally work in China, and your starting to work at the Company on the Start Date required by the Company. In addition, you should not owe any obligation to any third party that might prevent you from starting work with the Company, including but not limited to non-compete obligation.

**Offer Information:**

| | |
|---|---|
| Start Date: | **June 12, 2020** |
| Position: | **Software Development Engineer** |
| Reporting Manager: | **Sarah Cooper** |
| Annual Base Salary: | **450,000 RMB (GROSS)** |
| Place of Employment: | **Beijing** |
| Contract Term: | **3 Years** |
| Probation: | **6 Months** |

**Sign-on Bonus**

In appreciation for your decision to join us, the Company will pay you a **250,000 RMB** (gross) sign-on bonus during your first year of employment, which will be paid in twelve monthly installments, starting at the end of your first full month of employment (the first full month of employment is not necessarily the first calendar month of your employment). If you are employed with the Company on the one-year anniversary of your hire date, the Company will pay you a second bonus in the amount of **200,000 RMB** (gross) during your second year of employment, which will be paid in twelve monthly installments, subject to your continued employment with the Company. Please note that all bonuses will be payable in accordance with the Company's standard payroll practice decided at the Company's sole discretion and subject to applicable withholding taxes. If your employment with the Company is terminated for any reason during your first two years of employment, any monthly payments will cease after the date of termination.

**Employee Benefits**

During the term of your employment, the Company will enroll you to the statutory social insurance as required by Chinese laws or regulations. You should be responsible to provide any required documents to ensure a timely enrollment and make the contributions in accordance with local regulations.

You will also be entitled to holidays, annual leave, supplemental insurance and other employee benefits offered by the Company, subject to applicable eligibility requirements as described in



the Benefits Summary or Employee Handbook. You will be responsible for the potential individual income tax associated with the benefits as stipulated by China Tax regulations. The Company reserves the right to modify the benefits policies at its sole discretion.

**Probation Period**

Your probation period will be 6 months, starting from the commencement date of your employment. The Company will conduct an assessment of your performance by the end of the probation period.

**Confidentiality and Non-Compete Agreement**

As a condition of your employment pursuant to this offer letter, we do require that you sign the enclosed Confidentiality and Non-Compete Agreement. You should know that the agreement may significantly restrict your future flexibility in many ways. For example, for a period of 12 months after you leave the Company, you may be unable to seek or accept certain employment opportunities with companies competing with our then existing business. Please review the agreement carefully and, if appropriate, have your attorney review it as well.

**Employment Eligibility**

We are required by law to verify your ability to work lawfully in China. Therefore, on or before your first day of employment, you will need to provide the original of either your National ID Card or passport and any other work authorization document. Please bring the appropriate documents along with you on your start day.

**Acceptance of this Offer of Employment**

If you wish to accept employment with the Company, please indicate so by clicking 'Acknowledge' button in the system. This offer and all terms of employment stated in this letter will expire if you have not returned a signed copy of this letter to the HR Department by **June 10, 2020**. Subject to all the pre-conditions specified in this letter and after receiving all the required documents provided by you, the Company will sign an employment contract and a Confidentiality and Non-Compete Agreement with you. Those agreements, once signed, supersede the terms in this offer letter.

We are very excited about your joining the Company. I hope that you will accept this offer and look forward to a productive and mutually beneficial working relationship. Please let me know if I can answer any questions for you about any of the matters outlined in this letter.

Yours Sincerely,

Janet Li
Recruiting Manager
Amazon China



**ACCEPTANCE**

I hereby accept employment with **Amazon Connect Technology Services (Beijing) Co., Ltd.,**
under all the terms set forth in the Confidentiality and Non-Compete Agreement, and this letter.

Signature: _____          Date: _____

Printed Name: _____



# Exhibit E



# Response To USCIS' Request For Evidence Was Received

On April 23, 2019, we received your response to our Request for Evidence for your Form I-129, Petition for a Nonimmigrant Worker, Receipt Number WAC1904950969. USCIS has begun working on your case again. We will send you a decision or notify you if we need something from you. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

**Enter Another Receipt Number**  ?

# Exhibit F

## THE UNITED STATES OF AMERICA

| Receipt Number<br>YSC1790059706 | USCIS Account Number | Case Type<br>I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION | |
|---|---|---|---|
| Receipt Date<br>12/12/2016 | Priority Date | Applicant<br>A140 083 696<br>LUQIN   SUN | |
| Notice Date<br>03/22/2017 | Page<br>1 of 1 | | |

LUQIN SUN
1801 SHORELINE DR APT319
ALAMEDA  CA  94501

**Notice Type:**  Approval Notice
Class: C03C
Valid from 02/01/2017 to 01/31/2019

**We have approved your application for employment authorization.** We will send your Employment Authorization Document (EAD) (also known as an EAD card or Form I-766) to you separately.

Your EAD card is proof that you are allowed to work in the United States. Show the card to your employer to verify your authorization to work during the dates on the card. You cannot use this approval notice as proof of your employment authorization.

When you receive your EAD card, please check that all the information on the card is correct. If you need to change any information on the card, please mail all of the following to the office listed below:

- A letter explaining what information needs to be corrected,
- Your EAD card,
- A photocopy of this notice, and
- Evidence to show what the correct information should be. For example, if you need to correct your name, submit a copy of your birth certificate or official name change.

If You Have a Pending Form I-485

If you have a pending or approved Form I-140 and a pending Form I-485, you may request to change employers if your Form I-485 has been pending for at least 180 days. In order to do so, you need to submit documentation about your new job offer. For more information on how to request a change of employers and what information you must submit, please visit the USCIS website at www.uscis.gov.

If your EAD card expires before we make a final decision on your Form I-485, you may apply for a new EAD card.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION.**

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS/Potomac Service Center
2200 Potomac Center Dr
STOP 2425
Arlington VA 20598-2425



**Customer Service Telephone: 800-375-5283**

Form I-797 (Rev. 01/31/05) N