IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUA HOU and LUQIN SUN, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Civil Action No. 3:21-CV-2958-D |
| § | |
| BERRY APPLEMAN & LEIDEN, § | |
| LLP and CLAUDIA § | |
| VILLASENOR-SANCHEZ, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiffs Hua Hou and Luqin Sun sue defendants Berry Appleman & Leiden, LLP ("BAL") and Claudia Villasenor-Sanchez, Esquire, alleging claims for professional negligence and common law negligence in connection with immigration-law services. Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the second cause of action asserted in plaintiffs' second amended complaint—the claim for common law negligence—for failure to state a claim on which relief can be granted. Defendants contend that this claim is duplicative of the first cause of action—the claim for professional negligence—and therefore an improper fracturing of the claim. For the reasons that follow, the court grants defendants' motion and dismisses plaintiffs' common law negligence claim.

I

In its prior memorandum opinion and order in this case, *Hou v. Berry Appleman & Leiden, LLP*, 2022 WL 2276903 (N.D. Tex. June 23, 2022) (Fitzwater, J.), the court granted in part and denied in part defendants' motion to dismiss plaintiffs' amended complaint. *Id.* at *1. The court dismissed plaintiffs' breach of fiduciary duty claim because it violated the Texas anti-fracturing rule, *id.* at *7, and it granted plaintiffs leave to replead, *id.*

Plaintiffs then filed their second amended complaint, which includes a claim for common law negligence, or as plaintiffs label it, for "Breach of Common Law Negligence." 2d Am. Compl. (ECF No. 26) at 9. This claim alleges that defendants had a duty to inform plaintiffs of defendants' withdrawal from plaintiffs' immigration status change request and a duty to communicate the status of the immigration status change to plaintiffs. Plaintiffs allege that the "BAL defendants have never acted in good faith nor in the plaintiffs' best interests." *Id.* at ¶ 28. Plaintiffs also assert that

> as a result of the BAL defendants' undertaking to provide legal services to the plaintiffs, the BAL defendants had a duty of care to the plaintiff[s] to exercise the skill and knowledge ordinarily possessed by attorneys under similar circumstances, to exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which they were employed.

*Id.* at ¶ 29. Plaintiffs conclude their common law negligence claim by alleging that, "[a]s a direct and proximate result of BAL Defendants' common law negligence, Plaintiffs have suffered compensatory damages . . . ." *Id.* at ¶ 31.

Defendants now move to dismiss plaintiffs' common law negligence claim,

contending that it is duplicative of their legal malpractice (i.e., professional negligence) claim and therefore an improper fracturing of the claim. Plaintiffs oppose the motion, which the court is deciding on the briefs.

II

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' Rule 12(b)(6) motions to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. But because plaintiffs are proceeding *pro*

*se*, the court construes the allegations of the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

### III

Defendants contend that plaintiffs' claim for common law negligence violates the Texas anti-fracturing rule.

### A

"Under Texas law, . . . '[w]hether allegations against a lawyer, labeled as breach of fiduciary duty, fraud, or some other cause of action, are actually claims for professional negligence or something else is a question of law to be determined by the court.'" *Huerta v. Shein*, 498 Fed. Appx. 422, 427 (5th Cir. 2012) (per curiam) (quoting *Nabors v. McColl*, 2010 WL 255968, at *2 (Tex. App. Jan. 25, 2010, pet. denied) (mem. op.)). Texas courts apply "[t]he anti-fracturing rule [to] prevent[] plaintiffs from converting what are actually professional negligence claims against an attorney into other claims such as fraud, breach of contract, [or] breach of fiduciary duty . . . ." *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App. 2010, pet. denied). Although the anti-fracturing rule "does not necessarily foreclose the simultaneous pursuit of a negligence-based malpractice claim and a separate breach of fiduciary duty or fraud claim when there is a viable basis for doing so," the plaintiffs "must do more than merely reassert the same claim for legal malpractice under an alternative label." *Huerta*, 498 Fed. Appx. at 427 (first quoting *Meullion v. Gladden*, 2011 WL 5926676, at *4 (Tex. App. Nov. 29, 2011, no pet.) (mem. op); then quoting *Duerr v. Brown*, 262 S.W.3d 63,

