**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HUA HOU,** *et al.,* | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 21-cv-02958-D** |
| | § | |
| | § | |
| **BERRY APPLEMAN & LEIDEN LLP,** | § | |
| *et al.,* | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE UNITED STATES DISTRICT COURT:

DEFENDANTS Berry Appleman & Leiden, LLP ("BAL") and Claudia Villaseñor-Sanchez (collectively, "BAL Defendants") file their Answer to Plaintiffs' Second Amended Complaint (the "SAC"), and in support thereof would respectfully show the Court as follows:

1. BAL Defendants admit the averments set forth in the first sentence of paragraph no. 1 of the SAC. BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the averments set forth in the second sentence in paragraph no. 1 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

2. With respect to the averments set forth in paragraph no. 2 of the SAC, the BAL Defendants admit only that Plaintiffs are individuals who are not citizens or nationals of the United States, and further admits upon information and belief that Sun and Hou are still a married couple. BAL Defendants currently lack knowledge or information sufficient to form a belief about the

truth of the remaining averments set forth in paragraph no. 2 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

3.      BAL Defendants admit the averments set forth in paragraph no. 3 of the SAC. BAL is a limited liability partnership organized under the laws of California with its principal office in Richardson, Texas (the Dallas office).

4.      With respect to the averments set forth in paragraph no. 4 of the SAC, BAL Defendants admit only that Sanchez is an individual and attorney located in its office in Richardson, Texas (known as the Dallas office). BAL Defendants deny the remaining averments in paragraph no. 4 of the SAC.

5.      With respect to the averments set forth in paragraph no. 5 of the SAC, the BAL Defendants admit only that Ms. Villaseñor-Sanchez was a senior associate located in BAL's office in Richardson, Texas (known as the Dallas office). BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in paragraph no. 5 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

6.      With respect to the averments set forth in paragraph no. 6 of the SAC, BAL Defendants admit only that the parties are diverse, and that Plaintiffs claim damages in excess of $75,000. BAL Defendants deny the remaining averments in paragraph no. 6 of the SAC.

7.      BAL Defendants admit the averments set forth in paragraph no. 7 of the SAC.

8.      With respect to the averments set forth in paragraph no. 8 of the SAC, BAL Defendants admit only that it filed an H-1B Petition on behalf of Stem on or around November 19, 2018 in connection with Stem's offer of employment to Hou, and that BAL Defendants received a Request for Evidence from USCIS on or about March 8, 2019. BAL Defendants currently lack

knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in paragraph no. 8 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

9.    With respect to the averments set forth in paragraph no. 9 of the SAC, BAL Defendants admit only that BAL was retained by Stem to prepare an H-1B Petition in connection with Stem's offer of employment to Hou. BAL Defendants deny the remaining averments in paragraph no. 9 of the SAC.

10.    BAL Defendants denies the averments in paragraph no. 10 of the SAC.

11.    With respect to the averments set forth in paragraph no. 11 of the SAC, BAL Defendants admit only that Stem hired the BAL Defendants to file a request for change in status for Sun, and that Sun signed a form G-28. BAL Defendants deny the remaining averments in paragraph no. 11 of the SAC.

12.    With respect to the averments in paragraph no. 12 of the SAC, BAL Defendants admit only that Stem rescinded its job offer to Hou via email on or about April 2, 2019. The April 2, 2019 email speaks for itself and the BAL Defendants deny any averments inconsistent therewith. The BAL Defendants deny the remaining averments in paragraph no. 12 of the SAC.

13.    With respect to the averments in paragraph no. 13 of the SAC, BAL Defendants admit only that on May 2, 2019, the USCIS granted the Withdrawal Petition. BAL Defendants deny the remaining averments in paragraph no. 13 of the SAC.

14.    With respect to the averments in paragraph no. 14 of the SAC, BAL Defendants admit only that the H-1B Petition sought to change Hou's immigration status from F2 to H-1B. BAL Defendants deny the remaining averments in paragraph no. 14 of the SAC.

