**HUA HOU**

**LUQIN SUN**

20-1304, Hushan Dijing Wan

Yuhang District, Hangzhou,

Zhejiang Province, China

Telephone: +001 5102055984

Email: hhou2011@outlook.com

Plaintiffs, In Pro Per

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HUA HOU and LUQIN SUN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 21-cv-02958-D** |
| | § | |
| **BERRY APPLEMAN & LEIDEN LLP,** | § | |
| *et. al.* | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT's FIRST SET OF
REQUESTS FOR PRODUCTION**

Pro se Plaintiffs Hua Hou and Luqin Sun, hereby answer Propounding party's Requests for

the Production:

1.      Produce all documents referred to in your SAC, or which were used to obtain any

of the information alleged in your SAC, or in any way relate to, support or evidence the allegations

contained in your SAC.

 **RESPONSE:**
The production demanded in Request No. 1 will be permitted. The documents requested are in
possession of the Plaintiffs and will be included in this production.

2.      Produce all documents referred to in your answers to Interrogatories, or which were used to obtain any of the information contained in your answers to Interrogatories.

**RESPONSE:**
The production demanded in Request No. 2 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

3.      Produce all documents and/or communications that support your allegation that the parties' conduct indicated the intent to enter into an attorney-client relationship, as alleged in Paragraph 9 of the SAC.

**RESPONSE:**

The production demanded in Request No. 3 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

4.    Produce all documents and communications between you and BAL that in any way relate to the allegations contained in the SAC.

**RESPONSE:**

The production demanded in Request No. 4 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

5.    Produce all documents and communications between you and BAL in any way related to the H1-B Petition, the H4 Application, and/or the RFE.

**RESPONSE:**

The production demanded in Request No. 5 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

6.    Produce all documents and/or communications between you and Sanchez in any way related to the allegations of the SAC, the H1-B Petition, the H4 Application, and/or the RFE.

**RESPONSE:**

Production demanded in Request No. 6 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

7.    Produce all documents and/or communications between you and Stem from 2017 to the present that in any way relate to the allegations of the SAC, the H1-B Petition, the H4 Application, and/or the RFE.

**RESPONSE:**

The production demanded in Request No. 7 will be permitted only for the materials from 2018 since the relationship established with BAL is dated on October 2018. The documents requested are in possession of the Plaintiff and will be included in this production.

8.    Produce all documents and/or communications between you and the USCIS from 2010 to the present.

**RESPONSE:**
Plaintiffs object to the production demanded in Request No. 8 because this request is over broad.

9.      Produce all documents and/or communications between you and the USCIS in any way related to the allegations of the SAC, the H1-B Petition, the H4 Application, the RFE, and/or the Amazon Petition.

**RESPONSE:**
The production demanded in Request No. 9 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

10.      Produce all applications and/or petitions submitted by Hou and/or Sun to the USCIS for any change in immigration status from 2010 to the present.

**RESPONSE:**
Plaintiffs object to the production demanded in Request No. 10 because it is over broad.

11. Produce documents and/or communications between Hou and/or Sun and the USCIS related to the applications identified in Request 11.

**RESPONSE:**
The production demanded in Request No. 11 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

12. Produce all documents and/or communications between you and Amazon from 2017 to the present that in any way relate to the allegations of the SAC.

**RESPONSE:**
The production demanded in Request No. 12 will be permitted only for the part from 2019 since no items before 2019 has been identified that responsive to the request.. The documents requested are in possession of the Plaintiff and will be included in this production.

13. Produce all documents and/or communications between you and the Amazon Attorney that in any way relate to the allegations of the SAC.

**RESPONSE:**
The production demanded in Request No. 13 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

14. Produce all documents and/or communications related to the Amazon Attorney's advice that you had no choice but to file an "NTO Petition," which requires activating the visa stamp at the Beijing Consular Office, as alleged in Paragraph 16 of the SAC.

**RESPONSE:**
The production demanded in Request No. 14 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

15. Produce all documents and/or communications related to the Amazon Attorney's warning of a high risk that you could not obtain an H1-B visa successfully from Beijing, as alleged in Paragraph 16 of the SAC.

**RESPONSE:**

The production demanded in Request No. 15 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

**16.** Produce all documents and/or communications between you and any other attorney with whom you have consulted, either formally or informally, regarding your immigration status and the filing of any petitions to change your immigration status from 2017 to the present.

**RESPONSE:**

The production demanded in Request No 16 will be permitted only for the materials from 2019 since no items before 2019 have been identified being responsive to the request.

