**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HUA HOU and LUQIN SUN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: 3:21-cv-2958-D |
| vs. | ) | |
| | ) | |
| BERRY APPLEMAN & LEIDEN LLP and | ) | |
| CLAUDIA VILLASEÑOR-SANCHEZ | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, BERRY APPLEMAN & LEIDEN LLP (individually "BAL LLP") and

CLAUDIA VILLASEÑOR-SANCHEZ (individually "Claudia") (collectively, "Defendants"), for

their Motion for Summary Judgment, hereby state as follows and as supported by their

Memorandum in Support of their Motion for Summary Judgment state as follows:

**SUMMARY**

Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claim for

legal malpractice. To prevail on a legal malpractice claim, a plaintiff must show "that (1) the

attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately

caused the plaintiff's injuries, and (4) damages occurred." *Peeler v. Hughes & Luce*, 909 S.W. 2d

494, 496 (Tex. 1995). Attorneys in Texas are held to the standard of care which would be

"exercised by a reasonably prudent attorney." *Cosgrove v. Grimes*, 774 S.W. 662, 664 (Tex. 1989).

In Texas, legal expert witnesses are needed to opine about the elements of breach and causation

(*i.e.*, what the applicable standard of care is, and how the purported breaches thereof caused the

plaintiff's damages). Over four (4) months have passed since the deadline to disclose experts, and

Plaintiffs have failed to do so. This failure is fatal to Plaintiffs' claim, and summary judgment for the Defendants as a matter of law is appropriate.

Moreover, and in the alternative, Plaintiffs have not – and cannot – establish that any dispute of material fact exists as to whether Defendants proximately caused Plaintiffs' purported damages, nor whether Defendants owed Plaintiffs any duty at the time of the alleged errors. It cannot be disputed that Plaintiffs knew that they could accrue unlawful presence in the U.S. regardless of any conduct of the Defendants, and – by the time the Defendants committed the purported errors – any attorney-client relationship they had with the Plaintiffs had ceased. Therefore, Plaintiffs cannot establish that any genuine issue of material fact exists regarding the elements of duty and causation, and summary judgment is proper.

For these reasons and for those reasons more fully set forth in Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment ("Defendants' Memorandum"), summary judgment in Defendants' favor is proper. The Defendants' Memorandum contains the matters necessary to comply with LR 56.3(a) therein, including references to an Appendix of Exhibits.

WHEREFORE, Defendants, BERRY APPLEMAN & LEIDEN LLP and CLAUDIA VILLASEÑOR-SANCHEZ respectfully request this Court enter an ORDER: (1) granting Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 for the reasons stated herein and in Defendants' Memorandum; (2) dismissing Plaintiffs' Complaint, with prejudice; and (3) for any and all other relief this Court deems equitable and just.

Respectfully submitted,

*/s/ Susan Abbott Schwartz*

**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 10th day of October, 2023 via the e-filing system.

*/s/ Susan Abbott Schwartz*____
Susan Abbott Schwartz