# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| HUA HOU and LUQIN SUN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: 3:21-cv-2958-D |
| vs. | ) | |
| | ) | |
| BERRY APPLEMAN & LEIDEN LLP and | ) | |
| CLAUDIA VILLASEÑOR-SANCHEZ | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, BERRY APPLEMAN & LEIDEN LLP (individually "BAL LLP") and

CLAUDIA VILLASEÑOR-SANCHEZ (individually "Claudia") (collectively, "Defendants"), for

their Memorandum in Support of their Motion for Summary Judgment state as follows:

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 4

II.   SUMMARY OF THE ARGUMENT ....................................................................... 4

III.  STATEMENT OF RELEVANT, UNDISPUTED FACTS ..................................... 5

   1.   BAL LLP's Work Relative to Plaintiffs' Immigration Status ............................ 5

   2.   STEM Rescinds Job Offer and BAL LLP's Work Must Cease........................... 5

   3.   Hou Receives Another Job Offer in October 2019 ............................................. 6

   4.   Plaintiffs Return to China and File this Lawsuit................................................. 7

IV.   ARGUMENT AND AUTHORITIES...................................................................... 7

   1.   Summary Judgment Standard and applicable law .............................................. 7

   2.   Plaintiffs' failure to disclose an expert is fatal to recovery ............................... 8

   3.   Plaintiffs cannot establish proximate cause. .................................................... 12

   4.   Defendants' duty to plaintiff ceased prior to the alleged breaches................... 14

V.    CONCLUSION .................................................................................................... 16

## TABLE OF AUTHORITIES

### Cases

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106 (Tex. 2009).................................................................................................................. 12

*Alexander v. Turtur & Assocs.*, 146 S.W.3d 113 (Tex. 1995)...................................... 9, 11

*Arce v. Burrow*, 958 S.W. 2d 239 (Tex. App.-Houston [14th Dist.] 1997)................................. 11

*Burnett v. Sharp*, 328 S.W.3d 594 (Tex. App.-Houston [14th Dist.] 2010, no pet.) .................... 15

*Cantu v. Horany*, 195 S.W. 867 (Tex. App.—Dallas Dallas 2006, no pet.).................................. 9

*Castro-O'Ryan v. INS,* 847 F.2d 1307 (9th Cir. 1988) ....................................................... 12

*Cosgrove v. Grimes*, 774 S.W. 662  (Tex. 1989)................................................................ 9

*Dillard v. Broyles*, 633 S.W.2d 636 (Tex. App.-Corpus Christi 1982, writ ref'd n.r.e.)............. 14

*Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).................................................. 8

*Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268 (Tex. App.-Austin 2002, pet. denied) .................. 9

*Hall v. Stephenson*, 919 S.W. 2d 454 (Tex. App.—Fort Worth 1996, writ denied)..................... 15

*Indus. Clearinghouse, Inc. v. Jackson Walker, L.L.P.*, 162 S.W. 3d 384 (Tex. App.-Dallas  2005, pet. denied)..................................................................................................... 9

*Martin v. Alamo Com. College Dist.*, 353 F.3d 409 (5th Cir. 2003) .............................................. 8

*McClung v. Johnson*, 620 S.W.2d 644, 646 (Tex. Civ. App.-Dallas 1981, writ ref'd n.r.e) ........ 15

*Peeler v. Hughes & Luce*, 909 S.W. 2d 494 (Tex. 1995) ................................................... 9

*Rogers v. Zanetti*, 518 S.W.3d 394 (Tex. 2017) ............................................................ 12

*Rollo v. Escobedo*, 2022 U.S. App. LEXIS 33580 ....................................................... 9

*Simpson v. James*, 903 F.2d 372 (5th Cir. 1990) ......................................................... 14

*Tex. Home Mgmt, Inc. v. Peavy*, 89 S.W.3d 30 (Tex. 2002) ........................................... 15

*Willis v. Maverick*, 760 S.W. 2d 642 (Tex. 1988) ........................................................ 15

### Rules

ABA Model Rule of Professional Conduct 1.4 ........................................................... 13
FED. R. CIV. P. 56 .......................................................................................... 6

### Statutes/Regulations

8 C.F.R. §214.2(h)(11)(iii)(A)(1) ......................................................................... 9
 Section 212(a)(9)(B)(i)-(ii) .............................................................................. 12

