**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HUA HOU and LUQIN SUN,       ) | |
|             ) | |
|       Plaintiffs,      ) | |
|             ) | Civil Action No.: 3:21-cv-2958-D |
| vs.               ) | |
|             ) | |
| BERRY APPLEMAN & LEIDEN LLP and  ) | |
| CLAUDIA VILLASEÑOR-SANCHEZ   ) | |
|             ) | |
|       Defendants.    ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO:
(1) STRIKE PLAINTIFFS' OCTOBER 12, 2023 DISCOVERY REQUESTS AND BAR
PLAINTIFFS FROM ISSUING OR DISCLOSING ANY FURTHER DISCOVERY
PURSUANT TO RULE 37; OR,
ALTERNATIVELY:
(2) FOR A PROTECTIVE ORDER UNDER RULE 26 STRIKING PLAINTIFFS'
OCTOBER 12, 2023 DISCOVERY REQUESTS AND BARRING PLAINTIFFS FROM
ISSUING OR DISCLOSING ANY FURTHER DISCOVERY**

Defendants, BERRY APPLEMAN & LEIDEN LLP (individually "BAL LLP") and

CLAUDIA VILLASEÑOR SANCHEZ (individually "Claudia") (collectively, "Defendants"), by

and through their undersigned counsel, and for their Memorandum in Support of their Motion to

Strike Plaintiffs' October 12, 2023 Discovery Requests and Bar Plaintiffs from Issuing or

Disclosing Any Further Discovery Materials Pursuant to Rule 37, or, alternatively, for a Protective

Order to be Entered Pursuant to Rule 26 that Strikes Plaintiffs' October 12, 2023 Discovery

Requests and Bars Plaintiffs from Issuing or Disclosing Any Further Discovery Materials, hereby

state as follows:

## INTRODUCTION AND SUMMARY

1.      On November 24, 2021, Plaintiffs' filed this legal malpractice lawsuit seeking to recover damages arising out of the Defendants' provision of immigration services. (*See*, Plaintiff's Complaint for Legal Malpractice; Doc. No. 3).

2.      On June 2, 2022, this Court set a Scheduling Order, which set forth deadlines for all discovery, including written, oral and expert. (*See* Doc. No. 18).

3.      The Scheduling Order set forth the following relevant deadlines:

   a. Completion of Discovery, Filing of Joint Estimate of Trial Length and Status Report…"**The parties must complete discovery**…**no later than September 8, 2023**." (*Id*. at ¶E) (emphasis added)

   b. Summary Judgment Motions: "A party must file a motion for summary judgment no later than October 10, 2023." (*Id*. at ¶F).

4.      On July 13, 2022, Defendants provided their Initial Rule 26(a) Disclosures, document production and privilege log to the Plaintiffs. (*See*, Defendants' September 8, 2023 Status Report at Doc No.: 33).

5.      On February 7, 2023, Defendants propounded Interrogatories and Requests for Production on the Plaintiffs. (*Id*.).

6.      On March 8, 2023, Plaintiffs responded to Defendants' Interrogatories and Requests for Production, including the production of documents. (*Id*.).

7.      After March 8, 2023, Defendants heard nothing substantive from Plaintiffs, including Plaintiffs' non-response to Defendants' request to review the September 8, 2023 Status Report such that it could be a "Joint" Status Report in accordance with this Court's rules. (*See*, *Id*. at ¶10).

8.     On October 10, 2023, consistent with the Scheduling Order, Defendants timely filed a Motion for Summary Judgment. (Docs. 35-36).

9.     It was not until two (2) days after Defendants filed their Motion for Summary Judgment (which argued, in part, that Plaintiffs' failure to designate an expert witness was fatal to their claim) that Plaintiffs communicated substantively with Defendants since March 8, 2023.

10.     **Indeed, on October 12, 2023, Plaintiffs propounded Interrogatories and Requests for Production (hereinafter collectively the "October 12, 2023 Discovery Requests") on the Defendants. The Plaintiffs had never propounded any Interrogatories nor Requests for Production on the Defendants prior to October 12, 2023.** (*See*, Plaintiffs' October 12, 2023, Email attached as **Exhibit A**; Appx. at p. 3).

