**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HUA HOU and LUQIN SUN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: 3:21-cv-2958-D |
| vs. | ) | |
| | ) | |
| BERRY APPLEMAN & LEIDEN LLP and | ) | |
| CLAUDIA VILLASEÑOR-SANCHEZ | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

---

**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

289132802v.1

## TABLE OF CONTENTS

I.    **INTRODUCTION** ...................................................................................................... 4

II.   **ARGUMENT** .......................................................................................................... 4

I.    **The "Common Knowledge" Exception Does Not Apply**......................................... 4

    1.   Plaintiffs Have Waived Their "Common Knowledge" Exception Argument. ................ 4

    2.   Plaintiffs Ignore Material Facts in Arguing for the Common Knowledge Exception. .... 5

    3.   Plaintiffs Need Expert Testimony to Carry their Burden as to Proximate Cause. ........... 7

    4.   Plaintiffs' Authority is Inapplicable. .................................................................. 10

    5.   Plaintiffs' Criticism of the Motion's Authority is Unavailing. ..................................... 11

II.   **Plaintiffs Present No Evidence that they Actually Accrued Unlawful Presence**........ 12

III.  **Plaintiffs Fail to Rebut Defendants' Argument that Their Duties Ceased Prior to the Alleged Malpractice**............................................................................................ 13

## TABLE OF AUTHORITIES

*Alexander v. Turtur & Assocs.*, 146 S.W.3d 113 (Tex. 2004) .............................................. 7, 9, 11

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ............................................................ 5

*Bagan v. Hays*, 2010 Tex. App. LEXIS 6530 (Tex. App. – Austin 2010, no pet.) ....................... 7

*Bruni v. Tatsumi*, 46 Ohio St. 2d 127 (1976)............................................................... 10

*Cantu v. Horany*, 195 S.W.3d 867 (Tex. App.-Dallas 2006, no pet.)......................................... 11

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir. 2011) ............................................. 5

*Castro-O'Ryan v. INS*, 847 F.2d 1307 (9th Cir. 1988) .................................................... 9

*Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295 (5th Cir. 1997)...................................... 12, 13

*Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex. 1989).......................................................... 7

*Davis v. District of Columbia*, 503 F. Supp. 2d 104 (D.D.C. 2007)....................................... 5

*Ersek v. Davis & Davis*, 69 S.W.3d 268 (Tex. App.-Austin 2002, pet. denied).......................... 12

*Guilford Coll. v. Wolf,* 1:18CV891 (M.D. N.C. Feb. 06, 2020) ....................................... 9

*Haynes & Boone*, 896 S.W.2d 179 (Tex. 1995) ...................................................... 7, 10

*Hubach v. Cole*, 133 Ohio St. 137 (1938)................................................................ 10

*James v. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90 (4th Ct. App. 2002, reh'g denied) ........ 4

*Kiger v. Balestri*, 376 S.W.3d 287 (Tex. App.—Dallas 2012, pet. denied) ............................... 13

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572 (Tex. 2006)................................................ 10

*Morgan v. Sheppard*, 91 Ohio L. Abs. 579 (Ohio App., 8th Dist. 1963) ............................... 10, 11

*Rogers v. Zanetti*, 518 S.W.3d 394 (Tex. 2017) ......................................................... 8

*Saldana-Fountain v. Chavez Law Firm*, 450 S.W.3d 913 (Tex. App—El Paso, no pet.) .............. 9

*U.S. v. Atandi,* 228 F.Supp. 2d 1285 (D. Utah 2002) .................................................... 9

### Rules

N.D. Tex. Local Rule 7.1(d) ............................................................................ 3

### Statutes/Regulations

Section 212(a)(9)(B)(ii) ................................................................................ 7

Defendants, **BERRY APPLEMAN & LEIDEN LLP** and **CLAUDIA VILLASEÑOR SANCHEZ** (collectively, "Defendants"), for their reply in support of their Motion for Summary Judgment ("Motion"), state as follows:

