**HUA HOU**
**LUQIN SUN**
18-604  Wei Chen Yue Cheng
Lin'an, Hangzhou, Zhejiang, China
Telephone: +001 5102055984
Email: hhou2011@outlook.com

**IN THE DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS**
**IN AND FOR THE COUNTY OF DALLAS**

| | |
|---|---|
| HUA HOU | Case No.:  3:21-cv-02958-D |
| LUQIN SUN | |
| Plaintiff, | PLEADING TITLE |
| vs. | |
| BERRY APPLEMAN & LEIDEN LLP | |
| CLAUDIA VILLASEÑOR-SANCHEZ | |
| Defendant | |

**PLAINTIFFS' MEMORANDUM IN DISMISSAL OF DEFENDANT'S MOTION TO STRIKE**

**PLAINTIFFS's DISCOVERY REQUEST**

Plaintiffs, Hou and Sun submit the Memorandum in support of their dismissal of defendant's motion to strike plaintiff's discovery request, hereby state as follows:

**INTRODUCTION AND SUMMARY**

1.      On November 24, 2021, Plaintiffs' filed this legal malpractice lawsuit seeking to recover damages arising out of the Defendants' provision of immigration services. (*See*, Doc. 3, Plaintiff's Complaint for Legal Malpractice;).

2.      On June 2, 2022, this Court set a scheduling order based on the proposed trail setting date January 8 2024. (Doc. 18)

3.      On Nov 23, 2022, this Count set a trial setting order to set the trail setting date as April 8 2024 (Doc. 31).

4.      On February 7, 2023, Defendants propounded Interrogatories and Requests for

Production on the Plaintiffs.

5.    On March 8, 2023, Plaintiffs responded to Defendants' Interrogatories and Requests for Production, including the production of documents. (Email attached as Exhibit 1; Appx. at p. 3; Exhibit 2, Appx. At p.4)

6.    On the September 8, 2023, Defendants filed a Status Report which content was not consistent with the response made by Plaintiffs on discovery document. (No.4 of Doc. 33)

7.    On September 13, 2023, Plaintiffs filed the joint submission on Discovery matter. (Docs. 34).

8.    On October 10, 2023, Defendants filed the motion for summary Judgement. (Doc. 35)

9.    On October 12, 2023, Plaintiffs propounded Interrogatories and Requests for Production on the Defendants.

10.    On October 22, 2023, Plaintiffs filed the response to Motion for summary judgement. (Doc. 38)

11.    On Nov 2, 2023, Defendants filed their Motion to strike Discovery Request on them

## ARGUMENT

12.    The Plaintiffs promptly responded to the Defendants' discovery request in March 8 2023, as evidenced by the attached email record (Email attached as Exhibit 1; Appx. at p. 3, Exhibit 2; Appx. at p5). However, in the Defendant's drafted Joint status report on September 8 2023, they falsely denied receiving the response from the Plaintiffs. This displays bad faith on the part of the Defendant.

13.    On September 8, 2023, which marked the deadline for submitting the joint status (something the Plaintiff overlooked as a layperson), the Defendants sent a letter requesting the

Plaintiff's signature on the joint status report. In that letter, they falsely claimed not to have received any response to their written discovery, despite the Plaintiffs having already responded on March 8, 2023. Interestingly, the Defendants themselves acknowledged this fact in their Memorandum supporting the strike against the Plaintiff's discovery request (No. 6, Introduction and Summary section, Doc. 40).

14.     On October 13, 2023, the Plaintiffs formally requested that the Defendants respond within 14 days. Despite being a layperson, the Plaintiff requested that the Defendants adhere to the same timeframe for responding to the discovery request, mirroring the deadline set by the Defendants in their September 8, 2023, letter. This earlier correspondence from the Defendants specifically asked the Plaintiffs to respond to the written discovery within a 14-day period, as documented in the appendix (Email attached as Exhibit 3; Appx. at p. 6).

15.     It seems the Defendants initially set a 14-day response period and were content with it. However, when the Plaintiffs followed suit by requesting a similar timeframe, the Defendants created a significant uproar, seeking a protective order and generally trying to establish the need for a valid reason. This exaggerated response implies their reluctance to provide further evidence or details about their actions, suggesting a possible fear or apprehension about additional inquiries into their conduct.

16.     Based on the Court's June 2, 2022 Scheduling Order, the disclosure date for discovery is typically aligned with the proposed trial setting date of January 8, 2024. According to this order, discovery should ideally conclude 120 days before the trial setting date. If the trial setting was indeed set for January 8, 2024, then the deadline for completing discovery would be September 8, 2023. However, it's worth noting that on November 23, the Court issued a trial setting order to formally schedule the trial for April 8, 2023. Despite this change, the Plaintiffs' request for discovery on October 12, 2023, still falls within the 120-day window for completing discovery, as outlined by the initial scheduling order based on the January 8, 2024 trial date.

17.     The Defendants have consistently been unresponsive throughout this case. In their initial request for discovery to the Plaintiff, there were significant errors regarding key dates and facts. (Email attached as Exhibit 1; Appx. at p. 3) When the Plaintiffs asked the Defendants to rectify these errors, there was no response from them until September 8, 2023. It seems the Defendants, leveraging their status as professional attorneys, took advantage of the Plaintiff's layperson status, ignoring the deadline for the joint draft without providing any indication that it was the final day.

Despite the Plaintiffs having responded to the discovery documents on March 8, 2023—a fact admitted by the Defendants in their motion to strike—the Defendants denied receiving these responses. This indicates bad faith on their part, showing inconsistency in their handling of crucial material and conflicting statements on the same facts. This pattern of using incorrect dates or data against the Plaintiffs has recurred in previous motions or replies, suggesting a deliberate strategy rather than mere oversight.

18.     As individuals navigating this legal process for the first time, Plaintiffs have made earnest efforts to comprehend the procedures and adhere to the court's rules. The primary aim is to seek justice in this matter. Given the complexities involved, the plaintiffs did not ignore the important dates on purpose, but without enough knowledge to comprehend all rules. The plaintiffs wish to engage a lawyer's services if their financial means allow. The plea is for an opportunity to ensure fairness in this case, irrespective of the ability to afford legal representation.

19.     The Defendant attempted to evade responsibility for exchanging discovery documents by filing a motion to strike the request. It's evident that the requested discovery documents could unveil further details about their potential malpractice activities.

WHEREFORE, Plaintiffs Hou and Sun respectfully request this court enter an ORDER: Dismiss the motion to (1) striking the October 12, 2023 Discovery Requests and barring Plaintiffs from issuing or disclosing any further discovery materials pursuant to Rules 37(b)(2)(A)(ii)-(vii); (2) entering a PROTECTIVE ORDER striking the October 12, 2023 Discovery Requests and barring Plaintiffs from issuing or disclosing any further discovery materials pursuant

.

          Respectfully submitted,


HUA HOU and LUQIN SUN
18-604 Wei Chen Yue Cheng
Lin'an District, Hangzhou
Zhejiang Province, China

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Defendants via electronic service in accordance with the Federal Rules of Civil Procedure, on this the 15th day of November, 2023 via the e-filing system.

> HUA HOU AND LUQIN SUN
> 18-604 Wei ChenYue Cheng
> Lin'An District, Hangzhou
> Zhejiang Province, China