IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUA HOU and LUQIN SUN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:21-CV-2958-D |
| VS. | § | |
| | § | |
| BERRY APPLEMAN & LEIDEN | § | |
| LLP and CLAUDIA | § | |
| VILLASEÑOR-SANCHEZ, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiffs Hua Hou ("Hou") and Luqin Sun ("Sun"), a married couple, bring

this action for legal malpractice against defendants Berry Appleman & Leiden LLP and

Claudia Villaseñor-Sanchez, Esquire ("Villaseñor") (collectively, "BAL," unless the context

indicates otherwise). BAL moves for summary judgment, presenting the question whether

a reasonable jury could find that BAL owed plaintiffs a duty at the time of the alleged acts

of malpractice.[1] Concluding that a reasonable jury could not make this finding, and for the

reasons explained, the court grants BAL's motion and dismisses this lawsuit with prejudice.

---

[1]Also pending is BAL's November 1, 2023 motion to strike plaintiffs' October 12, 2023 discovery requests and bar plaintiffs from issuing or disclosing any further discovery pursuant to Rule 37; or, alternatively, to enter a protective order under Rule 26 striking plaintiffs' October 12, 2023 discovery requests and barring plaintiffs from issuing or disclosing any further discovery. Because the court is granting BAL's motion for summary judgment, the court denies without prejudice as moot BAL's November 1, 2023 motion to strike or for protective order.

I

The court assumes the parties' familiarity with its decisions in *Hou v. Berry Appleman & Leiden LLP (Hou II)*, 2022 WL 4450286 (N.D. Tex. Sept. 23, 2022) (Fitzwater, J.) and *Hou v. Berry Appleman & Leiden LLP*, 2022 WL 2276903 (N.D. Tex. June 23, 2022) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand this decision.

In *Hou II* the court granted BAL's motion to dismiss the common law negligence claim asserted in plaintiffs' second amended complaint. Consequently, the only remaining cause of action is plaintiffs' legal malpractice claim. BAL moves for summary judgment on this claim. Plaintiffs oppose the motion, which the court is deciding on the briefs, without oral argument.

II

BAL moves for summary judgment on a claim for which plaintiffs will bear the burden of proof at trial.

When a party moves for summary judgment on a claim on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovants must go beyond their pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence

is such that a reasonable jury could return a verdict in the nonmovants' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The nonmovants must support their assertion that there is a genuine issue by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). Rule 56 "saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569, at *2 n.3 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (quoting *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)), *aff'd sub nom. Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012); *Evanston Ins. Co. v. Consol. Salvage, Inc.*, 2018 WL 5980496, at *2 (N.D. Tex. Nov. 14, 2018) (Fitzwater, J.). "The court is not obligated to consider evidence that the nonmovant fails to cite when opposing the summary judgment motion." *Evanston Ins. Co.*, 2018 WL 5980496, at *2 (citing Rule 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.")). The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1076 (emphasis removed).

The nonmovants' failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, LLC v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovants fail to meet this burden. *Little*, 37 F.3d at 1076.

- 3 -

III

A

"Attorneys owe their clients the duty to act with ordinary care—i.e., in a manner consistent with the standard of care that would be expected to be exercised by a reasonably prudent attorney." *Beck v. L. Offs. of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426 (Tex. App. 2009, no pet.).  Complaints that an attorney failed to meet this duty of care sound in negligence. *See, e.g.*, *id.* at 426; *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989); *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923-24 (Tex. App. 2002, pet. denied).  In Texas, to establish a claim for legal malpractice (i.e., professional negligence), a client-plaintiff must demonstrate that "(1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client." *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017).  A claim based on an attorney's "failure to properly advise, inform, and communicate with" a client about his case is a legal malpractice claim. *Murphy v. Gruber*, 241 S.W.3d 689, 698 (Tex. App. 2007, pet. denied).

Plaintiffs allege that BAL's failure to inform them of its withdrawal of Hou's H-1B application and of U.S. Citizenship and Immigration Services's ("USCIS's") decisions pursuant to that withdrawal amount to legal malpractice.  BAL counters that plaintiffs (1) have insufficient evidence to establish the duty and causation elements of this claim, or, in the alternative, (2) cannot carry their burden of proof even if they are able to present some evidence of duty and causation, because they have not designated an expert witness to testify

- 4 -

as to those elements.