70 (Tex. App. 2008, no pet.)). "The plaintiff must present a claim that goes beyond what traditionally has been characterized as legal malpractice." *Id.* (quoting *Duerr*, 262 S.W.3d at 70). "In other words, 'the pleaded facts [viewed] . . . in the light most favorable to [plaintiffs]' must demonstrate that the 'precise character of [their] [additional] claims' cannot be reduced to mere negligence." *Taylor v. Scheef & Stone, LLP*, 2020 WL 4432848, at *7 (N.D. Tex. July 31, 2020) (Fitzwater, J.) (quoting *Huerta*, 498 Fed. Appx. at 428) (first and final alterations in original). "Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice." *Huerta*, 498 Fed. Appx. at 427-28 (quoting *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App. 2002, pet. denied).

B

Defendants maintain that plaintiffs' second cause of action—their claim for common law negligence—improperly fractures their first cause of action—their claim for legal malpractice (i.e., professional negligence). Defendants point to the underlying element of duty required by both of plaintiffs' claims as evidence of the claims' duplicative nature. Defendants contend that plaintiffs' legal malpractice (i.e., professional negligence) claim and common law negligence claims turn on whether defendants breached their duty as attorneys for plaintiffs.

In response, plaintiffs begin by arguing based on the existence of an attorney-client relationship between the parties. Plaintiffs then turn to the issue raised by defendants' motion to dismiss and contend that defendants have failed to meet the standard of care for

an ordinary person. Plaintiffs argue for a distinction between the duty of care exercised by an attorney (the duty implicated by the legal malpractice claim) and the duty of care exercised by a person of ordinary prudence (the duty implicated by the common law negligence claim). Plaintiffs contend that defendants violated both standards in handling plaintiffs' immigration case.

Defendants contend in reply that plaintiffs' claim fails for two reasons: because "either: (1) an attorney-client relationship existed giving rise to a duty and, therefore, the claim constitutes an impermissible fracturing of the professional negligence claim; or (2) the attorney-client relationship terminated and, therefore, the BAL Defendants owed no duty to Plaintiffs as a matter of law." Ds. Reply at 4. Defendants maintain that plaintiffs have failed to cite any case law supporting the position that an attorney can be liable under a theory of common law negligence for acts relating to the provision of legal services. Defendants emphasize that plaintiffs' "common law negligence claim is predicated on a duty arising out of an attorney-client relationship, seeking redress for an attorney's purported failure to provide adequate legal services." *Id.* at 3.

C

The court holds that plaintiffs' common law negligence claim violates the Texas anti-fracturing rule. This is so because plaintiffs rely on the same factual allegations that support their legal malpractice (i.e., professional negligence) claim to support their common law negligence claim. In support of their legal malpractice claim, plaintiffs allege that defendants were professionally negligent because "[t]he negligent acts and omissions of BAL defendants

were below the standard of care for comparable attorneys who practice in this community." 2d Am. Compl. (ECF No. 26) at ¶ 22.  Similarly, in support of their common law negligence claim, plaintiffs allege that defendants were negligent under a theory of common law negligence because "the BAL defendants had a duty of care to the plaintiff[s] to exercise the skill and knowledge ordinarily possessed by attorneys under similar circumstances, to exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which they were employed." *Id.* at ¶ 29.  Because both of plaintiffs' claims are based on the same conduct and the gravamen of both claims is that defendants did not represent them with the degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, plaintiffs' common law negligence claim is improperly "fractured" from their legal malpractice (i.e., professional negligence) claim.

The court therefore grants defendants' motion to dismiss plaintiffs' common law negligence claim.

D

In their response to defendants' motion to dismiss, plaintiffs do not request leave to amend or replead.  And because plaintiffs have already had an opportunity to amend their complaint after the court granted defendants' prior motion to dismiss based on a violation of the Texas anti-fracturing rule, the court concludes that plaintiffs should not be given still another opportunity to amend their complaint.

- 7 -

\*   \*   \*

For the reasons explained, the court grants defendants' motion to dismiss.

**SO ORDERED**.

September 23, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 8 -