15.    BAL Defendants deny the averments in paragraph no. 15 of the SAC.

16.     BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph no. 16 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

17.     BAL Defendants specifically denies that Plaintiffs began accruing unlawful presence. BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in paragraph no. 17 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

18.     BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph no. 18 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

19.     BAL Defendants currently lack knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph no. 19 of the SAC; therefore, its statement has the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

20.     BAL Defendants deny the averments in paragraph no. 20 of the SAC.

21.     BAL Defendants deny the averments in paragraph no. 21 of the SAC.

22.     BAL Defendants deny the averments in paragraph no. 22 of the SAC.

23.     BAL Defendants deny the averments in paragraph no. 23 of the SAC.

24-31.  This Court previously dismissed this cause of action with prejudice. [*See* ECF No. 30]. Therefore, no response is required.

## AFFIRMATIVE DEFENSES

Defendants, Berry Appleman & Leiden, LLP ("BAL"), and Claudia Villaseñor-Sanchez (collectively, "BAL Defendants"), for their Affirmative Defenses to Plaintiffs' Second Amended Complaint, and in support thereof, state as follows:

## General Allegations

1.    In or around November of 2019, Stem offered Hou a position of employment.

2.    Stem retained the BAL Defendants to file an H-1B petition on its behalf seeking to change Hou's immigration status from F2 to H-1B (the "H-1B Petition").

3.    Under U.S. immigration law, a beneficiary seeking H-1B status must be sponsored by an employer attesting to the qualifications required of his or her employment.

4.    An H-1B visa holder's spouse may receive derivative immigration status under an H-4 visa.

5.    On or around November 19, 2018, the BAL Defendants filed the H-1B Petition on behalf of Stem seeking to change Hou's immigration status from F2 to H-1B.

6.    In connection with the H-1B Petition filed based on Stem's offer of employment to Hou, the BAL Defendants filed an application for a change of status on behalf of Sun to change her status from F-1 to H-4 dependent of a nonimmigrant worker (the "Application").

7.    On April 2, 2019, Stem rescinded its employment offer to Hou.

8.    Stem informed Plaintiffs that any work by the BAL Defendants in connection with processing the H-1B Petition or the Application will cease.

9.    The rescission of the employment offer affected Hou's eligibility for H-1B status.

10.    Without an employment sponsor, Hou and/or BAL could not pursue the H-1B Petition.

11.    The BAL Defendants were obligated to advise the USCIS of the change in terms and conditions of employment.

12.    Consequently, the BAL Defendants filed a motion to withdraw the H-1B Petition.

13.    On May 2, 2019 the USCIS granted the Withdrawal Petition.

14.    Because Sun's Application was dependent on Hou's employment with Stem and his H-1B status, the USCIS denied the Application.

15.    The USCIS, however, did not make any finding that Sun was out of status.

16.    The Plaintiffs never began accruing unlawful presence as a result of the Withdrawal Petition or the USCIS's denial of the Application.

## FIRST AFFIRMATIVE DEFENSE
### Statute of Limitations

17.    The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

18.    The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Answer thereto as if fully set forth herein.

19.    A claim for legal malpractice must be made within two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

20.    For a suit to be timely filed under the 2-year statute of limitations, it must be brought within 2 years following the date the cause of action "accrues." *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1981).

21.    The date on which a cause of action for legal malpractice accrues is the date on which the "client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of a cause of action." *Hughes v. Mahoney & Higgins,* 821 S.W.3d 154, 156 (Tex. 1991).

22.    The BAL Defendants terminated any relationship with the Plaintiffs on April 2, 2019, when Stem rescinded its job offer, and the Plaintiffs' could no longer pursue the H-1B Petition.

23. As such, Plaintiffs suffered an injury on April 2, 2019, when the BAL Defendants ceased performing work on the Petition.

24. Alternatively, Plaintiffs suffered an injury, at the latest, on May 2, 2019 when they allegedly began accruing unlawful presence.

25. Plaintiffs should have known of their injury and that it was wrongfully caused on May 2, 2019.

26. At that time, Plaintiffs had knowledge that: Stem rescinded its job offer; Stem would no longer be sponsoring Hou's H-1B Petition; Sun's application was entirely dependent upon the success of Hou's H-1B visa application; Stem and the BAL Defendants ceased performing any immigration work on behalf of the Plaintiffs; and their F1 and F2 authorized period of stay had already expired.

27. Thus, Plaintiffs were apprised with sufficient facts that they should have discovered the Petition was withdrawn and Sun's application was denied before they allegedly began accruing unlawful presence on May 2, 2019.

28. The details of their immigration status were not inherently undiscoverable, and, therefore, the discovery rule does not toll the statute of limitations.

29. Alternatively, Plaintiffs had actual knowledge that the Petition was withdrawn by November 19, 2019.

30. As such, the statute of limitations began accruing, at the latest, on November 19, 2019.

31. Consequently, this action, filed November 24, 2021, is barred by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE
### Intervening Superseding Cause, Acts of Third Parties

32.     The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

33.     The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Ansswer thereto as if fully set forth herein.

34.     A plaintiff must show cause in fact and foreseeability in order to establish causation in a legal malpractice case. *Harrison v. Taft, Stettinius, & Hollister, L.L.P.*, 381 Fed. Appx. 432, 435 (5th Cir. 2010).

35.     "Cause in fact means that the attorney's negligence was a substantial factor in causing the alleged injury. Foreseeability means that the attorney should have anticipated the injury his negligence could cause, although he need not have anticipated the precise consequences of his negligence." *Id.*

36.     A superseding cause "intervenes between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause." *McClure v. Greater San Antonio Transp. Co,* 2008 U.S. Dist. LEXIS 136436, ¶14 (Tex. App.-San Antonio 2008) (internal citations omitted).

37.     "The intervening force supersedes the defendant's negligence by destroying the causal connection between that negligence and the plaintiff's injury thereby relieving that defendant of liability." *Id.*

38.     Plaintiffs did not begin to accrue unlawful presence as a result of the USCIS's denial of the Application.

39.     Plaintiffs' subsequent counsel wrongfully advised that they began accruing unlawful presence.

40.    Plaintiffs' subsequent counsel failed file any petition for change in status before the Plaintiffs allegedly accrued 180 days of unlawful presence.

41.    Plaintiffs' subsequent counsel wrongfully advised that they must return to China.

42.    Plaintiffs' voluntarily chose to return to China to visit family and renew their visas.

43.    Plaintiffs' time spent in China was a result of complications brought about by the Covid-19 pandemic, and not because Plaintiffs accrued unlawful presence.

44.    Thus, if the allegations of the Second Amended Complaint are true, subsequent counsel's advice, Plaintiffs' voluntary trip to China, and/or the Covid-19 Pandemic acted as superseding, intervening causes severing any causal nexus between the BAL Defendants' alleged negligence and the Plaintiffs' complained of injuries.

## THIRD AFFIRMATIVE DEFENSE
### Comparative Negligence

45.    The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

46.    The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Answer thereto as if fully restated herein.

47.    BAL Defendants hereby invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

48.    BAL Defendants specifically requests that the comparative responsibility of Plaintiffs separately be determined by jury.

49.    If the allegations of the Second Amended Complaint are true, Plaintiffs were under a duty to exercise reasonable care and ordinary diligence in monitoring their immigration status, and maintaining their immigration status legally.

50.    Despite the aforementioned duty, Plaintiff committed one or more of the following acts and/or omissions:

    a.    Failing to monitor their immigration status;

    b.    Failing to take appropriate actions to maintain their immigration status;

    c.    Relying solely on USCIS's website for case status;

    d.    Voluntarily leaving the United States to return to China;

    e.    Voluntarily leaving the U.S. to return to China in a rush when under their mistaken theory as to unlawful presence, they would not have incurred further harm by delaying their departure; and

    f.    Otherwise failing to take ordinary and diligent action in connection with their immigration status.

51.    Therefore, Plaintiff's damages, if any, were caused by their own comparative and/or contributory negligence and should be reduced and/or barred accordingly.

## FOURTH AFFIRMATIVE DEFENSE
### Assumption of the Risk

52.    The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

53.    The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Answer thereto as if fully restated herein.

54.    The Plaintiffs were aware of the risks of returning to China, appreciated the risks of returning to China, and voluntarily assumed the risk of returning to China.

55.    Plaintiffs' assumption of the risk operates to bar their claims in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

56.     The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

57.     The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Answer thereto as if fully restated herein.

58.     If the allegations of the Second Amended Complaint are true, Plaintiffs were under a duty to mitigate their potential damages.

59.     Despite this duty, Plaintiffs committed one or more of the following acts and/or omissions:

a.  Failing to seek new employment promptly following notice of rescission of Stem's employment offer;

b.  Failing to seek new employment with comparable pay;

c.  Voluntarily returning to China;

d.  Renting their home for below market;

e.  Selling their cars for below market;

f.  Incurring unnecessary attorneys' fees; and

g.  Otherwise failing to exercise ordinary care in determining and mitigating their alleged damages.

60.     As a direct and proximate result of Plaintiffs' acts or omissions, Plaintiffs have failed to mitigate the damages alleged in the Second Amended Complaint.

61.     In the event the BAL Defendants are found at fault for the damages and injuries allegedly arising out of their actions, liability that the BAL Defendants expressly deny, then Plaintiffs' recovery shall be reduced proportionate with the damages sustained due to Plaintiffs' failure to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE
**No Proximate Cause**

62.     The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

63.     The BAL Defendants restate and incorporate the allegations of Plaintiffs' Second Amended Complaint and the BAL Defendants' Answer thereto as if fully restated herein.

64.     A legal malpractice plaintiff cannot prove proximate causation as a matter of law where the plaintiff's underlying claim remained actionable, or viable, after the defendant attorney's representation ceased. *Medrano v. Reyes,* 902 S.W.2d 176, 178 (Tex. App.—Eastland 1995, no writ).

65.     Here, the BAL Defendants terminated their representation on April 2, 2019 – *before* Plaintiffs *purportedly* began accruing unlawful presence on May 2, 2019.

66.     Moreover, Plaintiffs even engaged subsequent counsel to file the Amazon Petition *before* they purportedly accrued 180 days of unlawful presence.

67.     Finally, in response to Plaintiff's allegations they accrued more than 180 days of unlawful presence, causing them to be barred from returning to the U.S., BAL Defendants counter that as a matter of decades-long policy as described in USCIS and Legacy INS memoranda, the Plaintiffs never accrued unlawful presence and to the extent that successor counsel or the U.S. consulate found that to be the case, they legally erred.

68.     As such, Plaintiffs cannot establish proximate cause as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE
**Limitation of Damages**

69.     The BAL Defendants restate and incorporate Paragraphs 1 through 16 of the General Allegations as if fully set forth herein.

70.    In the alternative, and without waiving the foregoing, BAL Defendants asserts its rights and invokes the rules and limitations concerning recovery of certain damages as set forth in Section 18.091 of the Texas Civil Practices and Remedies Code.

71.    In the unlikely event BAL Defendants are found liable for exemplary damages, BAL Defendants invokes the statutory damages cap found in Chapter 41 *et seq.* of the Texas Civil Practice and Remedies Code.

## ADDITIONAL AFFIRMATIVE DEFENSES

The BAL Defendants state that these named Affirmative Defenses are based on, and therefore necessarily limited by, the records and information presently recollected and thus far discovered. The BAL Defendants therefore reserve the right to assert additional affirmative defenses that are revealed during the course of its investigation of this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, Berry Appleman & Leiden, LLP, and Claudia Villaseñor -Sanchez, prays that Plaintiffs take nothing in this Civil Action, and for such other and further relief, both in law and in equity, to which it may show itself justly entitled.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Susan Abbott Schwartz*

**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 12th day of December, 2022 via the e-filing system.

*/s/ Susan Abbott Schwartz*
Susan Abbott Schwartz