17. Produce all documents and/or communications between you and the Beijing Consular Office in any way related to the allegations of the SAC.

**RESPONSE:**

The production demanded in Request No. 17 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

18. Produce all documents and/or communications between you and any other person in any way related to the allegations of the SAC.

**RESPONSE:**
Plaintiffs can't produce the production demanded in Request No. 18 since not items have been identified that are responsible to the request.

**19.** Produce all documents and/or communications related to the Amazon Offer including, but not limiting to, documents and/or communications concerning the terms and conditions of your employment with Stem, offer of employment, contract of employment, employee or personnel handbooks, and any other documents describing or relating your employment with Amazon, including your job duties, responsibilities, compensation, and benefits.

**RESPONSE:**

The production demanded in Request 19 will be permitted. The documents requested are in possessions of the Plaintiff and will be included in this production.

20. Produce all documents and/or communications related to the Amazon Petition.

**RESPONSE:**
The production demanded in Request No. 20 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

21. Produce all documents and/or communications that in any way evidence the USCIS, or any other agency of the United States', determination that Hou and/or Sun began accruing unlawful presence.

**RESPONSE:**
The production demanded in Request No. 21 will be permitted. The documents requested are in

possession of the Plaintiff and will be included in this production.

22.     Produce all documents and communications related to the Stem Offer including, but not limiting to, documents and/or communications concerning the terms and conditions of your proposed employment with Stem, offer of employment, contracts of employment, employee or personnel handbooks, and any other documents describing or relating your proposed employment with Stem, including your job duties, responsibilities, compensation, and benefits.

**RESPONSE:**

The production demanded in Request No. 22 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

23. Produce all documents and communications related to the H1-B Petition.

**RESPONSE:**

The production demanded in Request No. 23 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

24. Produce all documents and communications related to the H4 Application.

**RESPONSE:**

The production demanded in Request No. 24 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

25. Produce all documents and communications related to the RFE.

**RESPONSE:**

The production demanded in Request No. 25 will be permitted. The documents requested are partially in possession of Plaintiff and will be included in this production.

26. Produce all documents and communications provided by you to Stem and/or BAL

in response to the RFE.

**RESPONSE:**

The production demanded in Request No. 26 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.
.

27. Produce all documents and communications related to Stem's withdrawal of the

Stem Offer.

**RESPONSE:**

The production demanded in Request No. 27 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

28. Produce all documents and/or communications that relate to or concern in any way

any efforts for Hou or Sun to obtain employment since April 2, 2019, including, without limitation,

any application(s) for employment, offer letter(s) and correspondence with any prospective

employer(s).

**RESPONSE:**

Plaintiff objects to the production demanded in Request No. 28 because it is over broad. Only STM and Amazon employment are related to this  lawsuit.

29.     Produce all documents and communications in your possession (billing records,

invoices, proofs of payment, etc.) that in any way relate to any attorneys' fees paid by you from

2017 to the present.

**RESPONSE:**

The production demanded in Request No. 29 will be permitted only for the part from 2019 since no items before 2019 has been identified that responsive to the request. The documents requested are in possession of the Plaintiff and will be included in this production.

30. Produce all documents and/or communications evidencing the alleged formation of any attorney-client relationship between BAL and Hou and/or Sun, including, but not limited to, any retainer agreement.

**RESPONSE:**
The production demanded in Request No. 30 will be allowed in whole. The documents requested are in possession of the Plaintiff and will be included in this production.

31. Produce all documents and/or communications on which you rely in support of your allegation that Hou and Sun began accruing unlawful presence as of May 2, 2019, as alleged in Paragraph 15 of the SAC.

**RESPONSE:**
The production demanded in Request No. 31 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

32. Produce all documents and/or communications evidencing any appointments at the Beijing Consular Office, or attempts to schedule any appointments with the Beijing Consular Office, as identified in Paragraph 18 of the SAC.

**RESPONSE:**
The production demanded in Request No. 32 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

33. Produce all documents and/or communications related to the interview conducted by the Beijing Consular Office, as identified in Paragraph 18 of the SAC.

**RESPONSE:**
The production demanded in Request No. 33 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

**34.** Produce all documents and/or communications that evidence Hou and Sun are currently residents of Alameda, California, as alleged in Paragraphs 1 and 2 of the SAC.

**RESPONSE:**

The production demanded in Request No. 34 will be permitted. The documents requested are in

the processing of the Plaintiff and will be included in this production.

35.     Produce all documents and/or communications related to your allegation that you were not granted visas due to more than 6 months of unlawful presence, as alleged in Paragraph 18 of the SAC.

**RESPONSE:**
The production demanded in Request No. 35 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

36. Produce all documents and/or communications related to your allegation that you tried to apply for a waiver, but the consular did not have enough time to deal with it, as alleged in Paragraph 18 of the SAC.

**RESPONSE:**
The production demanded in Request No. 36 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

37. Produce all documents and/or communications that demonstrate you did not have any income for the first 6 months in China, as alleged in Paragraph 19.

**RESPONSE:**
The production demanded in Request No. 37 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

**38.** Produce all documents and/or communications that support your allegation that Hou only received half of the salary of his original Amazon Offer, as alleged in Paragraph 19.

**RESPONSE:**

The production demanded in Request No. 38 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

39. Produce all documents that refer or relate in any way to any job that you held or applied to from 2017 to the present, including, but not limited to, documents relating to job title, job status, rates of pay, bonuses, paystubs and vouchers, employee policies, handbooks and benefit statements, insurance payments, health or welfare benefits, stock options or distributions or other benefits to be paid or provided to you (regardless of whether those benefits were actually obtained), counseling, disciplinary actions, suspensions, terminations, and/or resignations.

**RESPONSE:**
Plaintiffs object to the production demanded in Request No. 39 because the request is not related to this law suit except the STEM and Amazon employment.

**40.** Produce all documents and/or communications concerning any emotional distress that you allege you have suffered or continue to suffer as a result of the allegations in the SAC.

**RESPONSE:**

Production demanded in Request No. 40 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

41.     Produce all documents and/or communications that support your allegation that Hou suffered from sleep disorders and may different illnesses as a result of BAL's alleged negligence.

**RESPONSE:**

The production demanded in Request No. 41 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

42. Produce all medical, pharmaceutical, psychological, and counseling records from 2010 to the present.

**RESPONSE:**

Plaintiffs object to produce the production demanded in Request No. 42 because it is overly broad.

43. Produce a signed authorization for the release of all medical, pharmaceutical, psychological, and counseling records and information for the years 2010 to the present from all of your physicians, psychiatrists, health care providers, or any other individuals possessing such information.

**RESPONSE:**

Plaintiff object the production demanded in Request No. 43 because it is overly broad.

**44.** Produce all documents and/or communications that support your contention that you rented your home for cheaper than its worth, as alleged in the Prayer for Relief in the SAC.

**RESPONSE:**

Production demanded in Request No. 44 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

**45.** Produce all documents and/or communications concerning the fair market value of your home including, but not limited to, appraisals and/or market comparable reports.

**RESPONSE:**

Plaintiff object the production demanded in Request No. 45 because it is not related to this lawsuit.

46. Produce all rental agreements for your property from 2010 to the present.

**RESPONSE:**

Plaintiffs object to produce the production demanded in Request No. 46 since it is overly broad.

The requested items after 2020 no longer exist or no longer in possession of Plaintiff. Plaintiff has made a diligent search in an effort to comply with the request.

47. Produce all documents and/or communications demonstrating the fair market value of your two cars values referenced in the Prayer for Relief of the SAC.

**RESPONSE:**
Plaintiffs cannot produce the production demanded in Request No. 47 since the documents no longer exits or no longer in possession of Plaintiff.

48. Produce all documents and/or communications concerning the fair market value of your cars, as identified in the Prayer for Relief of the SAC.

**RESPONSE:**
Plaintiffs will produce some produce the production demanded in Request No. 48 since some documents no longer exist or no longer in possession of Plaintiff.

**49.** Produce all documents and/or communications related to the sale of your cars, as identified in the Prayer for Relief of the SAC, including, but not limited to, any agreements.

**RESPONSE:**

Produce the production demanded in Request No. 49 since the documents no longer exits or no longer in possession of Plaintiff.

50. Produce all documents and/or communications that substantiate your income for the from 2015 to the present including, but not limited to, pay stubs, IRS Form W-2 or 1099, time records, wage summaries, tax documents.

**RESPONSE:**
Plaintiff objects to the production demanded in Request No. 50 because it is not related this law suit.

51. Produce your federal and state tax returns from 2015 to the present, with all W-2s, 1099s, schedules, and attachments

**RESPONSE:**
Plaintiff objects to the production demanded in Request No. 51 because it is not related this law suit.

52. Produce all documents and/or communications evidencing any airfare purchased for Hou or Sun to the United States from 2019 to the present.

**RESPONSE:**
The production demanded in Request No. 52 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

53. Produce all documents and/or communications demonstrating the duration of your stay in China including, but not limited to, bills, invoices, and/or phone records.

**RESPONSE:**
Plaintiffs object to the produce the production demanded in Request No. 53 because it is over broad.

54. All calendars, diaries, or notes of events or activities maintained by you while you resided in China.

**RESPONSE:**

Plaintiffs object to produce the production demanded in Request No. 54 because it is over broad.

55. Produce any communications between you and any non-party(ies) to this lawsuit which reference or allude to the BAL Defendants.

**RESPONSE:**

The production demanded in Request No. 55 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

**56.** Produce all documents relating to any statement, oral or written, made by any of the parties to the present action relating to any of the issues, claims, facts or defenses in this case.

**RESPONSE:**

The production demanded in Request No. 56 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

57. Produce all documents considered, reviewed, used, or relied upon or prepared by or on behalf of any person who will testify in this case as a lay witness, independent expert witness, or controlled expert witness.

**RESPONSE:**
Plaintiffs cannot produce the production demanded in Request 57 because no items have been identified that are responsive to the request.

58. Produce copies of all affidavits, transcripts of deposition or trial testimony of each controlled or uncontrolled expert witness in you or your counsel's possession or control, at any time during the last 10 years.

**RESPONSE:**
Plaintiffs cannot produce the production demanded in Request No. 58 it is over broad to this lawsuit and not items have been identified that are responsive to the request.

59. Produce a copy of the curriculum vitae, resume, or description of the credentials for each and every expert witness identified or known by you.

**RESPONSE:**
Plaintiffs cannot produce the production demanded in Request No. 59 because no items have been identified that are responsive to the request.

60. Produce all documents, records, physical items, or other evidence you will use as exhibits at trial, or during depositions.

**RESPONSE:**
The production demanded in Request No. 60 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

61. Produce all articles, treatises, books, texts, literature, records, charts, tests, writings,

standards, guidelines, by-laws, rules and regulations, statutes, investigations and other documents that may be used at any deposition in this case or at the time of trial.

**RESPONSE:**
Plaintiffs can not produce the production demanded in Request No. 61 because no items have been identified that are responsive to the request.

62.     Provide an affidavit with your responses to this request stating whether the production is complete in accordance with this request.

**RESPONSE:**

The production demanded in Request No. 62 will be provided. The documents requested are in possession of the Plaintiff and will be included in this production.

63. To the extent that any of the requested documents are believed to be subject to any applicable privilege, identify those documents and specify the legal basis for the privilege claim.

**RESPONSE:**

The plaintiffs cannot produce the production demanded in Request No. 63 because it is not applied to our case.

64. Produce all documents concerning any damages that you are seeking in this action.

**RESPONSE:**

The production demanded in Request No. 64 will be permitted. The documents requested are in possession of the Plaintiff and will be included in this production.

65. All documents concerning any lawsuits to which you have been a party, including but not limited to, copies of all complaints, pleadings, motions, and court decisions in such lawsuits.

**RESPONSE:**

Plaintiffs cannot produce the production demanded in Request No. 65 because no items have been identified that are responsive to the request.

66. All documents received in response to any subpoena or other request for information from any third party concerning any of the allegations contained in the Complaint and/or the defenses.

**RESPONSE:**

Plaintiffs cannot produce the production demanded in Request No. 66 because no items have been identified that are responsive to the request.

67. To the extent not requested in the preceding requests, all e-mails, text messages, other electronically stored information, photos, drawings, films, videos, or recordings of any kind relating to or referencing the allegations in the Complaint or the facts underlying said allegations.

**RESPONSE:**

Plaintiffs cannot provide the production demanded in Request No.67 because it is over broad.

68.     Produce all documents and/or communications evidencing your current immigration status with the United States.

**RESPONSE:**

Plaintiffs cannot produce the production demanded in Request No. 68 because Plaintiffs are not qualified to be beneficial to apply for employment based immigration petitions since they are located in China since January 3 2020 .

*Hua Hou and Luqin Sun*

**Hua Hou and Luqin Sun**
20-1304, Hu Shan Di Jin Wan
Yuhang District,
Hangzhou, Zhejiang province, China
Phone: +001 (510) 205-5984
Email: Hhou2011@outlook.com

# CERTIFICATE OF SERVICE

We hereby certify that on this 9th day of March 2023, service of a true and complete copy of the above foregoing document and productions was made to Defendant upon the following via email.

**WILSON, ELSER, MOSKOWITZ,EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758

Hua Hou and Luqin Sun
Plaintiffs, In Pro Per