## I.    INTRODUCTION

This is a legal malpractice case arising out of the provision of immigration services. Plaintiffs, Hua Hou (individually "Hou") and Luqin Sun (individually "Sun") (collectively, "Plaintiffs") brought this legal malpractice action against the Defendants, alleging, *inter alia*, that the Defendants failed to timely notify the Plaintiffs of May 2, 2019 correspondence from U.S. Citizenship and Immigration Services ("USCIS") that confirmed that the Plaintiffs' H-1B nonimmigrant petition ("H-1B Petition") had been withdrawn. Plaintiffs contend that Defendants' failures caused them to accrue over 180 days of unlawful presence in the U.S., leading to Plaintiffs having to return to China and causing damages in the form of lost employment benefits.

## II.    SUMMARY OF THE ARGUMENT

In Defendants' Answer (Doc. 32) to Plaintiffs' operative, second amended complaint ("Complaint")(Doc. 26), Defendants deny any liability for legal malpractice. Relevant here, Defendants are entitled to summary judgment, as a matter of law, because: (1) Plaintiffs  have not disclosed an expert witness to opine on the applicable standard of care  to explain how Defendants' alleged conduct breached that standard of care and proximately caused Plaintiffs' alleged damages; (2) even ignoring the dispositive failure to designate a legal expert, Plaintiffs cannot prove the element of proximate cause; and (3) any duty that the Defendants owed to the Plaintiff ceased prior May 2, 2019 in any event.

It is well-settled that expert testimony is required to establish the applicable standard of care in legal malpractice actions. The absence of expert testimony is fatal to Plaintiffs' claim because the average juror does not possess the ability to evaluate what a reasonably prudent attorney must exercise in the provision of professional services.  Moreover, as a matter of law, Plaintiffs cannot maintain this legal malpractice claim because they cannot establish the first

element of their claim: duty. Therefore, Defendants are entitled to summary judgment and Plaintiffs' Complaint should be dismissed, with prejudice.

### III.    STATEMENT OF RELEVANT, UNDISPUTED FACTS

#### 1.    *BAL LLP's Work Relative to Plaintiffs' Immigration Status*

On November 16, 2018, pursuant to an offer of employment to Hou from Stem, Inc. ("Stem"), Claudia (in her role as a BAL LLP attorney) submitted to USCIS an H-1B Petition, with Stem listed as Petitioner and Hou listed as beneficiary. (**Exhibit 1**; Appx. pp. 4-29). BAL performed this work pursuant to an engagement agreement with Stem whereby BAL was retained to perform Stem's immigration-related legal services. (*See*, Affidavit of Claudia Villaseñor-Sanchez, **Exhibit 10** at ¶4; Appx. p. 104).

The purpose of the H-1B Petition was to obtain H-1B nonimmigrant status for Hou pursuant to the Immigration and Nationality Act (the "Act"). *See*, 8 USCS §1101(a)(15)(H). Section 101(a)(15)(H) of the Act allows U.S. employers to temporarily employ foreign workers in specialty occupations that require the application of specialized knowledge and a bachelor's degree or the equivalent of work experience. (*Id.*). BAL also requested a change of status ("COS") for Sun, from F-1 to an H-4 dependent of an H-1B nonimmigrant worker. (*See*, Plaintiffs' Answer to First Set of Interrogatories to Plaintiff Hua Hou and Luqin Sun at **Exhibit 2**, ¶4; Appx. pp. 45-46). As Plaintiffs admit, Stem retained BAL to file the H-1B Petition on Hou's behalf. (*Id.*).

#### 2.    *Stem Rescinds Job Offer and BAL LLP's Work Must Cease*

On April 2, 2019, while the H-1B Petition was still pending, a Stem representative informed Hou via email that Stem was rescinding its offer of employment due to adverse business conditions, and further stated that "[a]ll Stem activity regarding processing of your H-1B visa application to the USCIS must also cease, as will [*sic*] any work by Stem's lawyers (BAL [LLP]) that would incur additional cost to Stem." (*See*, **Exhibit 3**, BAL 000168-169; Appx. p. 59).

On May 23, 2019, Hou emailed Jo Dulovics at BAL LLP, stating that he has "another University Transcript from Gatech," and requesting that BAL LLP "add this one into the RFE [Request for Evidence] package of my case." (*See*, **Exhibit 4**, BAL 000189; Appx p. 62).

On May 30, 2019, Patti Lusk at Stem emailed Hou, copying Claudia and Jo Dulovics of BAL LLP, reiterating that Stem's offer of employment was rescinded and that "[t]his means that we are no longer pursuing any immigration work on your behalf and we have closed your case with BAL [LLP]." (*See*, **Exhibit 5**, BAL 000167-000168; Appx. pp. 64-65).

### 3. *HOU RECEIVES ANOTHER JOB OFFER IN OCTOBER 2019*

On November 26, 2019, Hou emailed BAL LLP, stating "[a]s you and Stem have notified me, my case has been closed with your firm." (**Exhibit 6**, BAL 000023; Appx. p. 68). In the same email, however, Hou states that he "got a new job offer from Amazon" and asks about the "final decision" of USCIS. (*Id*.). The BAL LLP recipient of that email forwarded it to Claudia, who responded to Hou on November 26, 2019 that "Per Stem instructions, we responded to the RFE with a withdrawal. Since Stem's offer of employment wasn't still valid, that was appropriate in compliance with the regulations." (*Id*. at BAL 000022; Appx. p. 67). Claudia also stated that she would send Hou the notice of withdrawal of the H-1B Petition, as well as the notice of "Decision" for Sun's application for a change of status associated with Hou's H-1B Petition (Hou's H-1B Petition and Sun's application, collectively, the "Submissions"). (*Id*.). Indeed, the May 2, 2019 confirmation of withdrawal notices from the USCIS were provided to the Plaintiffs, and these notices reflect that Hou's Petition was withdrawn and Sun's application was (predictably) denied because it was dependent on Hou's H-1B Petition, consistent with Claudia's November 26, 2019 email that withdrawal was appropriate given that the H-1B Petition required an active offer of employment. (*See*, May 2, 2019 USCIS Notices at **Exhibit 7**; Appx. pp. 70-72).

### 4. *PLAINTIFFS RETURN TO CHINA AND FILE THIS LAWSUIT*

In Plaintiffs' Interrogatory Answers, they admit that they consulted with at least three separate attorneys during November-December 2019, and state that two were consulted relative to "unlawful presence of more than 180 days." (**Ex. 2** at ¶9; Appx. pp. 48-49). On January 4, 2020, Ostensibly based on that advice, Plaintiffs departed the United States for China. (*Id*. at ¶14; Appx. pp. 50-51).

On March 22, 2021, Hou emailed BAL LLP with a subject line "Legal malpractice_Stem | Hou, Hua | RFE." (**Exhibit 8**, BAL 000016; Appx. pp. 74-75). In that email, Hou contends that "[y]ou did not notify us that our cases were denied on May 2nd [2019] until November 26th [2019]. So we have unlawful presence for more than six months." (*Id*.). Plaintiffs continued on to allege that they were "forced" to leave the United States, faced a three-year re-entry bar and lost employment opportunities and other claimed damages accordingly. (*Id*.).

In the Complaint, Plaintiffs allege the Defendants never notified Plaintiffs that Hou's H-1B Petition was withdrawn and Sun's Petition was denied. (Doc. 26 at ¶13). Plaintiffs further allege that Defendants did not tell them despite Plaintiffs allegedly asking "three times about their cases through emails, on May 24th, 29th, and 30th [2019], respectively." (*Id*.). Plaintiffs allege that they were not notified until November 27, 2019. (*Id*. at ¶15). Plaintiffs allege that these purported acts or omissions "breached the duty toward [Plaintiffs]," causing them to accrue unlawful presence and having to return to China and thereby incurring damages related thereto. (*Id*. at ¶¶21-23).

## IV.    **ARGUMENT AND AUTHORITIES**

### 1. *SUMMARY JUDGMENT STANDARD AND APPLICABLE LAW*

A court should grant summary judgment when the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R.

CIV. P. 56. All evidence must be construed in the light most favorable to the non-moving party and reasonable inferences must be drawn in its favor. *Martin v. Alamo Com. College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). As this Court is sitting in diversity, Texas law governs the substantive matters in dispute. *See, Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).

2. *PLAINTIFFS' FAILURE TO DISCLOSE AN EXPERT IS FATAL TO RECOVERY*

On June 2, 2022, this Honorable Court set a Scheduling Order that provides "[a] party with the burden of proof on a claim or defense must designate expert witnesses and otherwise comply with Rule 26(a)(2) **no later than June 8, 2023**." (Doc. 18 at p. 2) (emphasis added). The Scheduling Order makes clear that "[t]he parties must **comply with each of the following deadlines** unless a deadline is modified by court order upon a showing of good cause, as required by Rule 16(b)." (*Id.*) (emphasis added).

Over four (4) months have passed since the June 8, 2023 deadline, and Plaintiffs have failed to designate any expert witness(es). While Plaintiffs sporadically produced documents and answers to Interrogatories and Document Requests, at no point did Plaintiffs designate or otherwise identify any expert witness having opinions in support of Plaintiffs' burden of proof. In fact, in response to Defendants' Requests for Production Nos. 57 and 58 (requesting documents related to any "controlled," "independent" or "uncontrolled" expert witness), Plaintiffs responded "Plaintiffs cannot produce the production demanded in [Requests 57 and 58]…" and "no items have been identified that are responsive to the request." (Pls.' Resps. to Defs. Requests for Production, at **Exhibit 9**; Appx. p. 95). On September 12, 2023 (over three months past the June 8 deadline), Plaintiff filed a "Submission on Discovery Matters," but nothing therein contains any expert witness disclosure; it was merely a filing of previously-tendered discovery materials. (Doc. 34). Without an expert (or multiple experts) to opine about the standard of care applicable to the

Defendants and how or why Defendants' alleged conduct breached that standard of care, the Complaint fails because Plaintiffs cannot carry their burden of proof at trial.

To prevail on a legal malpractice claim, a plaintiff must show "that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred." *Peeler v. Hughes & Luce*, 909 S.W. 2d 494, 496 (Tex. 1995). Attorneys in Texas are held to the standard of care which would be "exercised by a reasonably prudent attorney." *Cosgrove v. Grimes*, 774 S.W. 662, 664 (Tex. 1989). For a legal malpractice plaintiff to meet his or her burden of showing that "but for" the attorney's breach of duty, the plaintiff would have obtained a more favorable outcome, "the plaintiff is required to present evidence explaining the legal significance of the attorney's alleged failure and the impact this failure had on the underlying action." *Cantu v. Horany*, 195 S.W. 867, 873 (Tex. App.—Dallas Dallas 2006, no pet.); citing, *Indus. Clearinghouse, Inc. v. Jackson Walker, L.L.P.*, 162 S.W. 3d 384, 388 (Tex. App.-Dallas 2005, pet. denied).

"In Texas, a plaintiff in a legal malpractice suit **is required to present expert testimony regarding causation and the standard of skill and care ordinarily exercised by an attorney**." (emphasis added) *Cantu*, 195 S.W. at 873; citing, *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 119-20 (Tex. 1995); *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex. App.-Austin 2002, pet. denied). Federal precedent is consistent with Texas law in this regard. *See, Rollo v. Escobedo*, 2022 U.S. App. LEXIS 33580, *3-4 (affirming dismissal of the plaintiff's legal malpractice action as plaintiff failed to designate a legal expert by the deadline and, therefore, could not establish the applicable standard of care).

Here, Plaintiffs cannot dispute that they have failed to designate a legal expert qualified to opine about the standard of care applicable to Defendants' underlying representation of the

Plaintiffs. Plaintiffs' allegations present a complex set of facts. The Plaintiffs' ability to legally live in the United States was dependent on one or both of them obtaining a qualified employment offer, and – even after receiving such a job offer – their ability to legally remain in the United States was dependent on successfully navigating the H-1B petition process; a process so complicated that the prospective employer (Stem) were prepared to pay lawyers to perform immigration services for the benefit of the Plaintiffs.

Indeed, Plaintiffs' allegations of breach stem from Defendants' alleged mishandling of that complicated process. A lay juror, therefore, will need a qualified legal expert to opine about how a "reasonably prudent" attorney would have handled Plaintiffs' situation to determine whether the Defendants' alleged conduct met the standard of care of a reasonably prudent attorney in the same circumstances. In other words, the "reasonably prudent" course of action for an attorney handling an immigration matter is not within the general knowledge of a lay person and, therefore, Plaintiffs' failure to disclose a qualified legal expert is grounds for summary judgment as the Plaintiffs will be unable to carry their burden of proof as to breach and causation at trial. Defendants' Motion should be granted accordingly.

Even more specifically, the Plaintiffs allege that the Defendants' failure to timely notify the Plaintiffs of the USCIS's determinations on the Petitions constituted a breach of the standard of care. However, it is undisputed that Hou's H-1B Petition was contingent on him having a qualified offer of employment, and that Sun's change of status application was in turn reliant on Hou's H-1B Petition being granted. (*See*, **Ex. 7**; Appx. pp. 70-72). As noted, an H-1B is a non-immigrant status issued in the United States pursuant to the Act, and the sponsoring employer (here, Stem) has an obligation to advise USCIS of any changes in terms and conditions of employment that may affect the alien's eligibility therefor. *See*, 8 C.F.R. §214.2(h)(11)(iii)(A)(1).

It cannot be disputed that on April 2, 2019, Stem informed Hou that it rescinded the job offer and that all activity "regarding processing of your H1-B visa application must also cease, as will any work by Stem's lawyers (BAL) that would incur additional cost to Stem." (**Ex. 3**; Appx. pp. 59-60). Therefore, Plaintiffs knew that their Petitions could not be granted because Hou did not have the requisite employment offer, and Stem expressly advised the Plaintiffs that the Defendants' work regarding the processing of the Petitions would immediately cease. Yet, Plaintiffs now contend that Defendants breached the standard of care by failing to notify them of what they already knew: their Submissions with the USCIS could not result in Plaintiffs' receipt of a change in their immigration status because Hou no longer had the necessary job offer.

A lay juror cannot know whether a reasonably prudent attorney in the Defendants' shoes would have provided the Plaintiffs with the USCIS's May 2, 2019 documents that did nothing more than confirm the reality of which the Plaintiffs were informed on April 2, 2019: that their Petitions could not succeed because Hou no longer had a qualified job offer. Only a qualified legal expert can opine about whether that is the course of action that a reasonably prudent attorney in those circumstances should have taken. Since the Plaintiffs have failed to timely designate any such qualified legal expert, summary judgment in the Defendants' favor is proper.

Likewise, Plaintiffs' failure to designate a legal expert is fatal as to the issue of proximate cause. Here, Plaintiffs contend that Defendants' purported failures caused Plaintiffs to accrue 180 days of unlawful presence and a subsequent three-year bar to reentry. (Doc. 26 at ¶13). However, a lay juror cannot interpret the Act (specifically, the provisions regarding the accrual of unlawful presence and a subsequent three-year bar), nor whether the Defendants' purported errors triggered Plaintiffs' accrual of unlawful presence. *See, Alexander*, 146 S.W.3d at 120; citing, *Arce v. Burrow*, 958 S.W. 2d 239, 252 (Tex. App.-Houston [14th Dist.] 1997), *aff'd in part, rev'd in part*

*on other grounds*, 997 S.W.2d 229 (Tex. 1999) (holding that when the causal link is beyond the jury's common understanding, expert testimony is necessary); *see also Castro-O'Ryan v. INS,* 847 F.2d 1307, 1312 (9th Cir. 1988) ("With only a small degree of hyperbole, the immigration laws have been termed second only to the Internal Revenue Code in complexity…A lawyer is often the only person who could thread the labyrinth."). Thus, Plaintiffs' failure to designate a legal expert to opine about both the applicable standard of care and purported causal connection between the alleged breaches are fatal to the Complaint and summary judgment is proper.

3.   *PLAINTIFFS CANNOT ESTABLISH PROXIMATE CAUSE.*

In the alternative, Plaintiff cannot establish the element of proximate cause. "The proximate-cause element of a legal-malpractice case requires proof of a cause in fact: proof that, but for the attorney's alleged mistake, the claimed harm would not have occurred." *Rogers v. Zanetti*, 518 S.W.3d 394, 407 (Tex. 2017); citing, *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009).

*First*, Plaintiffs allege that but for the Defendants' alleged mistake of not timely providing the Plaintiffs with the May 2, 2019 documents from USCIS, Plaintiffs would not have incurred the claimed harm of accruing 180-days of unlawful presence in the U.S., which allegedly forced them to return to China and suffer the damages of lost employment opportunities. (Doc. 26 at ¶¶14-17). Plaintiffs contend that Defendants' purported errors in this regard left Plaintiffs "without knowledge of these facts" (*i.e.*, that they were allegedly accruing unlawful presence because their Petitions were not successful). (*Id*. at ¶15).

However, Plaintiffs admit that they knew that their legal resident status was dependent on the Petitions' success, and that the Petitions were dependent on Hou having a qualified offer of employment. (*See*, Doc. 26 at ¶14) (admitting in their Complaint that Sun's student (F1) status and

Hou's attendant dependent status ceased on January 31, 2019, and therefore without the Petitions' success, Plaintiffs could not "return to their previous status…"). Moreover, it cannot be disputed that Plaintiffs were expressly advised on April 2, 2019, that the Petition's process had to cease because Stem's offer of employment was withdrawn. (*See,* **Ex. 3**; Appx. pp. 59-60) ("All Stem activity regarding processing of your H1-B visa application to the USCIS must also cease, as will any work by Stem's lawyers (BAL) that would incur additional cost to Stem.").

Plaintiffs knew that they would lose their legal status if the Petitions were not successful, and they also knew by April 2, 2019 (before the alleged negligent acts occurred) that the Petitions *could not* be successful because the job offer was withdrawn and all immigration legal services that BAL LLP was providing them was ceasing accordingly. Therefore, *even if* the Defendants timely advised the Plaintiffs of the May 2, 2019 documents from USCIS, Plaintiffs *still* would have incurred their alleged harm (accruing unlawful presence, leading to their return to China and purported damages). As such, Plaintiffs cannot prove proximate cause and summary judgment is proper.

*Second*, Plaintiffs have failed to identify any admissible evidence that establishes that the Plaintiffs did, in fact, accrue 180-days of unlawful presence, nor that they were, in fact, informed that their re-entry into the U.S. was subject to the three-year bar. Section 212(a)(9)(B)(i)-(ii) of the Act sets forth the grounds for when an alien is accruing unlawful presence and whether/if that alien is barred from re-entry for at least three years. Other than Plaintiffs' allegations, there is no factual evidence that Plaintiffs actually accrued 180 days of unlawful presence, nor that their re-entry was barred for at least three years accordingly. In fact, the Section 221(g) Administrative Processing document from the U.S. Embassy in Beijing (attached as **Exhibit 11**; Appx. pp. 107-108) that Plaintiffs provided **does not** say that Plaintiffs were adjudicated to have accrued 180 days of

unlawful presence and, thus, were barred from re-entry. Rather, it simply states "[w]e will contact you when our review is complete." (*Id.*). Absent any evidence that Plaintiffs did, in fact, accrue 180 days of unlawful presence that subsequently barred their re-entry and caused Plaintiffs' purported damages, summary judgment in favor of the Defendants is proper; Plaintiffs cannot establish that the alleged harm ever even occurred.

4.   *DEFENDANTS' DUTY TO PLAINTIFF CEASED PRIOR TO THE ALLEGED BREACHES*

In addition and in the alternative to Sections 2-3 above, Plaintiffs cannot establish the first element of their claim: proving that Defendants owed them a duty.

Assuming, *arguendo*, that the Defendants owed Plaintiffs any duty, the undisputed facts establish that Defendants' duty to Plaintiffs ceased when Stem rescinded the job offer, and Stem expressly informed Plaintiffs of this on April 2, 2019 when Stem emailed Hou, "…all activity regarding processing of your H1-B visa application must also cease, as will any work by Stem's lawyers (BAL) that would incur additional cost to Stem." (**Ex. 3**; Appx. pp. 59-60); (*see also*, **Ex. 2** at ¶10; Appx. pp. 49-50) (Plaintiffs' acknowledging this email in their Answers to Interrogatories).

In the absence of an agreement to the contrary, an attorney-client relationship generally terminates upon the completion of the purpose of the employment. *See, Simpson v. James*, 903 F.2d 372, 376 (5th Cir. 1990); *Dillard v. Broyles*, 633 S.W.2d 636, 643 (Tex. App.-Corpus Christi 1982, writ ref'd n.r.e.). Here, the purpose of the employment was to submit Stem's H-1B Petition to USCIS on behalf of Plaintiff Hou, along with applications seeking to change the Plaintiffs' nonimmigrant status, both of which were dependent on the Stem job offer. Once that offer of employment was rescinded, there was nothing further the Defendants could have done to change that.

Further, a legal injury cannot occur after the attorney-client relationship has ended because the attorney has no duty to the client at that point.[1] *See, Hall v. Stephenson*, 919 S.W. 2d 454, 465 (Tex. App.—Fort Worth 1996, writ denied); citing, *McClung v. Johnson*, 620 S.W.2d 644, 646-47 (Tex. Civ. App.-Dallas 1981, writ ref'd n.r.e); *disapproved on other grounds by Willis v. Maverick*, 760 S.W. 2d 642, 644 (Tex. 1988). Former clients cannot make claims for breach of duty against their former attorneys "based wholly on conduct alleged to have occurred after the representation ended." *Burnett v. Sharp*, 328 S.W.3d 594, 608 (Tex. App.-Houston [14th Dist.] 2010, no pet.).

The purpose of the Defendants' employment ceased with Stem's withdrawal of its job offer, which was made known to Plaintiffs no later than April 2, 2019. Any attorney-client relationship with the Plaintiffs therefore ceased at that point. Thus, as a matter of law, Plaintiffs incurred no legal injury because their alleged injury occurred after any such relationship ceased. Moreover, since Plaintiffs' claim is based wholly on conduct alleged to have occurred after Defendants' purported representation ended (the relationship ended no later than April 2, 2019, and the alleged conduct/omission was failure to transmit the May 2, 2019 USCIS documents), the claim cannot be maintained.

The question of legal duty is a question of law. *Tex. Home Mgmt, Inc. v. Peavy*, 89 S.W.3d 30, 33 (Tex. 2002). For the reasons stated above, the Defendants did not owe Plaintiffs the duty that Plaintiffs allege and, therefore, summary judgment for Defendants on this issue is appropriate as a matter of law and the Complaint should be dismissed with prejudice.

---

[1] To the extent the Plaintiffs hinge their malpractice claim on an alleged failure to notify them of May 2, 2019 documents from USCIS—after already being advised that no further work would be performed on their behalf because the underlying job offer had been rescinded—ABA Model Rule of Professional Conduct 1.4 (Communications) makes clear that a lawyer does not have a duty to communicate with a former client. *See ABA Formal Opinion 481* ("Because Model Rule 1.4 does not impose on lawyers a duty to communicate with former clients, it is no basis for requiring lawyers to disclose material errors to former clients.")."

## V.    CONCLUSION

Defendants are entitled to summary judgment on Plaintiffs' legal malpractice claim. First, the Plaintiffs have failed to disclose any expert witness to opine about the applicable standard of care and causation. Without any expert opinions to assist the jury in making findings of fact, Plaintiffs will be unable to carry their burden of proof at trial and, therefore, summary judgment is warranted. Second, the indisputably facts establish that Plaintiffs will be unable to prove proximate cause because the Plaintiffs knew, by April 2, 2019, that Stem rescinding the job offer to Hou meant that the Plaintiffs' immigration status was not going to change by way of the Submissions. Third and finally, the Plaintiffs cannot establish, as a matter of law, that the Defendants owed them any duty at the time the USCIS issued the May 2, 2019 notices regarding the Submissions and, therefore, the Complaint fails because Defendants did not owe the Plaintiffs the duty alleged.

WHEREFORE, Defendants, BERRY APPLEMAN & LEIDEN LLP and CLAUDIA VILLASEÑOR-SANCHEZ respectfully request this Court enter an ORDER: (1) granting Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 for the reasons stated herein and in Defendants' Motion for Summary Judgment; (2) dismissing Plaintiffs' Complaint, with prejudice; and (3) for any and all other relief this Court deems equitable and just.

Respectfully submitted,

 */s/ Susan Abbott Schwartz*
**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758

(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 10th day of October, 2023 via the e-filing system.

*/s/ Susan Abbott Schwartz*
Susan Abbott Schwartz