11.     To this day, Plaintiffs have never requested that this Court modify or extend any of the deadlines in the Scheduling Order.

12.     Therefore, the October 12, 2023 Discovery Requests were propounded over one (1) month *after* the time to complete discovery had passed. (*See*, Doc. No.: 18 at ¶E).

## ARGUMENT

13.     There can be no dispute that this Court's June 2, 2022 Scheduling Order is a binding Court Order, entered pursuant to Fed. R. Civ. P. 16(b), 26(f) and this Court's inherent authority. (Doc. No.: 18 at pp. 1, 3).

14.     This Court's Scheduling Order "controls the course of action unless the court modifies it." Fed. R. Civ. P. 16(d).

15.     A district court has broad discretion in enforcing scheduling order deadlines. *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020).

16.     A Court may, on motion or on its own, issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: … (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

17.     Fed. R. Civ. P. 37(b)(2)(A)(iii), (v) and (vi) permits the Court to strike pleadings in whole or in part, dismiss the action in whole or in part or render a default judgment against the disobedient party, respectively.

18.     Further, this Court may, for good cause, issue a protective order to "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," or to "forbid[] the disclosure or discovery." Fed R. Civ. P. 26(C)(1); (C)(1)(A).

> *REQUEST FOR RELIEF: STRIKING THE OCTOBER 12, 2023 DISCOVERY REQUESTS AND BARRING PLAINTIFFS FROM ISSUING OR DISCLOSING ANY FURTHER DISCOVERY MATERIALS PURSUANT TO RULE 37*

19.     In light of the above and those matters set forth below, Defendants respectfully request that this Court bar Plaintiffs from issuing or disclosing any further discovery materials as a sanction pursuant to Rules 37(b)(2)(A)(ii)-(vii).

20.     Indeed, Plaintiffs' issuance of the October 12, 2023 Discovery Requests plainly violated the Scheduling Order. This, along with the following facts, make it appropriate for this Court to enter an Order pursuant to Rule 37 barring Plaintiffs from issuing or disclosing any further discovery materials:

   a.   Plaintiffs have known of the Scheduling Order since at least June 2, 2022;

   b.   Plaintiffs received and answered Defendants' timely-issued discovery requests;

   c.   Plaintiffs have never requested any modification of the Scheduling Order;

d. Plaintiffs curiously issued the October 12, 2023 Discovery Requests only **two days after** Defendants filed a Motion for Summary Judgment that argued, in part, that Plaintiffs' failure to designate expert(s) was fatal to their case;

e. Pursuant to Local Rule 7.1(e), Plaintiffs have twenty-one (21) days from October 10, 2023 (until October 31, 2023) to respond to Defendants' Motion for Summary Judgment.

f. The Federal Rules of Civil Procedure allow parties 30 days to respond to interrogatories and requests for production. Fed R. Civ. P. 33(b)(3), 34(b).

g. Yet, in an email dated October 13, 2023, Plaintiffs demand that Defendants respond to them **in fourteen (14) days**. (*See*, Ex. B; Appx. at p. 4).

h. Not only does Plaintiffs' request in this regard violate the Federal Rules, it suggests bad faith in that Plaintiffs are requesting Defendants' responses *before* Plaintiffs have to respond to Defendants' Motion for Summary Judgment.[1]

i. Defendants have timely filed a Motion for Summary Judgment that could dispose of the entire case, and Plaintiffs' failure to conduct discovery to gather material to potentially rebut Defendants' Motion for Summary Judgment has long passed. It would prejudice Defendants if Plaintiffs were now – after the Motion for Summary Judgment was filed – allowed to conduct discovery.

j. Plaintiffs have been dilatory and often non-responsive throughout the case, until they were served with a dispositive motion. Allowing the October 12, 2023 Discovery Requests and/or any further discovery disclosed or issued by Plaintiffs

---

[1] Defendants note that Plaintiffs have already responded to Defendants' Motion for Summary Judgment, but – nonetheless – their request that Defendants respond to the October 12, 2023 Discovery Requests in fourteen (14) days is improper.

would, therefore, reward their dilatory conduct and punish Defendants' compliance with this Court's order.

k. The Parties have an April 8, 2024 trial date, and if Plaintiffs were permitted to issue or disclose any further discovery, it would prejudice Defendants in that they would have an extremely-limited time-period to take the necessary steps related to that discovery.

l. Plaintiffs have demonstrated a complete disregard for this Court's orders and the Federal Rules to the detriment of Defendants' ability to defend themselves.

21. Therefore, Defendants respectfully request that this Court bar Plaintiffs from issuing or disclosing any further discovery materials as a sanction pursuant to Rules 37(b)(2)(A)(ii)-(vii).

22. Alternatively, Defendants respectfully request that this Court enter "any just order" – in this case, striking the October 12, 2023 Discovery Requests and barring Plaintiffs from issuing or disclosing any further discovery materials – pursuant to Rule 16(f). *See*, Fed R. Civ. P. 16(f)(1)(C). *See also, Fujita v. United States*, 416 Fed. Appx. 400, 402 (5th Cir. 2011) (affirming grant of summary judgment in defendants' favor after defendants moved for summary judgment for plaintiff's failure to disclose an expert and plaintiff, *inter alia*, "let that deadline [the deadline to disclose an expert] pass without explaining his failure to do so.").

### ALTERNATIVE REQUEST FOR PROTECTIVE ORDER MANDATING NO FURTHER DISCOVERY

23. Defendants incorporate and re-state by reference Paragraphs 1 through 22 above.

24. In the alternative to the above, Defendants respectfully request that this Court enter a protective order: (1) striking the October 12, 2023 Discovery Requests; and (2) barring Plaintiff from issuing or disclosing any further discovery materials.

25.     The party seeking a protective order generally bears the burden of establishing good cause. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998). Good cause to modify a scheduling order is said to exist only where the schedule cannot reasonably be met despite the diligence of the party seeking the extension. *Borden v. United States*, 537 F. App'x 570, 575 (5th Cir. 2013).

26.     Here, good cause exists for this Court to enter a protective order: (1) striking the October 12, 2023 Discovery Requests; and (2) barring Plaintiff from issuing or disclosing any further discovery materials. Defendants cannot reasonably meet the Scheduling Order's September 8, 2023, discovery deadline because Plaintiffs issued the October 12, 2023 Discovery Requests *after* that deadline had passed.

27.     Courts have found good cause for protective orders forbidding the untimely discovery from being conducted even where the discovery requests were issued nine days *before* the scheduling order's discovery closure deadline. *See, Skyport Global Communs., Inc.*, 408 B.R. 687, 691 (Bankr. S.D. Tex. 2009); *see also, In re Dernick*, 2019 Bankr. LEXIS 2829 (Bankr. S.D. Tex. Sep. 10, 2019) (holding debtors entitled to protective order against adversary's late-issued discovery because it failed to adhere to the scheduling order).

28.     Moreover, good cause for entry of a protective order (1) striking the October 12, 2023 Discovery Requests; and (2) barring Plaintiff from issuing or disclosing any further discovery materials exists for the reasons stated above and incorporated herein by reference; specifically, those reasons set forth in ¶20(a)-(l) above.

29.     Therefore, in the alternative to their prior requests for relief, Defendants respectfully request this Court enter a protective order under Rule 26: (1) striking the October 12,

2023 Discovery Requests; and (2) barring Plaintiff from issuing or disclosing any further discovery materials.

WHEREFORE, Defendants, BERRY APPLEMAN & LEIDEN LLP and CLAUDIA VILLASEÑOR SANCHEZ, respectfully request this Court enter an ORDER: (1) striking the October 12, 2023 Discovery Requests and barring Plaintiffs from issuing or disclosing any further discovery materials pursuant to Rules 37(b)(2)(A)(ii)-(vii); alternatively, (2) entering a PROTECTIVE ORDER striking the October 12, 2023 Discovery Requests and barring Plaintiffs from issuing or disclosing any further discovery materials pursuant to Fed. R. Civ. P. 26; and/or for any and all other relief this Court deems just and appropriate.

Respectfully submitted,

*/s/ Susan Abbott Schwartz*
**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 1st day of November, 2023 via the e-filing system.

*/s/ Susan Abbott Schwartz*
Susan Abbott Schwartz

*DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF RELATED TO PLAINTIFFS' 10/12/23 DISCOVERY REQUESTS*                                                                 8

288405382v.1