## I.       INTRODUCTION

Plainly, the common knowledge exception to the requirement that a legal malpractice plaintiff offer expert testimony on the elements breach and proximate cause does not apply here. This is not the easy case where, *e.g.*, the lawyers failed to file a claim within the applicable statute of limitations. The allegations here involve considerations of the scope of an attorney's duty, as well as the interpretation and application of the United States' labyrinthine immigration laws in a joint representation context involving a U.S. petitioning employer whose offer of employment– later rescinded due to adverse business conditions–created the conditions in which Plaintiff was caught. A lay juror cannot reasonably be expected to make determinations about the propriety and effect of that representation without the assistance of expert testimony. Thus, Defendants' Motion should be granted.

## II.       ARGUMENT

### I.       The "Common Knowledge" Exception Does Not Apply.

#### 1. *PLAINTIFFS HAVE WAIVED THEIR "COMMON KNOWLEDGE" EXCEPTION ARGUMENT.*

Plaintiffs offer no authority wherein the "common knowledge" exception to the requirement that expert testimony be presented in support of breach and proximate cause in a legal malpractice case applies outside of the context of a missed statute of limitations. *See*, *James v. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (4th Ct. App. 2002, reh'g denied) (collecting cases) ("Expert testimony is not required if the attorney's lack of care and skill is so obvious that

the trier of fact can find negligence as a matter of common knowledge. The most common example…is one in which an attorney allows the statute of limitations to run on a client's claim").

Here, Plaintiffs' claim against Defendants is **not** one for missing a statute of limitations. Having failed to identify any authority to support their position that a lay juror can understand, without the assistance of an expert that Defendants' representation of Plaintiffs breached the standard of care and proximately caused their purported damages, Plaintiffs have waived this argument and summary judgment is warranted. *See, Davis v. District of Columbia*, 503 F. Supp. 2d 104, 130 (D.D.C. 2007) (On summary judgment, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived); *see also*, N.D. Tex. Local Rule 7.1(d) ("A response… must be accompanied by a brief that sets forth… law, and argument and authorities."); *see also*, *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

2. *PLAINTIFFS IGNORE MATERIAL FACTS IN ARGUING FOR THE COMMON KNOWLEDGE EXCEPTION.*

Plaintiffs argue "[e]ven a layperson can comprehend that when an attorney receives a crucial document intended for their client, it is their responsibility to relay the information," then, seemingly contradictory, that Defendants were not expected to "manage Plaintiffs' situation comprehensively," but that Plaintiffs "simply anticipated the timely communication of vital information that rightfully belonged to them, specifically the decision notice from USCIS." (Doc. 38 at pp. 4-7).

***First***, as a threshold matter, Plaintiffs do not identify **any** fact to support the above assertions. Conclusory claims and assertions unsupported by specific factual evidence cannot be relied up on as evidence by the nonmoving party at summary judgment. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Plaintiffs' arguments fail on this basis alone.

*Second*, unrebutted facts presented in the Motion establish that expert testimony is needed to establish the standard of care. In other words, the record contradicts Plaintiffs' self-serving theory that a juror only needs to believe that a reasonably prudent attorney would have sent Plaintiffs the USCIS notices, ergo, the Defendants breached the standard of care. Plaintiffs cannot supply the jury with the applicable standard of care and, regardless, there are other critical facts that the jury will need to properly consider their effect on breach and causation. An expert is imperative to provide that guidance.

Specifically, Plaintiffs ignore the unique nature of Defendants' joint representation of Stem and Plaintiffs, as well as that the Plaintiffs were expressly advised **before** the USCIS notices were issued that the Defendants would not be doing any more work for them. (*See*, Doc. 36 at p. 5; citing, Appx. pp. 4-29; 104); (*see also*, *Id*. at Appx. at p. 59)(Plaintiffs informed on April 2, 2019 that all "work by Stem's lawyers (BAL [LLP])" "must [] cease"). Without a foundational job offer, the Plaintiffs knew any reasonably anticipated immigration status was not viable.

These critical, undisputed facts reveal that a lay juror will need expert testimony to determine the applicable standard of care. At trial, the Plaintiffs will need to establish that a reasonably prudent attorney in Defendants' position (*i.e.*, attorneys representing a client's (Stem's) prospective employee (Hou) as beneficiary of the legal services) would have provided the USCIS notices to Plaintiffs *even after being advised by their client that all work related to Plaintiffs "must [] cease*." Unlike a missed statute of limitations situation, a lay juror *cannot* determine whether a reasonably prudent attorney would have tendered the USCIS notices to Plaintiffs *even after* Stem told Defendants and the Plaintiffs a month earlier that Defendants' work for Plaintiffs must cease.

The undisputed facts here present complex legal issues regarding the scope of the Defendants' duty (especially in light of the Plaintiffs-as-beneficiary relationship) and, by

extension, what a reasonably prudent attorney would have done with respect to the USCIS notices. The jury must evaluate Defendants' conduct based on the information that they had at the time of the alleged negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). When the propriety of an attorney's conduct is "much more difficult to assess," than a missed statute of limitations, expert testimony as to the standard of care is required. *See, Bagan v. Hays*, 2010 Tex. App. LEXIS 6530, *11 (Tex. App. – Austin 2010, no pet.) (expert testimony required to opine whether a provision in a decree the attorney drafted met the standard of care). Plaintiffs' failure to disclose an expert is fatal to their case.

3. *PLAINTIFFS NEED EXPERT TESTIMONY TO CARRY THEIR BURDEN AS TO PROXIMATE CAUSE.*

Expert testimony will **also** be needed for Plaintiffs to carry their burden on proximate cause. (*See*, Doc. 36 at pp. 8-12). To prevail on proximate cause, Plaintiffs will have to prove that Defendants: (1) caused Plaintiffs to actually start accruing unlawful presence, as both a matter of law and fact; (2) caused Plaintiffs' immigration status to eventually be such that they had no choice but to return to China; and (3) that but for the Defendants' purported conduct, the Plaintiffs would have actually been permitted to legally remain in the U.S. and thereby realize the benefits of U.S. employment of which Plaintiffs claim they were deprived. *See, Cosgrove*, 774 S.W.2d at 665.

Unlike a missed statute of limitations, Plaintiffs' allegations pose questions whose answers are undoubtedly *not* "so obvious" that a juror would be able to answer them as a matter of common knowledge. Rather, the jurors here will need expert testimony to determine proximate cause. *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 119 (Tex. 2004); citing, *Haynes & Boone*, 896 S.W.2d 179, 181 (Tex. 1995) (holding a juror must have some basis for understanding the causal link between the attorney's negligence and the client's harm, and when the basis for that understanding is outside a juror's common knowledge, expert testimony is required).

While Plaintiffs *allege* that they accrued unlawful presence in the U.S. and were forced to return to China, they have not presented any *evidence* that this is true. In fact, the USCIS notices demonstrate the complex analysis associated with the accrual of unlawful presence under the Act. (Doc No. 37 (Appx.) at p. 72) (emphasis added) ("You **may** remain in your current nonimmigrant status until the expiration date on your Form I-94… if the date listed on your Form I-94 has already passed, this Notice of Decision **may** leave you without lawful immigration status and you **may** be present in the United States [illegally]"). It is clear this advisal is not a formal adjudication of the Plaintiffs' immigration status, but merely a generic statement of the law. Plaintiffs even admit in their answers to Interrogatories that "[w]hen the [a]ttorney on behalf of Amazon tried to file the new H1b petition… he found Hou's immigration status was unclear." (*Id*. at p. 49). Further, the Section 221(g) Processing document from the U.S. Embassy in Beijing *does not* say that Plaintiffs were adjudicated to have accrued 180 days of unlawful presence, thus that document *does not* say that Plaintiffs were barred from re-entry on those grounds. (*Id*. at pp. 107-08).

In other words, the Plaintiffs will need to prove that they did, in fact, accrue 180 days of unlawful presence, which will necessarily require the jurors to determine whether and/or when, pursuant to the statutory definition in the Immigration and Nationality Act and USCIS policy, Plaintiffs began accruing unlawful presence. *See, Rogers v. Zanetti*, 518 S.W.3d 394, 404 (Tex. 2017) (holding that the proximate cause analysis requires "an examination of the hypothetical alternative: What should have happened if the lawyer had not been negligent?"). To make this determination, the Plaintiffs will need to be guided by expert testimony. *Id*. at 405 ("Whether the attorney's alleged negligence caused the plaintiff's alleged damages thus involves matters beyond jurors' common understanding since most jurors are not lawyers"); *see also*, *Alexander*, 146

S.W.3d at 119-20 (holding that expert testimony is needed to tie the specific conduct that is in issue to the client's allegedly-adverse result).

A lay juror cannot be expected to have the common knowledge needed to conduct the complex immigration-law analysis referenced above; therefore, expert testimony as to the element of proximate cause is necessary. *See, e.g., Saldana-Fountain v. Chavez Law Firm*, 450 S.W.3d 913, 918 (Tex. App—El Paso, no pet.) (holding the lack of expert testimony in a legal malpractice case was fatal because at trial "the jury would have had no way of determining whether Appellant's underlying employment discrimination suit was meritorious absent expert testimony, **since federal employment law is not common knowledge among most jurors**.") (emphasis added).

Just as federal employment law is not common knowledge among most jurors, federal immigration law is not common knowledge among most jurors. *See*, *Castro-O'Ryan v. INS*, 847 F.2d 1307, 1312 (9th Cir. 1988) ("With only a small degree of hyperbole, the immigration laws have been termed second only to the Internal Revenue Code in complexity…A lawyer is often the only person who could thread the labyrinth"). Plaintiffs' failure to present any expert testimony or opinions is fatal to their case.[1]

---

[1] The fact of the matter is that noncitizens in student status, like both Plaintiffs here, are not subject to the traditional rules regarding unlawful presence because they are not admitted for a date-certain; rather, they are admitted for an undefined "duration of status" (DS); as such, they do not meet the "unlawful presence" definition in the Act. (*See* Doc. 34-36, pp. 34, 59). That definition, codified at Section 212(a)(9)(B)(ii) states that "an alien is deemed to be unlawfully present in the United States if the alien is present in the United States *after the expiration of the period of stay authorized by the Attorney General* or is present in the United States without being admitted or paroled" (emphasis added). Because the Plaintiffs were both admitted for duration of status (DS or D/S), they do not qualify as being present "after the expiration of the period of stay authorized". *See, e.g., Guilford Coll. v. Wolf,* 1:18CV891, pages 17-18 (M.D. N.C. Feb. 06, 2020) ("[U]nder F, M, and J visas, which are issued for 'duration of status,' there *is no* express expiration date."); *see also U.S. v. Atandi,* 228 F.Supp. 2d 1285, 1288 (D. Utah 2002) ("[F]or nonimmigrants, like a student, with a duration of status ('D/S') on their visa, 'meaning they have no fixed end date on their I-94 card, unlawful presence does not begin to accrue when removal proceedings begin, but rather only when the INS finds a status violation while adjudicating a request for an immigrant benefit or if an immigration judge finds the alien removable.'"). It is therefore the Defendants' position that the Plaintiffs never accrued unlawful presence in the first instance because they have never been found to be in violation of status in a formal adjudication.

Without expert testimony, Plaintiffs will be unable to prove that: (1) they were accruing unlawful presence and deemed unlawfully present; and/or (2) that they could have, in some unknown and unstated way, maintained nonimmigrant status in the absence of a job offer serving as the foundation for that status. The Plaintiffs cannot reasonably contend that a lay juror's common knowledge includes the ability to analyze the "labyrinth" of immigration law at play here; only an expert can supply that knowledge. *See, Haynes*, 896 S.W.2d at 181. Whether expert testimony is required to prove a matter is a question of law. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). Here, since both breach and proximate cause involve matters beyond a juror's common understanding, as a matter of law Plaintiffs need to present expert testimony. Since Plaintiffs have failed to do so, they cannot prevail at trial and summary judgment is proper.

### 4. *PLAINTIFFS' AUTHORITY IS INAPPLICABLE.*

Plaintiffs rely on three *Ohio* cases in support of their position that the common knowledge exception should apply. (Doc. 38 at p. 5; citing, *Hubach v. Cole*, 133 Ohio St. 137 (1938); *Bruni v. Tatsumi*, 46 Ohio St. 2d 127 (1976), abrogated in part at 2013-Ohio-242 (Ohio Ct. App., Franklin County; and *Morgan v. Sheppard*, 91 Ohio L. Abs. 579 (Ohio App., 8th Dist. 1963). Ignoring that these cases are not Texas cases, these cases do not advance Plaintiffs' position.

In *Hubach*, the Ohio Sup. Court reversed a directed verdict for the defendant in a medical malpractice case, the jury should have decided which of the experts' opinions was persuasive, and the decision does not discuss the common knowledge exception. 133 Ohio St. at 143-44.

In *Bruni*, the Ohio Supreme Court reversed the lower courts' judgment for the defendant surgeon, holding that the "standards of the locality" rule should be eschewed, that the community of neurosurgeons controlled the standard of care, and because the plaintiff presented evidence of breach in that regard, the verdict should have been left for the jury. 46 Ohio St. at 134-37. The

*Bruni* Court only briefly mentioned the common knowledge concept, and held that assessing the competency of the neurosurgery performed was *not* something a juror might reasonably be able to perform absent expert testimony. *Id.* at 130. In this regard *Bruni* supports Defendants' position; the facts here present questions of an attorney's interpretation of the scope of their duties and the interpretation and application of this Country's immigration laws. Like neurosurgery, a juror's common knowledge does not include knowledge of attorneys' duties and immigration law.

In *Morgan*, a jury's verdict for the plaintiff in a medical malpractice and wrongful death case was affirmed. 91 Ohio L. Abs. at **27-28. Nowhere in this decision is the "common knowledge" exception discussed and, thus, it is wholly inapplicable.

5. *PLAINTIFFS' CRITICISM OF THE MOTION'S AUTHORITY IS UNAVAILING.*

The Response criticizes the Motion's authority, arguing "these cases are all related to medical injury even though they look like legal malpractice." (Doc. 38 at p. 3). As to *Alexander*, Plaintiffs' critique is simply false; that was a legal malpractice case where the plaintiffs alleged that their attorneys in an underlying trial in an bankruptcy adversary case were negligent in litigating that case. 146 S.W. at 116-17. The Texas Supreme Court reversed the lower courts' finding, and held that expert testimony was needed because a juror does not have the common knowledge needed to assess litigation strategy. *Id.* at 120. Unambiguously, *Alexander* supports Defendants' position.

In *Cantu*, Texas' Fifth Court of Appeals upheld the grant of summary judgment in favor of the defendant-attorneys in a legal malpractice action because the plaintiff did not have a medical expert, without which the jury could not decide whether the underlying claims that were allegedly forfeited as a result of the malpractice had any merit. 195 S.W.3d at 874. Likewise, Plaintiffs offer *no* expert testimony on the issue of proximate cause and, thus, summary judgment is proper.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT                                    11

289132802v.1

In *Ersek v. Davis & Davis*, where the plaintiff failed to timely disclose an expert in his case against his former attorneys, the grant of summary judgment in favor of the attorneys was affirmed. *See*, 69 S.W.3d at 270, 275. The Court rejected the contention that the claims did not require expert testimony. *Id*. at 274. Defendants likewise urge this Court to reject Plaintiffs' identical contention.

## II.    <u>Plaintiffs Present No Evidence that they Actually Accrued Unlawful Presence.</u>

The Response fails to identify any evidence that Plaintiffs did, in fact, accrue 180 days of unlawful presence. Instead, the Plaintiffs refer to the May 2, 2019 USCIS notices, and merely **conclude** that those notices evidence that "the expiration of Plaintiffs valid visa[2] status occurred on May 2nd, 2019." (Doc. 38 at p. 6). However, the notices provide no such evidence; they merely state that "*if* the date listed on your Form I-94 has already passed, this Notice of Decision *may* leave you without lawful immigration status…" (*See*, Doc. 37 at Appx. p. 71) (emphasis added). Thus, USCIS notices do *not* prove that the Plaintiffs were actually accruing unlawful presence, and the Plaintiffs do not provide any other *evidence* that they accrued unlawful presence.

"Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). Since this is all Plaintiffs offer, summary judgment is proper.

As to the argument that Plaintiffs knew the Petitions depended on the job offer, the Response is again deficient. Plaintiffs fail to support their factual assertions with evidence. (*See,*

---

[2] Further evidencing the need for expert testimony, the Plaintiffs refer to the expiration of their "visa status"; but it is axiomatic in immigration law that visas have no bearing on a noncitizen's immigration status inside the U.S.; it is instead the indications on the Form I-94. *See, e.g., How do I extend my nonimmigrant stay in the United States?,* C1en.pdf (uscis.gov) ("The admissions stamp in your travel document or the I-94/I-94W shows your nonimmigrant status and the length of time you can legally remain in the United States. Note that the admissions stamp in your travel document or the I-94/I-94W shows how long you are permitted to remain in the United States, but your nonimmigrant visa (if a visa was issued) does not. A visa only shows when and how many times you may seek admission to the United States from abroad based on the classification noted on your visa.").

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT                 12

Doc. 37 at p. 7). Without any evidence to support these assertions, the Response fails to defeat the Motion's arguments in this regard and the Motion should be granted. *See, Clark*, 110 F.3d at 297.

Regardless, Plaintiffs do not deny that they understood that the Petitions' success were dependent on the job offer being valid, nor do they dispute that they were informed that the job offer was rescinded by April 2, 2019. Therefore, by April 2, 2019, Plaintiffs knew that they were at risk of losing their desired immigration status, and nothing the Defendants did or failed to do after that point could have changed that reality. Thus, summary judgment is appropriate.

### III. Plaintiffs Fail to Rebut Defendants' Argument that Their Duties Ceased Prior to the Alleged Malpractice.

The Response asserts that the Motion's argument that the Defendants' duties ceased on April 2, 2019 misconstrues the purpose of Defendants' employment, and claims – **without citation to any evidence** – that Defendants' conduct "signif[ied] a more involved responsibility…" (Doc. 38 at p. 8). Again, unsupported and conclusory assertions cannot defeat summary judgment.

Regardless, even though an attorney-client agreement may "sometimes be implied from the parties' conduct," there nevertheless "must be evidence that both parties intended to create an attorney-client relationship...," and "[o]ne party's subjective belief is insufficient to raise a question of fact to defeat summary judgment**.**" *Kiger v. Balestri*, 376 S.W.3d 287, 291-92 (Tex. App.—Dallas 2012, pet. denied). Indeed, Plaintiffs only provide *their unsupported and subjective belief* that both Plaintiffs and Defendants intended to create an attorney-client relationship that extended past April 2, 2019. Therefore, summary judgment on this issue is proper.

WHEREFORE, Defendants, BERRY APPLEMAN & LEIDEN LLP and CLAUDIA VILLASEÑOR SANCHEZ respectfully request this Court enter an ORDER: (1) granting Defendants' Motion for Summary Judgment pursuant to Fed. R. of Civ. Pro. 56, (2) dismissing Plaintiffs' Complaint, with prejudice; and (3) for any other relief this Court deems just.

Respectfully submitted,

_/s/ Susan Abbott Schwartz_

**Susan Abbott Schwartz**
State Bar No. 00797900
Susan.Schwartz@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 6th day of November, 2023 via the e-filing system.


  */s/ Susan Abbott Schwartz*
Susan Abbott Schwartz