B

BAL first asserts that plaintiffs have not proffered evidence that raises a genuine issue concerning the duty and causation elements of their claim.[2]

1

An attorney has a professional duty to someone only if the two have a professional relationship arising out of a contract, express or implied, that the attorney will represent that individual. *See, e.g.*, *Dickey v. Jansen*, 731 S.W.2d 581, 582 (Tex. App. 1987, writ ref'd n.r.e.); *Kiger v. Balestri*, 376 S.W.3d 287, 291 (Tex. App. 2012, pet. denied). "To determine if there was an agreement or meeting of the minds, one must use objective standards of what the parties said and did and not look to their subjective states of mind." *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 405 (Tex. App. 1997, writ dism'd by agr.); *see Kiger*, S.W.3d at 291. When, as here, an attorney facilitates the filing of visa-related paperwork for an alien employee sponsored by an employer, the attorney is usually understood to have an attorney-client relationship with both the employee and the employer, regardless which one pays for the representation. *See* AUSTIN T. FRAGOMEN, JR. *ET AL.*, H-1B HANDBOOK § 1:51 (2022 ed.); 1 IMMIGR. L. & PROC.: PRACTICE & STRATEGY § 1.07[3] at Prac. 1-21 (Gittel Gordon & Charles Gordon, eds., rev. ed. 1990). The signing by the alien beneficiary of a Form G-28

---

[2]Because the court agrees with BAL that plaintiffs have not introduced sufficient evidence concerning the duty element of their claim, it does not reach defendants' arguments about causation and expert testimony.

- 5 -

can further "tend to prove that a client-lawyer relationship did exist, at least at one point in time for a particular purpose." Bruce A. Hake, *G-28 Notices of Appearance and the Client-Lawyer Relationship*, 72 No. 22 INTERPRETER RELEASES 757 (1995).

Plaintiffs have introduced and cited evidence that would enable a reasonable jury to find that, at least at one point in time, BAL had attorney-client relationships with both Hou and Sun, individually. In their answers to BAL's interrogatories, plaintiffs maintain that Sun signed a Form G-28, submitted to USCIS, identifying BAL as her legal counsel for her status adjustment application. Plaintiffs also reference documents in the record indicating that BAL and Hou could have had an attorney-client relationship. In one email, in particular, BAL provided Hou legal advice about how to respond to a Request for Evidence ("RFE") and worked with him to collect documentation for the RFE. Plaintiffs have therefore designated sufficient specific facts to enable a reasonable jury to find in their favor on the question whether Hou and Sun had individual attorney-client relationships with BAL at some point in time.

2

BAL argues in the alternative that, even if it is assumed *arguendo* that BAL had an attorney-client relationship with one or both plaintiffs, that relationship ended before BAL committed an act of alleged malpractice. BAL has pointed to evidence that any attorney-client relationship with plaintiffs ceased no later than April 2, 2019, and that plaintiffs are relying on allegedly negligent conduct that occurred after that date: BAL's failure to transmit the May 2, 2019 USCIS documents. BAL therefore contends that plaintiffs cannot establish

that BAL owed them a duty at the time of the alleged malpractice.  It also maintains that a legal injury could not have occurred after the attorney-client relationship ended because an attorney has no duty after that point.

Once an attorney-client relationship terminates, the attorney no longer has a duty to the client.  *See Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 89 (Tex. App. 2013, no pet.).  When the moment of termination is unclear, the attorney-client relationship is generally said to have terminated "once the purpose of the employment is completed, absent a contrary agreement."  *Simpson v. James*, 903 F.2d 372, 376 (5th Cir. 1990); *see Sealed Party v. Sealed Party*, 2006 WL 1207732, at *6 (S.D. Tex. May 4, 2006).  "Court[s] look[] to the actions of the parties as a manifestation of their intent concerning the purpose of their attorney-client relationship."  *Gen. Elec. Co. v. Mitsubishi Heavy Indus., Ltd.*, 2011 WL 13201855, at *7 (N.D. Tex. Sept. 12, 2011) (Furgeson, J.).

Plaintiffs have failed to present evidence that is sufficient to raise a genuine issue of material fact concerning whether BAL still owed a duty to them at the time of the acts of alleged malpractice.  Although plaintiffs assert in their response brief that the attorney-client relationship was not terminated until November 26, 2019, when BAL delivered the USCIS's decision to plaintiffs, they point to no supporting evidence for this assertion in the summary judgment record.  This is their obligation.  *See supra* § II.  The record contains one email from Villaseñor to Hou in which she responds to a communication from Hou with the following: "Hi Hua, Thanks for reaching out.  It's good to hear from you!  Per Stem instructions, we responded to the RFE with a withdrawal.  Since Stem's offer of employment

wasn't still valid, that was appropriate in compliance with the regulations.  Please let me know if you have additional questions."  ECF No. 34-27.  But while this email is dated November 26, 2019, it does not indicate when the withdrawal occurred.  Nor would the content of this email alone enable a reasonable jury to find that BAL was acting on plaintiffs' behalf rather than Stem's when it submitted the withdrawal.

Plaintiffs have failed to cite sufficient evidence in the summary judgment record for a reasonable jury to find that BAL owed a duty to them at the time of the alleged legal malpractice and of the alleged injury.  BAL is therefore entitled to summary judgment dismissing plaintiffs' remaining legal malpractice claim.

*   *   *

For the reasons explained, the court grants BAL's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

November 28, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE